# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TEMUJIN KENSU, INDIVIDUALLY, AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

       *Plaintiff*,

    v.

JPAY INC.

     *Defendant*.

Case No. 2:18-cv-11086-SFC-PTM

Hon. Sean F. Cox
Mag. Judge Patricia T. Morris

---

EXCOLO LAW PLLC
Keith L. Altman (P81702)
Solomon M. Radner (P73653)
Ari Kresch (P29593)
26700 Lahser Road, Suite 401
Southfield, MI 48033
516-456-5885
kaltman@lawampmmt.com

*Attorneys for Plaintiff*

MORGAN, LEWIS & BOCKIUS LLP
Elizabeth Herrington (IL#6244547)
Zachary R. Lazar (IL#6325727)
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
312-324-1000
beth.herrington@morganlewis.com

HICKEY HAUCK BISHOFF & JEFFERS PLLC
Benjamin W. Jeffers (P57161)
One Woodward Avenue, Suite 2000
Detroit, MI 48226
313.964.8600
bjeffers@hhbjlaw.com

*Attorneys for Defendant*

---

## <u>DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)</u>

### Oral Argument Requested

Defendant JPay Inc. ("Defendant" or "JPay") moved this Court to compel

arbitration of this action pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

If this Court does not compel arbitration and stay or dismiss this action, Defendant respectfully moves this Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Defendant relies on the facts and law set forth in the accompanying brief in support.

Pursuant to Local Rule 7.1(a), counsel for Defendant advised Plaintiff of this Motion and its legal basis on June 1, 2018 via telephone.  Counsel for Defendant requested, but did not obtain, concurrence in the relief sought.

Dated:  June 1, 2018                                Respectfully submitted,

                                                                 JPAY INC.


                                                      By: _/s/ Elizabeth Herrington_____
                                                              One of Their Attorneys


                                                      Elizabeth Herrington (IL#6244547)
                                                      Zachary R. Lazar (IL#6325727)
                                                      MORGAN, LEWIS & BOCKIUS LLP
                                                      77 West Wacker Drive, Fifth Floor
                                                      Chicago, IL 60601
                                                      312-324-1000
                                                      beth.herrington@morganlewis.com

                                                      Benjamin W. Jeffers (P57161)
                                                      HICKEY HAUCK BISHOFF & JEFFERS PLLC
                                                      One Woodward Avenue, Suite 2000
                                                      Detroit, MI 48226
                                                      313.964.8600
                                                      bjeffers@hhbjlaw.com

                                                      *Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TEMUJIN KENSU, INDIVIDUALLY, AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

     *Plaintiff*,

     v.

JPAY INC.

     *Defendant*.

Case No. 2:18-cv-11086-SFC-PTM

Hon. Sean F. Cox
Mag. Judge Patricia T. Morris

---

EXCOLO LAW PLLC
Keith L. Altman (P81702)
Solomon M. Radner (P73653)
Ari Kresch (P29593)
26700 Lahser Road, Suite 401
Southfield, MI 48033
516-456-5885
kaltman@lawampmmt.com

*Attorneys for Plaintiff*

MORGAN, LEWIS & BOCKIUS LLP
Elizabeth Herrington (IL#6244547)
Zachary R. Lazar (IL#6325727)
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
312-324-1000
beth.herrington@morganlewis.com

HICKEY HAUCK BISHOFF & JEFFERS PLLC
Benjamin W. Jeffers (P57161)
One Woodward Avenue, Suite 2000
Detroit, MI 48226
313.964.8600
bjeffers@hhbjlaw.com

*Attorneys for Defendant*

---

## BRIEF IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

## TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED............................................................. viii

STATEMENT OF CONTROLLING AUTHORITY ..............................................x

PRELIMINARY STATEMENT .........................................................................1

STATEMENT OF RELEVANT FACTS ............................................................3

      A.    Plaintiff Accepted JPay's Terms of Use. ............................................4

      B.    Plaintiff's Allegations of Wrongdoing..............................................5

ARGUMENT ....................................................................................................6

I.     THE TERMS OF THE PARTIES' AGREEMENT REQUIRES
      DISMISSAL OF PLAINTIFF'S FIRST, THIRD, NINTH AND
      TENTH CAUSES OF ACTION........................................................6

      A.    The Parties Entered into a Binding Agreement Requiring
           Application of Florida Law. ................................................7

      B.    Plaintiff's First Cause of Action for Declaratory Relief is
           Barred by the TOU. ...........................................................10

           1.    Plaintiff Waived the Right to Bring a Class Action. ..............11

           2.    Plaintiff Cannot Request a Declaration Concerning
                Alleged Violation the Michigan Consumer Protection
                Act. ..........................................................................13

      C.    Plaintiff's Michigan Consumer Protection Act Claim is Barred
           by the Parties' Choice of Law. ............................................13

      D.    Plaintiff's Express and Implied Warranty Claims Are Barred by
           the Parties' Agreement. .....................................................13

II.    PLAINTIFF HAS NOT ADEQUATELY PLED BREACH OF
      CONTRACT....................................................................16

III.   PLAINTIFF HAS NOT STATED A VIOLATION OF 42 U.S.C. §
      1983  18

IV.   PLAINTIFF'S FIFTH THROUGH EIGHTH CAUSES OF ACTION
ARE DUPLICATIVE OF PLAINTIFF'S BREACH OF CONTRACT
CLAIM AND SHOULD BE DISMISSED ...................................................21

    A.   Fifth Cause of Action:  Breach of Good Faith and Fair Dealing .......21

    B.   Sixth and Eighth Causes of Action: Negligent and Fraudulent
Misrepresentation .................................................................................22

    C.   Seventh Cause of Action:  Unjust Enrichment ...................................23

V.    PLAINTIFF FAILED TO ALLEGE FRAUD WITH REQUISITE
PARTICULARITY......................................................................................24

CONCLUSION ..........................................................................................................25

# TABLE OF AUTHORITIES

## Cases

*Alpina Productos Alimenticios, S.A. v. Logistic All., Inc.*,
  2013 WL 12120519 (S.D. Fla. Apr. 16, 2013)....................................................18

*Aschroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................. 6, 16, 19

*AT&T Mobility LLC v. Concepcion*,
  131 S. Ct. 1740 (2011) ......................................................................12

*Atlas Techs., LLC v. Levine*,
  268 F. Supp. 3d 950 (E.D. Mich. 2017).............................................................25

*Auto. Logistics Productivity Imp. Sys., Inc. v. Burlington Motor Carriers, Inc.*,
  986 F. Supp. 446 (E.D. Mich. 1997)...................................................................10

*Bell Atlantic Corp. v. Twomlby*,
  550 U.S. 544 (2007) ............................................................................6

*Bennett v. MIS Corp.*,
  607 F.3d 1076 (6th Cir. 2010)...........................................................................24

*Bomer v. Access Catalog Co.*,
  75 F. App'x 382 (6th Cir. 2003) .................................................. 19, 20

*Brueggemann v. NCOA Select, Inc.*,
  2009 WL 1873651 (S.D. Fla. June 30, 2009) ...................................................22

*Cain v. Redbox Automated Retail, LLC*,
  136 F. Supp. 3d 824 (E.D. Mich. 2015)...............................................................8

*Chapman v. Higbee Co.*,
  319 F.3d 825 (6th Cir. 2003).........................................................................19

*Chrysler Corp. v. Skyline Indus. Servs., Inc.*,
  448 Mich. 113, 528 N.W.2d 698 (1995) .............................................................9

*Dart Energy Corp. v. Vogel*,
  No. 1991 WL 11010342 (W.D. Mich. July 18, 1991) .......................................13

*DeLuca v. Royal Caribbean Cruises, Ltd.*,
    244 F. Supp. 3d 1342 (S.D. Fla. 2017)...................................................................12

*Diamond "S" Dev. Corp. v. Mercantile Bank*,
    989 So. 2d 696 (Fla. Dist. Ct. App. 2008)...........................................................23

*Drew v. Boaters Landing Inc. of Fort Myers*,
    2007 WL 2700987 (M.D. Fla. Sept. 13, 2007) ....................................................15

*Gen. Elec. Co. v. Siempelkamp GmbH & Co*.,
    29 F.3d 1095 (6th Cir. 1994)................................................................................21

*Gentry v. Harborage Cottages-Stuart, LLLP*,
    2008 WL 7759041 (S.D. Fla. Sept. 24, 2008).......................................................18

*Glob. Fleet Sales, LLC v. Delunas*,
    2014 WL 634075 (E.D. Mich. Feb. 18, 2014) ................................................7, 17

*Greenberg v. Life Ins. Co. of Virginia*,
    177 F.3d 507 (6th Cir. 1999)..................................................................................8

*Gronski v. Sigler,*
    2014 WL 4265824 (E.D. Mich. Aug. 5, 2014) ....................................................18

*Hauf v. Life Extension Found.*,
    454 F. App'x 425 (6th Cir. 2011) ..........................................................................9

*In re Pegasus Wireless Corp. Sec. Litig.,*
    657 F. Supp. 2d 1320 (S.D. Fla. 2009).................................................................24

*Ind. State Dist. Council of Laborers v. Omnicare, Inc.*,
    583 F.3d 935 (6th Cir. 2009)................................................................................24

*Jackson v. Metro. Edison Co.,*
    419 U.S. 345 (1974) .............................................................................................19

*Jackson v. Siringas*,
    2013 WL 3810301 (E.D. Mich. July 23, 2013)...................................................20

*Kajy Hill, Inc. v. Sunoco, Inc.*,
    2015 WL 12990680 (E.D. Mich. Oct. 15, 2015) ..................................................7

*Kipin Indus., Inc. v. Van Deilen Int'l, Inc.*,
  182 F.3d 490 (6th Cir. 1999) ...................................................................................9

*Kyles v. Keefe Commissary Network LLC*,
  2015 WL 1637466 (E.D. Mich. Apr. 13, 2015) ......................................................20

*Lillibridge Health Care Servs., Inc. v. Hunton Brady Architects, P.A.*,
  2010 WL 3788859 (M.D. Fla. Sept. 24, 2010) ......................................................23

*Lipov v. Louisiana-Pac. Corp.*,
  2013 WL 3805673 (W.D. Mich. July 22, 2013) ....................................................15

*Lossia v. Flagstar Bancorp, Inc.*,
  No. 15-12540, 2016 WL 520867 (E.D. Mich. Feb. 10, 2016) ...............................22

*Masco Cabinetry Middlefield, LLC v. Cefla N. Am., Inc.*,
  637 F. App'x 192 (6th Cir. 2015) ...........................................................................21

*McIntosh v. Royal Caribbean Cruises, Ltd.*,
  2018 WL 1732177 (S.D. Fla. Apr. 10, 2018) .........................................................12

*McKenzie Check Advance of Fla., LLC v. Betts*,
  191 So. 3d 530 (Fla. Dist. Ct. App. 2016) .............................................................12

*McKissic v. Country Coach, Inc.*,
  2008 WL 2782678 (M.D. Fla. July 16, 2008) ........................................................15

*Motor City Power Sports, LLC v. Arctic Cat Sales, Inc.*,
  2011 WL 589442 (E.D. Mich. Feb. 9, 2011) ................................................. 10, 12

*Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.*,
  492 F. App'x 518 (6th Cir. 2012) ...........................................................................17

*Praxis Capital & Inv. Mgmt. Ltd v. Gemini Holdings I, LLC*,
  2016 WL 2853591 (S.D. Ohio May 16, 2016) .........................................................2

*Riddle v. Egensperger*,
  266 F.3d 542 (6th Cir. 2001) ....................................................................................6

*Santilli v. JPMorgan Chase Bank, N.A.*,
  No. 14-12359, 2014 WL 6675327 (E.D. Mich. Nov. 25, 2014) .............................17

*Schechner v. Whirlpool Corp.*,
  237 F. Supp. 3d 601 (E.D. Mich. 2017) ................................................................7

*Shibata v. Lim*,
  133 F. Supp. 2d 1311 (M.D. Fla. 2000) ..............................................................22

*Sun Life Assurance Co. of Canada v. Imperial Holdings Inc.*,
  2016 WL 10565034 (S.D. Fla. Sept. 22, 2016) ...................................................23

*Tassy v. Lindsay Entm't Enterprises, Inc.*,
  2018 WL 1582226 (6th Cir. Feb. 22, 2018) ..........................................................2

*Trinh v. Citibank, N.A.*,
  623 F.Supp. 1526 (E.D. Mich. 1985) .....................................................................9

*Varnes v. Home Depot USA, Inc.*,
  2012 WL 5611055 (M.D. Fla. Nov. 15, 2012) .....................................................21

*Williams v. Gen. Motors Acceptance Corp.*,
  2011 WL 5071365 (Mich. Ct. App. Oct. 25, 2011) .............................................15

*Wilson v. EverBank, N.A.*,
  77 F. Supp. 3d 1202 (S.D. Fla. 2015) ..................................................................23

*Wolotsky v. Huhn*,
  960 F.2d 1331 (6th Cir. 1992) ..............................................................................19

*Young v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. (UAW)*,
  2016 WL 589891 (E.D. Mich. Feb. 15, 2016) .....................................................17

*Zarrella v. Pac. Life Ins. Co.*,
  755 F. Supp. 2d 1218 (S.D. Fla. 2010) ................................................................23

**Statutes**

28 U.S.C. § 2201 ..........................................................................................................10

672.316 Fla. Stat. .........................................................................................................15

9 U.S.C. § 1 ....................................................................................................................2

MCL § 440.2316 ...........................................................................................................15

**Rules**

Fed. R. Civ. P. 12 ................................................................................................2

Fed. R. Civ. P. 12(b)(6).........................................................................................6

Fed. R. Civ. P. 9(b) ........................................................................................3, 24

## STATEMENT OF ISSUES PRESENTED

First, whether a contractual waiver of the right to participate in a class action prevents Plaintiff from seeking a declaration that this action may be maintained as a class action, and Plaintiff's first cause of action for declaratory judgment must therefore be dismissed.

**Defendant answers: Yes**
**Plaintiff answers: No**
**The Court should answer:  Yes**

Second, whether a contractual choice-of-law provision designating that the rights of the parties shall be governed by the laws of the state of Florida bars Plaintiff's second cause of action under the Michigan Consumer Protection Act, MCL § 455.901, *et seq.*, and related declaratory relief sought in Plaintiff's first cause of action under 28 U.S.C. § 2201, and these causes of action must therefore be dismissed.

**Defendant answers: Yes**
**Plaintiff answers: No**
**The Court should answer:  Yes**

Third, whether Plaintiff has failed to adequately allege applicable contractual terms and misconduct, and Plaintiff's third cause of action for breach of contract must therefore be dismissed.

**Defendant answers: Yes**
**Plaintiff answers: No**
**The Court should answer:  Yes**

Fourth, whether Defendant is a private actor, who has not acted under color of law, and Plaintiff's fourth cause of action under 42 U.S.C. § 1983 must therefore be dismissed.

**Defendant answers: Yes**
**Plaintiff answers: No**
**The Court should answer:  Yes**

Fifth, whether Plaintiff's fifth cause of action for breach of the duty of good faith and fair dealing fails to allege a harm independent of Plaintiff's breach of contract claim, and therefore must be dismissed.

**Defendant answers: Yes**
**Plaintiff answers: No**
**The Court should answer:  Yes**

Sixth, whether Plaintiff's sixth cause of action for negligent misrepresentation fails to allege conduct independent of Plaintiff's breach of contract claim, and therefore must be dismissed.

**Defendant answers: Yes**
**Plaintiff answers: No**
**The Court should answer:  Yes**

Seventh, whether Plaintiff's seventh cause of action for unjust enrichment is precluded by the existence of an express contract, and therefore must be dismissed.

**Defendant answers: Yes**
**Plaintiff answers: No**
**The Court should answer:  Yes**

Eight, whether Plaintiff's eighth cause of action for fraud/intentional misrepresentation fails to allege conduct independent of Plaintiff's breach of contract claim, and therefore must be dismissed.

**Defendant answers: Yes**
**Plaintiff answers: No**
**The Court should answer:  Yes**

Ninth, whether Plaintiff's eighth cause of action for fraud/intentional misrepresentation fails to allege fraud with particularity, as required by Fed. R. Civ. P. 9(b), and therefore must be dismissed.

**Defendant answers: Yes**
**Plaintiff answers: No**
**The Court should answer:  Yes**

Tenth, whether a contractual disclaimer of all express and implied warranties bars Plaintiff's ninth and tenth causes of action for breach of express and implied warranty, which therefore must be dismissed.

**Defendant answers: Yes**
**Plaintiff answers: No**
**The Court should answer:  Yes**

## STATEMENT OF CONTROLLING AUTHORITY

Pursuant to Local Rule 7.1(d)(2), Defendant states that the following authorities are the controlling or most appropriate authorities for the relief requested by this motion:

672.316 Fla. Stat.

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atlantic Corp. v. Twomlby*, 550 U.S. 544 (2007)

*Bomer v. Access Catalog Co*., 75 F. App'x 382 (6th Cir. 2003)

*Chapman v. Higbee Co.*, 319 F.3d 825 (6th Cir. 2003)

*Chrysler Corp. v. Skyline Indus. Servs., Inc.,* 448 Mich. 113, 528 N.W.2d 698 (1995)

*Dart Energy Corp. v. Vogel,* 1991 WL 11010342 (W.D. Mich. July 18, 1991)

Fed. R. Civ. P. 9(b)

Fed. R. Civ. P. 12(b)(6)

*Jackson v. Metro. Edison Co.,* 419 U.S. 345 (1974)

*McIntosh v. Royal Caribbean Cruises, Ltd*., 2018 WL 1732177 (S.D. Fla. Apr. 10, 2018)

*Sun Life Assurance Co. of Canada v. Imperial Holdings Inc.*, 2016 WL 10565034 (S.D. Fla. Sept. 22, 2016)

*Varnes v. Home Depot USA, Inc*., 2012 WL 5611055 (M.D. Fla. Nov. 15, 2012)

## PRELIMINARY STATEMENT

Defendant JPay Inc. ("Defendant" or "JPay") sells communications and entertainment services, and electronic devices that can be used to access those services, to inmates in the custody of the Michigan Department of Corrections ("MDOC").  Plaintiff Temujin Kensu ("Plaintiff" or "Kensu"), a MDOC inmate, brought this action alleging that Defendant's products and services are of deficient quality, and that Defendant is deceptive regarding the qualities and characteristics of the products and services it offers.

When Plaintiff purchased products and services from JPay, he accepted JPay's Terms of Use ("TOU").  These terms are part of the binding contract formed between Plaintiff and Defendant.  The TOU was amended several times subsequent to Plaintiff's initial acceptance, and following each amendment Plaintiff accepted the revised TOU before purchasing additional products or services.[1]  (*See* Decl. of Atinuke Sode ("Sode Decl.") Exhibit A, ("2016 TOU"); Exhibit B, ("2017 TOU"); Exhibit C, ("2018 TOU").)

As detailed in JPay's contemporaneously filed Motion to Compel Arbitration,

---

[1] The January 2017 revision and subsequent versions retitled the TOU as "Terms of Service and Warranty Policy."  To avoid confusion, the abbreviation TOU—as used herein—refers both to the so-titled "Terms of Use" and to later versions titled "Terms of Service and Warranty Policy."

the TOU contains an express, mutually binding arbitration agreement, which requires this Court to compel arbitration under 9 U.S.C. § 1, *et seq*. (*See* Doc. No. 12). Because arbitrability under the FAA presents a threshold issue of venue, the court should decide Defendant's Motion to Compel Arbitration before deciding this motion.[2] *See Tassy v. Lindsay Entm't Enterprises, Inc.*, 2018 WL 1582226, at *1 (6th Cir. Feb. 22, 2018) (where arbitration is in dispute, courts must resolve that issue before considering the merits of the action).

If this Court denies Defendant's Motion to Compel Arbitration, the Court should still dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim. Plaintiff asserts ten causes of action: (1) declaratory relief under 28 U.S.C. § 2201; (2) breach of contract; (3) violation of the Michigan Consumer Protection Act; (4) violation of 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments; (5) breach of duty of good faith and fair dealing; (6) negligent misrepresentation; (7) unjust enrichment; (8) fraud/intentional misrepresentation; (9) breach of express warranty; and (10) breach of implied warranty. (Compl. ¶¶ 182-267.) These claims should be dismissed for five separate and independent reasons:

_____

[2] Defendant brings this motion at this time to ensure compliance with Fed. R. Civ. P. 12. *See Praxis Capital & Inv. Mgmt. Ltd v. Gemini Holdings I, LLC*, 2016 WL 2853591, at *3 (S.D. Ohio May 16, 2016) ("It is an unsettled issue whether a party that files a motion to compel arbitration must also file a timely responsive pleading.") Defendant does not waive its contractual right to compel arbitration.

First, Plaintiff's first, third, ninth and tenth causes of action should be dismissed because the contract between the Parties includes the TOU, which includes choice of law, class action waiver, and waiver of warranties provisions.

Second, Plaintiff's second cause of action, breach of contract, should be dismissed because it fails to sufficiently identify the pertinent terms of the contract or how Defendant allegedly breached those terms.

Third, Plaintiff's fourth cause of action pursuant to 42 U.S.C. § 1983 must be dismissed because under Sixth Circuit precedent, private entities who sell consumer goods to inmates do not act "under color of law," and are therefore not subject to Constitutional claims.

Fourth, Plaintiff's fifth through eighth causes of action should be dismissed because each are duplicative of Plaintiff's breach of contract claim.

Finally, Plaintiff's eighth cause of action for fraudulent misrepresentation should be dismissed for the additional reason that it fails to allege fraud with particularity, as required by Fed. R. Civ. P. 9(b).

## **STATEMENT OF RELEVANT FACTS**

JPay is a Delaware corporation with its principal place of business located in Florida.  (Class Action Complaint for Declaratory Relief, Injunctive Relief and Damages, Doc. No. 1 ("Compl."), ¶ 15.)  JPay provides products and services to incarcerated persons in Michigan pursuant to a contract with the Michigan

Department of Corrections ("MDOC").  (Compl. ¶¶ 27, 30.)  Under this contract,

JPay sells electronic communication services, tablets, media content, and accessories

to inmates in the custody of MDOC.  (Compl. ¶ 31.)  Inmates make purchases

through interactive kiosks located inside of correctional facilities, or through tablets

purchased from JPay.  (Compl. ¶ 45.)

### A.    Plaintiff Accepted JPay's Terms of Use.

Defendant's kiosks and devices require users to accept the TOU prior to

making purchases from Defendant.  (Sode Decl. ¶ 6.)  Defendant periodically

updates the TOU, and users are then required to accept the most recent version before

making additional purchases.  (*Id.* ¶ 7.)  The TOU, as accepted by Plaintiff in 2016,

began with the following disclaimer:

> BEFORE YOU USE THE JPAY KIOSK OR YOUR JPAY PLAYER
> AND THE SERVICES PROVIDED THEREUNDER, YOU MUST
> READ AND AGREE TO THESE TERMS OF USE.  IF YOU
> CANNOT READ OR UNDERSTAND THESE TERMS OF USE,
> PLEASE CONTACT CORRECTIONAL STAFF FOR FURTHER
> EXPLANATION AND CLARIFICATION.
>
> BY CLICKING THE "I AGREE" BUTTON, YOU ARE
> INDICATING THAT YOU CONSENT TO THIS AGREEMENT.

(2016 TOU, p. 1.)

The TOU further provided that the terms may be modified by JPay at any

time.  (2016 TOU, p. 4.)  JPay's subsequently revised TOU in 2017 contained

materially similar language. (2017 TOU, p. 1.)  Plaintiff accepted both the 2016 and

2017 TOU prior to purchasing a JPay tablet.  (Sode Decl. ¶¶ 3, 4, 7.)  JPay revised the TOU again in 2018.  (Sode Decl. ¶ 5.; *see* 2018 TOU.)

The TOU, by its terms, applies to all the services that may be accessed by inmates through a kiosk or tablet, and expressly includes, but is not limited to, email, music, games, video content, audio and eBooks, educational materials, players and accessories.  (*See* 2017 TOU, § 1.)

The TOU contains several provisions, including: (1) a mandatory arbitration provision; (2) a choice-of-law provision designating that the rights of the parties shall be governed under Florida law; (3) a class action waiver; (4) a choice-of-forum provision in the event of a challenge to the class action waiver; and (5) a disclaimer of warranties.  (*See* 2016 TOU §§ 3-5; 2017 TOU §§ 6-8; 2018 TOU §§ 6-8.)

## B.   Plaintiff's Allegations of Wrongdoing.

Plaintiff's allegations of wrongdoing arise from the allegedly deficient performance of a JPay device, and alleged misrepresentations regarding Plaintiff's ability to access digital content and services.  (Compl. ¶¶ 149-57.)  With respect to the deficient performance of devices, Plaintiff alleges that products were cheaply manufactured and prone to breakage, that software glitches and viruses would shut down devices or remove purchased content, that orders, accounts, funds and content were not accurately reflected on devices, and that the systems would shut down for lengthy periods.  (Compl. ¶ 105.)  Plaintiff also claims that, contrary to alleged

representations, the products and services Plaintiff purchased from JPay will allegedly not be available "after the termination of Defendant's JPay Program," that Defendant is able to seize, delete, and restrict his access to content, and that the value of the products, content and services sold by Defendant are therefore less valuable than represented. (Compl. ¶¶ 157-58.)

## ARGUMENT

A Rule 12(b)(6) motion "tests the legal sufficiency of the plaintiff's complaint." *Riddle v. Egensperger*, 266 F.3d 542, 550 (6th Cir. 2001). Under Rule 12(b)(6), a plaintiff is obligated to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twomlby*, 550 U.S. 544, 570 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. Additionally, mere conclusory statements, and "legal conclusion couched as a factual allegation" are insufficient to state a plausible claim for relief. *Id*. at 678-79.

## I. THE TERMS OF THE PARTIES' AGREEMENT REQUIRES DISMISSAL OF PLAINTIFF'S FIRST, THIRD, NINTH AND TENTH CAUSES OF ACTION

The parties entered into a valid and binding contract. (Compl. ¶ 186.) As alleged by Plaintiff, (1) Defendant offered content, products and services to Plaintiff; (2) Plaintiff accepted the offer by purchasing items from Defendant; and (3)

payments constituting consideration were made by Plaintiff, to Defendant, in exchange for content, products, and services.  (Compl. ¶¶ 183-86.)  *See Schechner v. Whirlpool Corp.*, 237 F. Supp. 3d 601, 608 (E.D. Mich. 2017) ("A contract requires an 'offer, acceptance, consideration, and sufficient specification of essential terms.")[3]  The terms of this contract bar Plaintiff's first, third, ninth and tenth causes of action.

### A. The Parties Entered into a Binding Agreement Requiring Application of Florida Law.

Plaintiff's Complaint fails to attach the parties' actual contract, which includes the terms of the TOU.  The Court can and should consider the terms of the TOU on this 12(b)(6) motion, as the TOU are an indispensable component of the contract on which Plaintiff bases his claims.  "Although courts must normally disregard matters outside the pleadings in ruling on a motion to dismiss, a document can be properly considered on such a motion when it is 'referred to in the complaint and ... central to the plaintiff's claim.'" *Kajy Hill, Inc. v. Sunoco, Inc.*, 2015 WL 12990680, at *1 (E.D. Mich. Oct. 15, 2015) (considering a contract that was not included in the pleadings); *see Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir.

---

[3] *See also Glob. Fleet Sales, LLC v. Delunas*, 2014 WL 634075, at *10 (E.D. Mich. Feb. 18, 2014) ("[T]he elements of a valid contract are (1) the identities of parties competent to execute an enforceable contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation.")

1999) (where a document is "referred to in the complaint and central to plaintiff's claims . . . defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." (quotations omitted)).

Prior to purchasing a JPay device and associated content, products, and services, Plaintiff was provided with Defendant's TOU.  (Sode Decl. ¶ 6.)  The TOU provided clear and conspicuous language conditioning Plaintiff's use of Defendant's content, products and services on acceptance of the agreement.  (2016 TOU, p. 1.) Plaintiff was required to accept the terms prior to making purchases from Defendant. (Sode Decl. ¶ 6.)  Where parties must digitally accept contractual terms prior to making a purchase, those terms are part of the contract and binding on the parties. *See Cain v. Redbox Automated Retail, LLC*, 136 F. Supp. 3d 824, 831 (E.D. Mich. 2015) (users of Redbox movie rental kiosks were bound by "Terms of Use" accepted through the electronic kiosk at the time of purchase).

The TOU contains a choice-of-law provision which specifies that the rights of the parties "shall be governed by and construed in accordance with the laws of the State of Florida, exclusive of conflict or choice of law rules."  (2016 TOU § 4; 2017 TOU § 7.)  This provision is valid and enforceable.

When a case is brought in federal court pursuant to both diversity and federal question jurisdiction, the choice-of-law rules of the forum state apply.  *See Hauf v.*

*Life Extension Found.*, 454 F. App'x 425, 431 (6th Cir. 2011).  Therefore, in this

matter, Michigan choice-of-law rules apply.[4]  *See Trinh v. Citibank, N.A.,* 623

F.Supp. 1526, 1530 (E.D. Mich. 1985) *aff'd* 850 F.2d 1164 (6th Cir.1988) (applying

Michigan choice-of-law rules where jurisdiction was founded upon both diversity

and federal question.)  "In resolving choice-of-law issues, Michigan courts follow

§§ 187 and 188 of the Second Restatement of Conflict of Laws."  *Kipin Indus., Inc.*

*v. Van Deilen Int'l, Inc.*, 182 F.3d 490, 493 (6th Cir. 1999).  Section 187 provides

that parties are bound by a choice of law provision, unless:  (1) the chosen state has

no substantial relationship to the parties or the transaction and there is no reasonable

basis for the parties' choice, or (2) application of the law of the chosen state would

be contrary to a fundamental policy of a state which has a materially greater interest

than the chosen state in the determination of the issue, and which would be the state

of the applicable law in the absence of the choice-of-law clause.  *See Chrysler Corp.*

*v. Skyline Indus. Servs., Inc.,* 448 Mich. 113, 528 N.W.2d 698, 703-04 (1995)

(adopting Restatement as Michigan law).

The first exception is inapplicable, as JPay's principal place of business is in

---

[4]  In the absence of diversity jurisdiction, federal common law would apply.  Because
federal common law and Michigan both follow the Restatement (Second) of Conflict
of Laws with regards to choice of law, outcome is the same.  *See Hauf v. Life*
*Extension Found.*, 454 F. App'x 425, 431 (6th Cir. 2011) (finding no conflict
between Michigan and federal common law choice-of-law doctrine).

Florida.  (Compl. ¶ 15.)  This is a sufficient relationship for the parties' choice of law.  *Auto. Logistics Productivity Imp. Sys., Inc. v. Burlington Motor Carriers, Inc.*, 986 F. Supp. 446, 448 (E.D. Mich. 1997) (upholding an Indiana choice-of-law provision between a Michigan corporation and a Delaware corporation with its principle place of business in Indiana.)  Likewise, Michigan does not have a "materially greater" interest than Florida.  The fact that Plaintiff brings a claim under the Michigan law is insufficient to meet this exception, as Florida has its own consumer protection laws, and an interest in protecting Defendant's lawfully entered contract.  *See Motor City Power Sports, LLC v. Arctic Cat Sales, Inc.*, 2011 WL 589442, at *3–4 (E.D. Mich. Feb. 9, 2011) (upholding a Minnesota choice-of-law provision where a Michigan plaintiff brought suit against a Minnesota defendant under Michigan's Motor Vehicle Dealers Act).  Accordingly, the rights of the Parties are governed by Florida state law.

### B.    Plaintiff's First Cause of Action for Declaratory Relief is Barred by the TOU.

Plaintiff's first cause of action seeks declaratory relief under 28 U.S.C. § 2201, requesting determinations that: (a) the action may proceed as a class action; (b) that Defendant has violated the Michigan Consumer Protection Act, MCL § 445.901, *et seq*., ("MCPA"); (c) class members are entitled to restitution and interest thereon; (d) an award of reasonable attorney's fees; and (e) such other and further relief as is necessary and just.  (Compl. ¶ 188.)  Subparts (a), (b) and (c) should be dismissed

under the TOU.

### 1. Plaintiff Waived the Right to Bring a Class Action.

Plaintiff expressly waived his right to bring a class action when he accepted the TOU.  (2016 TOU § 5(f); 2017 TOU §§ 8, 8(f).)  The declaratory relief sought by Plaintiff is plainly barred by the parties' agreement, and accordingly subparts (a) and (c) of Plaintiff's first cause of action must be dismissed.

When Plaintiff accepted the 2016 TOU, he agreed to the following language:

> RESTRICTIONS ON ARBITRATION:  ALL DISPUTES, REGARDLESS OF THE DATE OF ACCRUAL OF SUCH DISPUTE, SHALL BE ARBITRATED ON AN INDIVIDUAL BASIS.  YOU ARE WAIVING YOUR RIGHT TO PARTICIPATE IN A CLASS ACTION LAWSUIT, AND TO CERTAIN DISCOVERY AND OTHER PROCEDURES THAT ARE AVAILABLE IN A LAWSUIT.

(2016 TOU § 5(f) (all caps in original).)

In January 2017—before Plaintiff ever purchased a JPay device—Plaintiff accepted an amended version of the TOU, containing the same language.  (2017 TOU § 8(f).)  The 2017 TOU also added new, bolded language, in three *additional* paragraphs, repeating the class action waiver.  The first sentence of the "Dispute Resolution" section of the 2017 TOU reads:

> **THIS AGREEMENT REQUIRES THE USE OF ARBITRATION ON AN INDIVIDUAL BASIS TO RESOLVE DISPUTES, RATHER THAN JURY TRIALS OR CLASS ACTIONS.**

(2017 TOU § 8 (all caps and bold in original).)

The next paragraph of the 2017 TOU again states "**[a]ny arbitration under**

**this Agreement will take place on an individual basis; class arbitrations and in court class actions are not permitted.**" (2017 TOU § 8 (bold in original).)  Finally, section 8(a) contains the language "**[y]ou agree that, by entering into this agreement, you and JPay are each waiving the right to a trial by jury or to participate in a class action or class arbitration**." (2017 TOU § 8(a) (bold in original).)

When a class action waiver is reasonably communicated to the plaintiff, it is enforceable. *See McIntosh v. Royal Caribbean Cruises, Ltd*., 2018 WL 1732177, at *2 (S.D. Fla. Apr. 10, 2018) ("[I]t is well-established that parties can agree to class action waivers" *citing AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011)); *see also McKenzie Check Advance of Fla., LLC v. Betts*, 191 So. 3d 530, 534 (Fla. Dist. Ct. App. 2016) (a class action waiver contained in an arbitration provision is enforceable); *DeLuca v. Royal Caribbean Cruises, Ltd.*, 244 F. Supp. 3d 1342, 1348 (S.D. Fla. 2017) (finding a class action waiver printed on a ticket was enforceable).[5]

---

[5] Should the Plaintiff seek to challenge the enforceability of this class action waiver, they may not do so before this Court.  The TOU provides that the "validity, effect, and enforceability" of the class action waiver, "if challenged," are to be determined solely and exclusive by a Federal District Court located in the Southern District of Florida or a Florida State court.  (2016 TOU § 5(g).)  The enforceability of this choice-of-forum provision is analyzed under the same framework applied to the Parties' choice-of-law provision.  *See Motor City Power Sports, LLC*, 2011 WL 589442, at *3 (applying Restatement (Second) Conflict of Laws § 187 to a forum selection clause.)

Because Plaintiff has waived his right to bring a class action, subparts (a) and (c) of Plaintiff's first cause of action should be dismissed.

### 2. Plaintiff Cannot Request a Declaration Concerning Alleged Violation the Michigan Consumer Protection Act.

In subpart (b) of the first cause of action, Plaintiff seeks a determination by the Court that "Defendant's practices of removing or limiting access and control over lawfully purchased content, products, and services violates MCL 445.901 *et seq.*"  (Compl. ¶ 189.)  The TOU mandates that the rights of the parties shall be governed in accordance with the laws of Florida.  (*See* 2016 TOU § 4; 2017 TOU § 7; *supra* I.A.)  Because the rights of the parties are governed by Florida law, subpart (b) of Plaintiff's first cause of action should be dismissed.  *See Dart Energy Corp. v. Vogel,* 1991 WL 11010342, at *6 (W.D. Mich. July 18, 1991) (dismissing MCPA claim where an Illinois seller and Michigan buyer transacted in Michigan, because the parties' contract contained an Illinois choice-of-law provision.)

### C. Plaintiff's Michigan Consumer Protection Act Claim is Barred by the Parties' Choice of Law.

For the same reason sub-part (b) of Plaintiff's first cause of action should be dismissed, Plaintiffs' third cause of action brought under the MCPA should also be dismissed.  (Compl. ¶¶ 199.)

### D. Plaintiff's Express and Implied Warranty Claims Are Barred by the Parties' Agreement.

Plaintiff alleges in his nine and tenth causes of action that Defendant made

express warranties regarding the qualities and characteristics of its products and services "by way of memos, posters, advertisements, and representations to consumers." (Compl. ¶¶ 251-53.)  Notably, Plaintiff fails to identify any particular statement, any particular document containing a statement, or Plaintiff's individual reading or hearing of any particular statement constituting an alleged warranty. Plaintiff generally alleges Defendant misrepresented that products and content "would be wholly owned, accessible, and controlled by the purchaser, forever," but does not allege, when, where, who, how, or any other information concerning this statement that could reasonably inform the validity of the alleged warranty. (Comp. ¶ 252.)

Plaintiff likewise alleges that Defendant is subject to the implied warranties of merchantability of MCL § 440.2314, and alleges that Defendant's products and services violated these implied warranties by limiting and restricting access to purchased products. (Compl. ¶¶ 263 – 264.)

The TOU provides, in conspicuous, all-capital language:

THE KIOSK, PLAYER AND SERVICES ARE PROVIDED BY JPAY INC. ON AN "AS IS" AND "AS AVAILABLE" BASIS. JPAY MAKES NO REPRESENTATIONS OR WARRANTIES OF ANY KIND, EXPRESS OR IMPLIED, AS TO THE OPERATION OF THE KIOSK, PLAYER OR SERVICES….

TO THE FULL EXTENT PERMISSIBLE BY APPLICABLE LAW, JPAY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR

PURPOSE.

(2016 TOU § 3 (all caps in original).)

The 2017 revision to the TOU added limited warranties for JPay devices and accessories, but otherwise disclaims all other express and implied warranties, and explicitly disclaimed the implied warranties of merchantability and fitness for a particular purpose.   (2017 TOU § 6.)

These express waivers bar Plaintiff's causes of action for breach of warranty. Florida law permits warranty disclaimers to bar such causes of action, so long as the disclaimer is conspicuous and reasonable. *See* 672.316 Fla. Stat.; *McKissic v. Country Coach, Inc.,* 2008 WL 2782678, at *4 (M.D. Fla. July 16, 2008) (dismissing breach of express warranties and breach of implied warranties claims based on conspicuous disclaimers); *Drew v. Boaters Landing Inc. of Fort Myers*, 2007 WL 2700987, at *2 (M.D. Fla. Sept. 13, 2007) (dismissing breach of express warranty claim because "Florida law authorizes sellers to exclude warranties, both express and implied, in the sale of goods.")[6]  Accordingly, Plaintiff's ninth and tenth causes

---

[6] The outcome would be the same under Michigan law.  Michigan law also permits the express disclaimer of warranties, under MCL § 440.2316, so long as the disclaimer is conspicuous.  *See Lipov v. Louisiana-Pac. Corp.*, 2013 WL 3805673, at *5 (W.D. Mich. July 22, 2013) (dismissing a claim of breach of implied warranty under MCL § 440.2314 where conspicuously disclaimed in a written agreement); *Williams v. Gen. Motors Acceptance Corp.*, 2011 WL 5071365, at *3 (Mich. Ct. App. Oct. 25, 2011) (affirming dismissal of an alleged oral express warranty, where the written agreement expressly disclaimed warranties).

of action must be dismissed.

## II.   PLAINTIFF HAS NOT ADEQUATELY PLED BREACH OF CONTRACT

Plaintiff's generalized allegations fail to state his second cause of action for breach of contract.  *See Iqbal,* 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (internal citation omitted)).  Plaintiff alleges that Defendant breached its contract with putative class Plaintiffs "by adopting and utilizing a defective program where a practice where [sic] Plaintiffs would maintain limited or entirely refused ownership, access, control, and use over their lawfully purchased products, content and services through the duration of the JPay Program, thus resulting in the consumer purchasing a product, content, or service worth substantially less than the product, content, or service Defendant was obligated to provide."  (Compl. ¶ 196.)

Plaintiff's Complaint does *not* allege:  what devices, accessories, or media files Plaintiff purchased; how many devices, accessories, or media files Plaintiff purchased; what Plaintiff paid for each device, accessory, or media file purchased; when Plaintiff purchased each device, accessory, or media file; etc.  Recognizing Plaintiff's allegation that he was not provided sufficient receipts, Plaintiff should still be expected to provide reasonable detail to ascertain the purchases, alleged defective items, and the injury.  Plaintiff's vague assertions do not provide a factual basis for the allegation that he personally was harmed by any particular action of

Defendant which would constitute a breach.

Further, Plaintiff's allegations omit the TOU, which form a material portion of the contract at issue.  Plaintiff cannot state a claim for breach unless "the Complaint includes the language of specific contractual provisions."  *Glob. Fleet Sales, LLC v. Delunas*, 2014 WL 634075, at *11 (E.D. Mich. Feb. 18, 2014); *see also Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.*, 492 F. App'x 518, 522 (6th Cir. 2012) ("[i]t is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached"); *Young v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. (UAW)*, 2016 WL 589891, at *3 (E.D. Mich. Feb. 15, 2016) ("Plaintiffs failed to identify specific contractual language that supported their vague and conclusory allegations . . . . At that time, they not only failed to identify the specific contractual provisions that were violated, but failed to provide the relevant documents.").

Plaintiff's failure to set forth the contract terms, and any pertinent factual information concerning Plaintiff's alleged purchases or Defendant's alleged breach, cannot suffice to state a claim for breach of contract.  Accordingly, Plaintiff's second cause of action should be dismissed.  *See Santilli v. JPMorgan Chase Bank, N.A.*, 2014 WL 6675327, at *5 (E.D. Mich. Nov. 25, 2014) (dismissing breach of contract claim where complaint did not sufficiently identify the terms that were breached, or

the actions causing the breach.)[7]

## III.   PLAINTIFF HAS NOT STATED A VIOLATION OF 42 U.S.C. § 1983

For his fourth cause of action, Plaintiff asserts a claim under 42 U.S.C. § 1983 for violation of his Constitutional rights under the Fourth and Fourteenth Amendments.  (Compl. ¶¶ 211 – 220.)  "To state a claim under 42 U.S.C. § 1983, a Plaintiff must show: (1) deprivation of a right that is protected by the Constitution or law of the United States; that was (2) caused by a person acting under the color of state law."  *Gronski v. Sigler,* 2014 WL 4265824, at *2 (E.D. Mich. Aug. 5, 2014) (Mag. Morris), *report and recommendation adopted,* 2014 WL 4272773 (E.D. Mich. Aug. 28, 2014) (dismissing 42 U.S.C. § 1983 claim where charitable organization that served prisoners did not meet the "state action" requirement).  Defendant JPay is a privately-owned entity, and its alleged misconduct—breach of a consumer contract—was not under color of law.  Consequently, Defendant is not subject to claims under 42 U.S.C. § 1983.  Additionally, the alleged misconduct does not rise to the level of a Constitutional violation.  Plaintiff's Constitutional claims under the fourth cause of action must be dismissed.

---

[7] *See also Alpina Productos Alimenticios, S.A. v. Logistic All., Inc.*, 2013 WL 12120519, at *3 (S.D. Fla. Apr. 16, 2013), *report and recommendation adopted*, 2013 WL 12121510 (S.D. Fla. May 8, 2013) (dismissing breach of contract cause of action as impermissibly vague); *Gentry v. Harborage Cottages-Stuart, LLLP,* 2008 WL 7759041, at *7 (S.D. Fla. Sept. 24, 2008), *order clarified,* 2008 WL 7759974 (S.D. Fla. Oct. 8, 2008) (same).

A private party may only be liable under section 1983 where the conduct at issue is "fairly attributable to the state." *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003). Plaintiff's conclusory allegation that "Defendant acted under color of state law," (Compl. ¶ 212) is inadequate under *Ashcroft v. Iqbal.* 556 U.S. at 678-79. (courts are not bound by pleadings of "legal conclusion couched as a factual allegation".) Plaintiff also alleges that JPay contracted with MDOC to provide services for inmates, and employed "monopolistic" practices over "the MDOC music market." (Compl. ¶¶ 30-31, 77.) These claims are insufficient to characterize Defendant's actions as "attributable to the state."

The Sixth Circuit has squarely held that a private company performing a public contract, as here, does not convert a private action into a state action. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1336 (6th Cir. 1992) (private mental health center was not a state actor when it contracted with a county mental health services board to provide services to the county). Nor does the state granting a "monopoly" status convert a private action into a state action. *See Jackson v. Metro. Edison Co.,* 419 U.S. 345, 352 (1974) (Pennsylvania conferring an alleged monopoly status to a utility was insufficient to find a state action for purposes of section 1983).

In fact, the Sixth Circuit has squarely rejected finding "color of law" in the very circumstances before this Court. In *Bomer v. Access Catalog Co*., 75 F. App'x 382 (6th Cir. 2003), the Court of Appeals considered an action by a MDOC inmate

against Access Catalog Co. ("Access")—a vendor that contracted with MDOC to sell media goods to inmates prior to JPay. *Id*. at 383.  In that action, plaintiff brought claims in connection with a television and cassette player purchased from Access, and alleged a claim under 42 U.S.C. § 1983 on the basis that Access operated pursuant to a contract with MDOC. *Id*.  The Sixth Circuit affirmed dismissal, holding that, "[a]s a vendor selling products to prisoners in the custody of [MDOC], Access was not acting under the color of state law and was not liable to Bomer under 42 U.S.C. § 1983." *Id*.

Under this clear precedent, Sixth Circuit courts have routinely held that private corporations who sell products to inmates do not act "under color of law." In *Kyles v. Keefe Commissary Network LLC* an inmate brought a 1983 claim against a company that sold commercial goods to MDOC inmates, alleging false representations regarding the goods sold.  2015 WL 1637466, at *1 (E.D. Mich. Apr. 13, 2015).  In dismissing the claim, the court noted, "no Sixth Circuit court has found that a private corporation acts under color of state law by merely supplying products to a department of corrections or selling products directly to prisoners." *Id*. at *6; *see also Jackson v. Siringas*, 2013 WL 3810301, at *4 (E.D. Mich. July 23, 2013)*, aff'd* (May 15, 2014) (private company providing telephone services to inmates was not a "state actor").  Plaintiff's claim under section 1983 should be dismissed.

-20-

## IV.   PLAINTIFF'S FIFTH THROUGH EIGHTH CAUSES OF ACTION ARE DUPLICATIVE OF PLAINTIFF'S BREACH OF CONTRACT CLAIM AND SHOULD BE DISMISSED

Plaintiff's fifth, sixth, seventh and eighth causes of action are wholly duplicative of Plaintiff's breach of contract claim.  (Compl. ¶¶ 221- 249.)  Plaintiff's breach of contract claim is predicated on his alleged inability to own, access, or control the products he purchased from Defendant in perpetuity.  (Compl. ¶¶ 192, 196.)  The following claims[8] are premised on the same facts and harm, and do not provide an additional basis for damages:

### A.   Fifth Cause of Action:  Breach of Good Faith and Fair Dealing

Plaintiff's breach of good faith and fair dealing claim alleges the very same misconduct regarding ownership, access and control of content as underlies the breach of contract claim.  (Compl. ¶ 226.)  Because Plaintiff does not state an independent harm, his fifth cause of action must be dismissed.  *See Varnes v. Home Depot USA, Inc.*, 2012 WL 5611055, at *1 (M.D. Fla. Nov. 15, 2012) (dismissing good faith and fair dealing claim that did not allege "any violation different from the breach of contract and breach of warranty claims"); *Shibata v. Lim*, 133 F. Supp. 2d

---

[8] Because these causes of action arise from the Parties' contract, the TOU's Florida choice-of-law provision is applicable to these claims.  *See Masco Cabinetry Middlefield, LLC v. Cefla N. Am., Inc.*, 637 F. App'x 192, 196 (6th Cir. 2015) (applying choice-of-law provision to tort claims arising from a written agreement); *Gen. Elec. Co. v. Siempelkamp GmbH & Co.*, 29 F.3d 1095 (6th Cir. 1994) (same).

1311, 1319 (M.D. Fla. 2000) ("[A] breach of the implied duty may be dismissed as redundant where the conduct allegedly violating the implied covenant is duplicative of the companion cause of action alleging breach of contract"); *Brueggemann v. NCOA Select, Inc.*, 2009 WL 1873651, at *6 (S.D. Fla. June 30, 2009) (dismissing a breach of good faith and fair dealing claim as duplicative of breach of contract)[9]

### B.      Sixth and Eighth Causes of Action: Negligent and Fraudulent Misrepresentation

Plaintiff's negligent misrepresentation claim alleges Defendant misrepresented Plaintiff's ability to own, access, or control the products he purchased from Defendant in perpetuity.   (Compl. ¶ 232.)   The fraudulent misrepresentation claim vaguely alleges misrepresentations concerning the "nature and qualities" and "performance" of JPay's products and services.  (Compl. ¶ 244.) Neither claim is distinguishable from the duties alleged under contract.  (Compl. ¶¶ 193, 196.)

"It is well-settled that a plaintiff may not 'recast causes of action that are otherwise breach-of-contract claims as tort claims.'"  *Sun Life Assurance Co. of*

---

[9] In the event the Court determines that Plaintiff's claims must be governed by Michigan law, this claim must be dismissed because Michigan does not recognize an independent tort action for breach of duty of good faith and fair dealing.  *See Lossia v. Flagstar Bancorp, Inc.*, 2016 WL 520867, at *2 (E.D. Mich. Feb. 10, 2016).

*Canada v. Imperial Holdings Inc.*, 2016 WL 10565034, at *5 (S.D. Fla. Sept. 22, 2016) (dismissing a fraudulent misrepresentation claim where the "purported misrepresentations are no different than what underlies [plaintiff's] contractual claims"); s*ee also Lillibridge Health Care Servs., Inc. v. Hunton Brady Architects, P.A.*, 2010 WL 3788859, at *15 (M.D. Fla. Sept. 24, 2010) (dismissing a negligent misrepresentation claim where "[t]he negligence that is alleged is the same conduct that is alleged to have amounted to a breach of contract….")

### C.  Seventh Cause of Action:  Unjust Enrichment

Under Florida law, an "unjust enrichment claim [is] precluded by the existence of an express contract between the parties concerning the same subject matter." *Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1220 (S.D. Fla. 2015) (citation omitted) (dismissing a claim for unjust enrichment); *see also Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. Dist. Ct. App. 2008) ("a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter.")

In some circumstances, unjust enrichment may be pled in the alternative, but only "if one or more parties contest the existence of an express contract governing the subject of the dispute." *Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010) (citation omitted) (dismissing unjust enrichment where parties did not contest the existence of a contract).  Defendant disputes the occurrence of a

breach, but not the validity of the Parties' contract.

## V.   PLAINTIFF FAILED TO ALLEGE FRAUD WITH REQUISITE PARTICULARITY

Fed. R. Civ. P. 9(b) imposes a heighted pleading standard where a party alleges fraud.  Specifically, Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b); *see also Bennett v. MIS Corp*., 607 F.3d 1076, 1100 (6th Cir. 2010).  Plaintiff's allegations of fraud rely on generalized and conclusory statements that Defendant mischaracterized the "nature and qualities," "performance," and "nature and extent of difficulties" for its products and services. (Compl. ¶ 244.)  This falls far short of the requirements of Rule 9(b).

To satisfy the requirements of particularity imposed by Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *Ind. State Dist. Council of Laborers v. Omnicare, Inc.*, 583 F.3d 935, 942-43 (6th Cir. 2009) (internal quotation marks and citation omitted); *see also In re Pegasus Wireless Corp. Sec. Litig.,* 657 F. Supp. 2d 1320, 1324 (S.D. Fla. 2009) ("[T]he complaint must specify: (1) what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making it (or, in the case of omissions, not making) same; (3) the content of such statements

and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud.")

Plaintiff's vague allegations, including that "Defendant advertised, represented, and induced Mr. Kensu to believe that the content, products, and services he was purchasing were his to own…" are insufficient under Rule 9(b). (Compl. ¶ 150.) Plaintiff fails to identify any specific statement that it alleges to be fraudulent, or the speakers, dates, or locations of the alleged fraudulent statements. "The complaint does not say who made the alleged fraudulent statements, where and when the statements were made, or what the statements were." *Atlas Techs., LLC v. Levine*, 268 F. Supp. 3d 950, 963 (E.D. Mich. 2017) (dismissing fraud claim as stated with insufficient particularity).

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that their Motion be granted and that the Court issue an order dismissing the Complaint.

Dated:  June 1, 2018                         Respectfully submitted,

                                             JPAY INC.


                                             By:  */s/ Elizabeth Herrington*
                                                   One of Their Attorneys

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies the foregoing Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) and Defendant's Brief in Support of the Motion were filed on June 1, 2018 with the Clerk of Court using the CM/ECF system.


*/s/ Elizabeth Herrington*

Elizabeth Herrington (IL#6244547)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
312-324-1000
beth.herrington@morganlewis.com

*Attorney for Defendant*