# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TEMUJIN KENSU, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

    *Plaintiff*,

v.

JPAY INC.

    *Defendant*.

Case No. 2:18-cv-11086-SFC-PTM

Hon. Sean F. Cox
Mag. Judge Patricia T. Morris

---

EXCOLO LAW PLLC
Keith L. Altman (P81702)
Solomon M. Radner (P73653)
Ari Kresch (P29593)
26700 Lahser Road, Suite 401
Southfield, MI 48033
516-456-5885
kaltman@lawampmmt.com

*Attorneys for Plaintiff*

MORGAN, LEWIS & BOCKIUS LLP
Elizabeth Herrington (IL#6244547)
Zachary R. Lazar (IL#6325727)
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
312-324-1000
beth.herrington@morganlewis.com

HICKEY HAUCK BISHOFF & JEFFERS PLLC
Benjamin W. Jeffers (P57161)
One Woodward Avenue, Suite 2000
Detroit, MI 48226
313.964.8600
bjeffers@hhbjlaw.com

*Attorneys for Defendant*

---

# REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S RENEWED MOTION TO COMPEL ARBITRATION

Plaintiff Kensu[1] purchased media products and services from Defendant JPay. Like many companies, JPay requires customers agree to Terms of Use ("TOU") before it will sell products and/or services to them. In fact, JPay has created its systems in a way that prevents customers from buying products and services until they agree to JPay's TOU. By agreeing to the TOU, Plaintiff accepted the broad arbitration provision contained therein. In accordance with federal law favoring arbitration provisions, and for the reasons set forth in Defendant's opening Memorandum, the Court should compel arbitration and dismiss or stay this action. Plaintiff's arguments to the contrary are unavailing.

## I.   ALL OF PLAINTIFF'S CLAIMS ARE SUBJECT TO ARBITRATION

Plaintiff attempts to circumvent his express contractual obligation to arbitrate by asserting third-party beneficiary claims under a prior agreement between JPay and MDOC. Plaintiff contends that the absence of an arbitration provision in this third-party contract negates his direct agreement the arbitrate the transactions at issue. This has no precedent, and should not be permitted.

Plaintiff's causes of action for breach of the JPay/MDOC contract, to the extent he has any, are entirely premised on JPay's alleged wrongful conduct vis-à-vis "products, content and services" Plaintiff purchased from JPay after agreeing that

---

[1] Defendant incorporates all defined terms previously identified in its Renewed Motion to Compel Arbitration (ECF No. 19).

1

these "products, content and services" would be governed by JPay's TOU. FAC at ¶ 202. Consequently, Plaintiff's claims necessarily constitute claims "among the parties . . . relating to [the TOU],"[2] and are therefore covered by the arbitration clause Plaintiff agreed to after the JPay/MDOC contract was signed, and must be arbitrated under that agreement.

Plaintiff's cited authorities are inapposite. In *Lee v. All Fla. Const. Co.*, 662 So. 2d 365 (Fla. Dist. Ct. App. 1995) two contracts between the same parties governed two distinct and severable construction projects. The court correctly found that the arbitration provision from one contract could not be applied to claims arising solely under the other. Likewise, *Eugene W. Kelsey & Son, Inc. v. Architectural Openings, Inc.*, 484 So. 2d 610 (Fla. Dist. Ct. App. 1986) concerned two separate subcontracting agreements between the same parties, and claims arising uniquely from one contract were not subject to the arbitration provision of the other.

All of Plaintiff's claims arise from his purchase of products and services under the TOU, and are therefore subject to the TOU. This case does not concern—as in Plaintiff's citations—two completely unrelated contractual obligations between the parties. Instead, these two agreements operate in tandem: the MDOC agreement grants Defendant the status of service provider, while the TOU governs the terms of

---

[2] *See* 2016 TOU § 5(a); 2017 TOU § 8(a) (requiring arbitration for "[a]ny dispute, claim or controversy among the parties arising out of or relating to this Agreement.")

service between the service provider and customers. To the extent Plaintiff is a third-party beneficiary of the MDOC agreement, it is only *because he accepted the TOU*. The TOU directly controls the relationship of the Parties.

Furthermore, Plaintiff's third-party claims are not factually severable from the TOU. Regardless of the MDOC agreement's "broad scope," Plaintiff's claims narrowly arise from purchases under the TOU. Plaintiff cannot escape arbitration by asserting parallel claims on the same facts. *See McIntyre v. First Fin. Grp.*, 2012 WL 5939931, at *3 (W.D. Mich. Nov. 27, 2012) (statutory claim was subject to arbitration because it was factually "arising out of or relating to" an agreement.)

An absent term in the agreement between JPay and MDOC cannot negate the Parties' direct agreement concerning the transactions at issue. Such an evasion has no support in law, and would undermine the contractual intent of the TOU.

## II. PLAINTIFF DOES NOT DEMONSTRATE UNCONSCIONABILITY

An arbitration agreement may only be voided as unconscionable if it is both procedurally and substantively so. Procedurally, Plaintiff impugns the TOU as an adhesion contract; but Michigan law is clear that this label "may not be used as a justification for creating any adverse presumptions or for failing to enforce a contract as written." *Rory v. Cont'l Ins. Co.*, 473 Mich. 457, 490 (2005).

Plaintiff argues procedural unconscionability based on lack of choice for other media options. This argument makes little sense in the context of a prison, where

3

Plaintiff's restricted access to commerce is an intended legal consequence of his incarceration. *See Dotson v. Calhoun Cty. Sheriff's Dep't*, 2008 WL 160622, at *4 (W.D. Mich. Jan. 15, 2008) ("Inmates have no federal constitutional right to be able to purchase items from a commissary.")  While Defendant's services might be Plaintiff's only option for e-communications, Plaintiff is not prevented from using other means of communication like paper mail or the phone.  Defendant's entertainment tablets are neither necessary for an inmate's wellbeing, or the only form of entertainment in prison.  Plaintiff voluntarily chose to purchase Defendant's products and services.  Accepting the TOU was part of that choice.

Plaintiff also argues procedural unconscionability based on a *hypothetical* situation: an inmate *might* have funds in their JPay account before signing the TOU. But that is not what happened.  Plaintiff does not allege he had funds in his account, or owned a JPay device, when he accepted the TOU in June of 2016 following his three-year service suspension.[3]  Plaintiff cannot assert unconscionability based on events that did not occur.

Plaintiff argues the TOU is substantively unconscionable because it does not satisfy JAMS' rules.  But JAMS' rules are not the standard for substantive unconscionability.  Substantive unconscionability is found "where the inequity of

---

[3] *Powertel, Inc. v. Bexley*, 743 So. 2d 570 (Fla. Dist. Ct. App. 1999) is distinguishable.  In *Powertel*, plaintiffs agreed to a contract that did not contain an arbitration provision, purchased products from Powertel, and Powertel later added an arbitration provision to the agreement.

4

the term is so extreme as to shock the conscience." *Williams Int'l Co., LLC v. New W. Mach. Tool Corp.*, 2010 WL 331714, at *9 (E.D. Mich. Jan. 22, 2010). Plaintiff alleges nothing of the sort, and so the TOU must be enforced as written.

Moreover, JAMS explicitly reserves the right to determine the applicability of its rules. *See* JAMS COMPREHENSIVE ARBITRATION RULES & PROCEDURES, July 1, 2014, Rule 11. JAMS may readily find the TOU acceptable, as Plaintiff has not attempted to bring an action in small claims court, the TOU permits arbitration in Plaintiff's city of incarceration, and the TOU allows JAMS to determine the allocation of costs. Plaintiff's FAA § 5 argument is therefore premature.

### III. PLAINTIFF ACCEPTED THE ARBITRATION AGREEMENT

Plaintiff ***does not deny*** that he accepted the TOU. Instead, Plaintiff questions the sufficiency of JPay's evidence.[4] But without an allegation of fact that he never consented to JPay's TOU, his request for a jury trial is improper.[5] *See Mazera v. Varsity Ford Mgmt. Servs., LLC*, 565 F.3d 997, 1001 (6th Cir. 2009). The Sode Declaration sets forth personal knowledge regarding JPay's TOU, the processes for distributing and accepting the TOU, and the technological impossibility of using

---

[4] *See* Declaration of Atinuke Sode in Support of Defendants' Motion to Compel Arbitration, ("Sode Declaration") (ECF No. 19-2).

[5] If it pleases the Court, Defendant can produce electronic records documenting Plaintiff's repeated acceptance of the TOU.

5

JPay's services without first accepting JPay's TOU. *Id.* ¶ 2, 11-12. Plaintiff does not deny these facts.

Further, Plaintiff misapplies F.R.E. 1002. Defendant has provided the relevant writing—the TOU. The Rule has no application to Defendant's records, because Defendant does not seek to prove the content of the records. *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 598 (6th Cir. 2009) (F.R.E. 1002 did not require timekeeping records referenced in an affidavit). The rule does not "require production of a document simply because the document contains facts that are also testified to by a witness." *Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1543 (11th Cir. 1994). It is sufficient that the Declaration sets forth personal knowledge that it would be factually impossible for Plaintiff to purchase JPay products without accepting the TOU. Further inquiry would be wasteful.

Defendant respectfully requests that their Motion be granted.

Dated: August 14, 2018          Respectfully submitted,

JPAY INC.

By: */s/ Elizabeth Herrington*

MORGAN, LEWIS & BOCKIUS LLP
Elizabeth Herrington (IL#6244547)
Zachary R. Lazar (IL#6325727)
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
312-324-1000
beth.herrington@morganlewis.com

HICKEY HAUCK BISHOFF & JEFFERS PLLC
Benjamin W. Jeffers (P57161)
One Woodward Avenue, Suite 2000
Detroit, MI 48226
313.964.8600
bjeffers@hhbjlaw.com

*Attorneys for Defendant*

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies the foregoing Reply Brief in Further Support of Defendant's Renewed Motion to Compel Arbitration were filed on August 14, 2018 with the Clerk of Court using the CM/ECF system.

*/s/ Elizabeth Herrington*

Elizabeth Herrington (IL#6244547)
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
312-324-1000
beth.herrington@morganlewis.com

*Attorney for Defendant*