**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TEMUJIN KENSU,

    *Plaintiff*,

v.

JPAY, INC.,

    *Defendant*.

                                   /

CASE NO. 2:18-CV-11086

DISTRICT JUDGE SEAN F. COX
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S RENEWED
MOTION TO COMPEL ARBITRATION (R.19)**

**I. INTRODUCTION**

Before the Court is Defendant's motion to compel arbitration. (R.19.) Plaintiff's suit is based on a contractual relationship between Plaintiff, as a prisoner, and Defendant, as the exclusive provider of e-communication for prisoners, including money transfers, e-mail, e-books, video content, games, video visitation services, MP3 players, electronic tablets, content, products, accessories, and other services. Plaintiff's amended complaint (R.18) avers the following claims: (1) declaratory relief under 28 U.S.C. § 2201; (2) breach of contract; (3) violation of the Michigan Consumer Protection Act, MCL § 445.901 *et seq.*; (4) violation of the Fourth and Fourteenth Amendment right to be free from unreasonable seizure under 42 U.S.C. § 1983; (5) breach of duty of good faith and fair dealing; (6) negligent misrepresentation; (7) unjust enrichment; (8) fraud/intentional misrepresentation; (9) breach of express warranty; (10) breach of implied warranty. Plaintiff prays for relief including the court finding that this action satisfies the prerequisites for maintenance as a class action, and seeking restitution, injunctive

1

relief, costs and attorney fees, and any other relief the court deems appropriate. (R.18 at Page ID.768.)

On July 10, 2018, Defendant filed the instant motion to compel arbitration (R.19), Plaintiff responded (R.21), and Defendant replied. (R.21.) The motions have been fully briefed and are ready for Report & Recommendation without oral argument. I recommend GRANTING Defendant's motion, compelling arbitration, and dismissing the case without prejudice.

## II. ANALYSIS

### A. Arguments of the Parties

Defendant contends that the arbitration agreement contained in the terms of use agreement (TOU) with Plaintiff covers the disputes raised in the instant complaint and compels dismissal in favor of arbitration. (R.19.) Plaintiff argues that he is a third-party beneficiary of the contract between the Michigan Department of Corrections (MDOC) and Defendant, that this contract does not have an arbitration clause, and thus, Plaintiff is not bound by the arbitration clause in the TOU. (R.21.)  Plaintiff further argues that even if the TOU agreement is the governing document, the arbitration agreement contained therein is an unconscionable adhesion contract, and that Defendant has failed to come forward with any evidence that Plaintiff Kensu agreed to the terms of the arbitration agreement such that a question of fact exists as to whether there is a valid arbitration agreement in the TOU. (*Id.*) Defendant replies that Plaintiff's claims are subject to arbitration, that the TOU is not unconscionable, and that there is sufficient evidence that Plaintiff accepted the arbitration agreement. (R.22.)

### B. Relevant Portions of the TOUs

In the instant case, the arbitration clause in the TOUs for 2016, 2017, and 2018 provided, in paragraph 5(a) for 2016 and paragraph 8(a) for 2017 and 2018:

> Any dispute, claim or controversy among the parties arising out of or relating to this Agreement ("Dispute") shall be finally resolved by and through binding arbitration administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures and in accordance with the Expedited Procedures in those rules (the "JAMS Rules") . . . . Both the foregoing agreement of the parties to arbitrate any and all Disputes, and the results, determinations, findings, judgments and/or awards rendered through any such arbitration, shall be final and binding on the parties and may be specifically enforced by legal proceedings in any court of competent jurisdiction.

(R.19, Ex. 2, at PageID.951, PageID.960-961, and PageID.971-972.) The 2017 and 2018 versions both added a sentence stating, "**You agree that, by entering into this Agreement, you and JPay are each waiving the right to a trial by jury or to participate in a class action or class arbitration.**" (R.19 at PageID.961 and Page ID.972) (emphasis in original).

All three agreements also contain waivers of the right to participate in a class action lawsuit or class arbitration. The 2016 language stated as follows:

> ALL DISPUTES, REGARDLESS OF THE DATE OF ACCRUAL OF SUCH DISPUTE, SHALL BE ARBITRATED ON AN INDIVIDUAL BASIS. YOU ARE WAIVING YOUR RIGHT TO PARTICIPATE IN A CLASS ACTION LAWSUIT . . . YOU AND JPAY AGREE THAT THE ARBITRATORS HAVE NO AUTHORITY TO ORDER CONSOLIDATION OR CLASS ARBITRATION OR TO CONDUCT CLASS-WIDE ARBITRATION PROCEEDINGS, AND ARE ONLY AUTHORIZED TO RESOLVE THE INDIVIDUAL DISPUTES BETWEEN YOU AND JPAY ALONE. FURTHER, YOU WILL NOT HAVE THE RIGHT TO CONSOLIDATION OR JOINDER OR INDIVIDUAL DISPUTES OR ARBITRATIONS, TO HAVE ANY DISPUTE ARBITRATED ON A CLASS ACTION BASIS, OR TO PARTICIPATE IN A REPRESENTATIVE CAPACITY OR AS A MEMBER OF ANY CLASS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION.
>
> THE VALIDITY, EFFECT, AND ENFORCEABILITY OF THE FOREGOING WAIVER OF CLASS ACTION LAWSUIT AND CLASS-WIDE ARBITRATION, IF CHALLENGED, ARE TO BE DETERMINED SOLELY AND EXCLUSIVELY BY FEDERAL DISTRICT COURT LOCATED IN THE SOUTHERN DISTRICT OF FLORIDA OR FLORIDA STATE COURT IN MIAMI-DADE COUNTY AND NOT BY JAMS OR ANY ARBITRATOR.

(R.19 at PageID.951-952.)

The 2017 and 2018 language differed slightly:

ALL DISPUTES, REGARDLESS OF THE DATE OF ACCRUAL OF SUCH DISPUTE, SHALL BE ARBITRATED ON AN INDIVIDUAL BASIS. YOU ARE WAIVING YOUR RIGHT TO PARTICIPATE IN A CLASS ACTION LAWSUIT . . . . FURTHER, YOU ARE WAIVING, AND WILL NOT HAVE, THE RIGHT TO CONSOLIDATION OR JOINDER OF INDIVIDUAL DISPUTES OR ARBITRATIONS, TO HAVE ANY DISPUTE ARBITRATED ON A CLASS ACTION BASIS, OR TO PARTICIPATE IN A REPRESENTATIVE CAPACITY OR AS A MEMBER OF ANY CLASS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION. FURTHER, YOU AND JPAY AGREE THAT THE ARBITRATORS HAVE NO AUTHORITY TO ORDER CONSOLIDATION OR CLASS ARBITRATION OR TO CONDUCT ANY FORM OF REPRESENTATIVE OR CLASS-WIDE ARBITRATION PROCEEDINGS, AND ARE ONLY AUTHORIZED TO RESOLVE THE INDIVIDUAL DISPUTES BETWEEN YOU AND JPAY ALONE.

THE SCOPE, VALIDITY, EFFECT, AND ENFORCEABILITY OF THE FOREGOING WAIVER OF CLASS ACTION LAWSUIT AND REPRESENTATIVE OR CLASS-WIDE ARBITRATION ARE TO BE DETERMINED SOLELY AND EXCLUSIVELY BY THE FEDERAL DISTRICT COURT LOCATED IN THE SOUTHERN DISTRICT OF FLORIDA OR FLORIDA STATE COURT IN MIAMI-DADE COUNTY AND NOT BY JAMS OR ANY ARBITRATOR. IF A LAWSUIT IS FILED TO ENFORCE THESE WAIVERS THE PARTIES AGREE THAT THE ARBITRATION SHALL BE IMMEDIATELY STAYED, BY AGREEMENT OR COURT ORDER, UNTIL THE COURT CASE IS RESOLVED AND ALL APPELLATE REVIEW IS EXHAUSTED, THE COST OF PROCEEDINGS UNDER THIS SECTION, INCLUDING, WITHOUT LIMITATION, EACH PARTY'S ATTORNEY FEES AND COSTS, SHALL BE BORNE BY THE UNSUCCESSFUL PARTY.

(R.19 at PageID.961-962, PageID.972-973.)

### C. Applicable standards

"The Federal Arbitration Act codifies a national policy in favor of arbitrating claims when parties contract to settle disputes by arbitration." *Andrews v. TD Ameritrade, Inc.*, 596 F. App'x 366, 370 (6th Cir. 2014). The pertinent question is whether there is a valid agreement between the parties and whether the specific dispute falls within the substantive scope of the

4

agreement. *Id*. at 371. Any doubts regarding arbitrability should be resolved in favor of arbitration. *Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Stated another way, the "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alalbama v. Randolph*, 531 U.S. 79, 91 (2000). "[A]n enforceable contractual right to compel arbitration operates as a quasi-jurisdictional bar to a plaintiff's claims, providing grounds for dismissal of the suit." *Johnson Associates Corp. v. HL Operating Corp.*, 680 F.3d 713, 718 (6th Cir. 2012). The burden is on the party opposing arbitration to show that the agreement is not enforceable. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000).

Since arbitration agreements are contracts, federal courts generally apply state law when determining whether the contract was properly formed and the enforceability of the arbitration agreement. *Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007). Once those thresholds are crossed, substantive federal arbitration law applies. In addition, here, the arbitration agreements state that "[t]he arbitration provisions set forth herein, and any arbitration conducted thereunder, shall be governed exclusively by the Federal Arbitration Act, Title 9 United States Code, to the exclusion of any state or municipal law of arbitration." (R.19 at PageID.950, PageID.961, Page ID.972.)

The Sixth Circuit uses a four factored test to determine if a case should be dismissed and arbitration compelled: (1) whether the parties agreed to arbitrate; (2) the scope of the agreement to arbitrate; (3) if federal statutory claims are involved, whether Congress intended for those claims to be arbitrable; and (4) if only some of the claims are subject to arbitration, whether the nonarbitrable claims should be stayed pending arbitration. *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003).

### 1. Whether the parties agreed to arbitrate

As shown above, the relevant TOUs each contained a paragraph requiring that "[a]ny dispute, claim or controversy among the parties arising out of or relating to this Agreement ("Dispute") shall be finally resolved by and through binding arbitration . . . . Both the foregoing agreement of the parties to arbitrate any and all Disputes, and the results, determinations, findings, judgments and/or awards rendered through any such arbitration, shall be final and binding on the parties…" (R.19, Ex. 2 at PageID.951, PageID.960-961, and PageID.971-972.)

In Michigan, "a valid contract requires five elements: (1) parties competent to enter into a contract; (2) a proper subject matter; (3) legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation." *Bank of America, NA v. First America Title Ins. Co.*, 499 Mich. 74, 101 (Mich. 2016). Mutuality of agreement means that there is mutual assent, i.e., a meeting of the minds, as to all of the essential terms of the contract. *Sanchez v. Eagle Alloy, Inc.*, 254 Mich. App. 651, 665 (Mich. App. 2003). "A meeting of the minds can be found from performance and acquiescence in that performance." *Id*. at 666.

Plaintiff does not contest that the TOUs are valid contracts, but instead argues that there is at least a genuine issue of material fact as to whether Plaintiff agreed to the arbitration portion of the TOU. (R. 21 at PageID.1080-1082.) Plaintiff contends that Defendant's proffered affidavit by its paralegal, Ms. Sode—which discussed JPay's system and Plaintiff's account (R.19, ex. 1)—is not admissible because she does not "state that she has personal knowledge concerning Kensu" and that "Defendant has provided no factual records to support the affiant's contentions regarding Plaintiff's supposed agreement." (R.21 at PageID.1081.) Plaintiff does not dispute that he made multiple purchases of electronic communications services at JPay kiosks under the TOUs. I therefore find that mutuality of agreement is established by his performance and

acquiescence in that performance. *Sanchez,* 254 Mich. App. at 665-666*; see also, Carey v. Uber Technologies, Inc.,* No. 1:16-cv-1058, 2017 WL 1133936, at *4 (N.D. Ohio March 27, 2017) (clicking through screens to sign up to use a product, even where terms are contained in a hyperlink, is an acceptable method to manifest assent to the terms of an agreement even if the user failed to actually review the terms).[1]

In *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002), the Sixth Circuit declared that "in deciding whether a valid agreement to arbitrate exists, district courts may consider only claims concerning the validity of the arbitration clause itself, as opposed to challenges to the validity of the contract as a whole." "[A]ttacks on the validity of an entire contract, as distinct from attacks aimed at the arbitration clause, are within the arbitrator's ken." *Preston v. Ferrer*, 552 U.S. 346, 353 (2008). Therefore, "the party opposing . . . arbitration must state a 'well-founded claim of fraud in the inducement of the arbitration clause itself, *standing apart from the whole agreement,* that would provide grounds for the revocation of the agreement to arbitrate.'" *Great Earth*, 288 F.3d at 890, quoting *Arnold v. Arnold Corp.*, 920 F.2d 1269, 1278 (6th Cir. 1990) (emphasis in original).

Here, Plaintiff contends that the TOUs are unenforceable adhesion contracts because "[t]here is no alternative to JPay available to prisoners within the MDOC . . . prisoners must use JPay's services or do without." (R.21 at PageID.1070.) Plaintiff does not contend that there was any fraud in the inducement to enter into the TOUs. Plaintiff's claims regarding the TOUs focus on the monopolistic control over the market/prices and subsequent breaches of contract and

---

[1] In addition, since both parties were bound to do something under the agreement, Defendant to provide services and Plaintiff to pay for such services, I further find that consideration and mutuality of obligation existed. There is no allegation that either of the parties was incompetent or that the contract concerns anything but proper subject matter. Accordingly, even if the validity of the contract was fully challenged, I suggest the TOUs are valid contracts.

warranties along with failure of customer service on the products sold rather than any actual fraud in the inducement to enter into the TOUs. (R.18.)[2]

This unconscionability argument based on the take it or go without e-communication in prison aspect of the TOUs "unquestionably go[es] to the validity of the [] agreement as a whole, rather than the arbitration provisions specifically." *McGrew v. VCG Holding Corp., et al*, 244 F. Supp.3d 580, 592 (W.D. Ky. 2017). Accordingly, this claim should be addressed by the arbitrator rather than the court. *Id.*; *accord Ewell v. Heath*, No. 17-cv-11876, 2018 WL 460073, at *2-3 (E.D. Mich. Jan. 18, 2018) (finding arbitration agreement valid where the plaintiff had not argued fraud in the inducement to enter into the arbitration provision of the contract, leaving "arguments as to the validity of the contract [as a whole] to be considered by the arbitrator"); *Doss v. Nordstrom, Inc.*, No. 3:15-CV-00904, 2016 WL 4272334, at *4 (M.D. Tenn. Aug. 15, 2016) (argument that agreement is an "unconscionable contract of adhesion, thereby rendering it unenforceable" that did not include an argument that there was any fraud in the inducement to enter into the arbitration provision of the contract left "any question of a breach of contract . . . for arbitration").

Even if Plaintiff confined his unconscionability argument to the arbitration clause alone, the result would be the same. *Big City Small World Bakery Café, LLC v. Francis David Corp.*, 265 F. Supp. 3d 750, 762-64 (E.D. Mich. 2017) (rejecting claim that agreement was adhesive because defendant was in a superior bargaining position and offered the contract on a 'take it or leave it basis" under Ohio law); *see also Stevens Bratton v. Trugreen, Inc.*, 675 F. App'x 563,

---

[2] Plaintiff refers to the contract between Defendant and the MDOC in the misrepresentation counts and complains that the products, content, and services offered by Defendant were falsely advertised and that Plaintiff, as third-party SSbeneficiary to that contract, was damaged. (R. 18 at PageID.759-762.) However, these arguments do not pertain to the TOUs and their arbitration clauses which are the subject here.

571 (2017) (arbitration provision is not overbroad where it applies to any claim, dispute or controversy); *West v. Legacy Motors, Inc.*, No. 16-12101, 2016 WL 6476458, at *2 (E.D. Mich. Nov. 2, 2016) (arbitration clause is not substantively unconscionable simply because the plaintiff got a bad deal).

Finally, Plaintiff also contends that the TOUs should not be the governing documents and that the contract between MDOC and JPay should govern because Plaintiff is a third-party beneficiary to that contract and that contract does not have an arbitration clause. However, Plaintiff has cited no case law, and the court is aware of none, that would favor granting governance to a contract based on a third-part beneficiary theory over a contract between the actual parties to the cause of action which forms the basis of Plaintiff's claim for breach of contract.³ Accordingly, this argument does not undermine the court's analysis above.⁴

---

³ The court is aware of case law concluding that third-party beneficiaries may be compelled to arbitrate claims within the scope of the arbitration provision in the contract that benefits them even though they are non-signatories. *See., e.g.*, *Tolbert v. Coast to Coast Dealer Services, Inc.*, 789 F. Supp. 2d 811, 817 (N.D. Ohio 2011) ("Courts have held that third party beneficiaries of contracts agreed upon by other parties are bound to the arbitration clauses in those contracts, especially when the third party beneficiary is suing for breach of contract."); *Van Pamel v. TRW Vehicle Safety Systems, Inc.*, No. 12-cv-10453, 2012 WL 3134224, at *3-4 (E.D. Mich. Aug. 1, 2012) (when non-signatory seeks a direct benefit from a contract, he cannot disavow the arbitration provision in that contract); *American Family Life Assur. Co. of Columbus v. Biles*, No. 3:10CV667, 2011 WL 4014463, at *10 (S.D. Miss. Sept. 8, 2011). However, research has not revealed a successful attempt of a signatory to an arbitration agreement to avoid arbitration by diverting focus to a contract wherein the party is a third-party beneficiary.

⁴ I also note that as to Plaintiff's reference to representing other similarly situated individuals, *i.e.*, a purported yet uncertified class, the TOUs also contain three agreements with waivers of the right to participate in a class action lawsuit or class arbitration. (R.19 at PageID.951-952, PageID.961-962, PageID.972-973.) Such waivers are enforceable despite arguments that such waivers are unconscionable under Michigan law or that "waiver of class arbitration fundamentally results in the exculpation of defendants since individual claimants will not pursue small dollar claims." *Law Offices of David Flint, P.C. v. Bank of America, N.A.*, No. 15-13006, 2016 WL 144505, at * 8 (E.D. Mich. Apr. 13, 2016), *citing AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 348-51 (2011), and *American Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304 (2013); *accord Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612, 1623 (2018).

### 2. Scope of the agreement to arbitrate

The scope of the arbitration agreements are vast, covering "[a]ny dispute, claim or controversy among the parties arising out of or relating to this Agreement ("Dispute")[.]" (R.19, Ex. 2 at PageID.951, PageID.960, and PageID.971.) Accordingly, Plaintiff's claims for declaratory relief under 28 U.S.C. § 2201, breach of contract, violation of the Michigan Consumer Protection Act, MCL § 445.901 *et seq.*, violation of the Fourth and Fourteenth Amendment right to be free from unreasonable seizure under 42 U.S.C. § 1983, breach of duty of good faith and fair dealing, negligent misrepresentation, unjust enrichment, fraud/intentional misrepresentation, breach of express warranty, and breach of implied warranty, would all be included under the broad scope of the arbitration agreement.

### 3. If federal statutory claims are involved, whether Congress intended for those claims to be arbitrable

Since there are no federal statutory claims involved, this factor cannot weigh against arbitration.

### 4. If only some of the claims are subject to arbitration, whether the nonarbitrable claims should be stayed pending arbitration

As to the fourth and final factor, I suggest that all the claims are subject to arbitration such that a stay would be inappropriate. Under the FAA, courts may stay proceedings until arbitration has been held, 9 U.S.C. §3; nonetheless, where all of a party's claims are subject to arbitration, courts may properly dismiss the complaint rather than stay proceedings. *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000); *Morrissette v. Pinnacle Asset Group, LLC*, No. 14-10259, 2014 WL 7792548, at *3 (E.D. Mich. Nov. 5, 2014).

I therefore suggest that since all of Plaintiff's claims are within the scope of the arbitration agreement, their resolution should be in the arbitration forum rather than this court.

### III. CONCLUSION

For the reasons above, I recommend that Defendant's renewed motion to compel arbitration (R.19) be granted and that the case be dismissed without prejudice.

### IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

11

Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  October 22, 2018  　　　　　　　　　S/ PATRICIA T. MORRIS
　　　　　　　　　　　　　　　　　　　　Patricia T. Morris
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATION

　　I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: October 22, 2018　　　　　　　　　By s/Kristen Castaneda
　　　　　　　　　　　　　　　　　　　　Case Manager