# UNITED STATES DISTRICT COURT
# EASTERN DISTICT OF MICHIGAN
# SOUTHERN DIVISION

TEMUJIN KENSU, INDIVIDUALLY,
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

      *Plaintiffs,*

v.

JPAY INC.

      *Defendant.*

Case No. 2:18-cv-11086-SFC-PTM

Hon. Sean F. Cox
Mag. Judge Patricia T. Morris

---

EXCOLO LAW PLLC
Keith L. Altman (P81702)
Solomon M. Radner (P73653)
Ari Kresch (P29593)
26700 Lahser Road, Suite 401
Southfield, MI 48033
516-456-5885
kaltman@lawampmmt.com

*Attorneys for Plaintiff and the Class*

MORGAN, LEWIS, & BROCKIUS LLP
Elizabeth Herrington (IL#6244547)
Zachary R. Lazar (IL#6325727)
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
312-324-1000
beth.herrington@morganlewis.com

HICKEY HAUCK BISHOFF & JEFFERS
PLLC
Benjamin W. Jeffers (P57161)
One Woodward Avenue, Suite 2000
Detroit, MI 48226
313-964-8600
bjeffers@hhbjlaw.com

*Attorneys for Defendant*

---

# PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE PATRICIA T. MORRIS'S REPORT AND RECOMMENDATION ENTERED OCTOBER 22, 2018 (R.23)

Plaintiff Temujin Kensu and the Class, by and through their counsel, EXCOLO LAW, PLLC, file this objection pursuant to Fed. R. Civ. P. 72 in response to Magistrate Judge Patricia T. Morris's Report and Recommendation on Defendant's Renewed Motion to Compel Arbitration.

For the reasons stated in the attached brief, Plaintiff respectfully requests that the Court enter an Order sustaining Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, R. 23, and allow this matter to proceed to trial.

Dated: November 5, 2018                    Respectfully Submitted,


                                           EXCOLO LAW, PLLC

                                           */s/ Keith Altman*

                                           Keith Altman (P81702)
                                           Solomon Radner (P73653)
                                           Ari Kresch (P29593)
                                           Excolo Law PLLC
                                           26700 Lahser Road, Suite 401
                                           Southfield, MI 48033
                                           (516)456-5885
                                           kaltman@excololaw.com

                                           *Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# EASTERN DISTICT OF MICHIGAN
# SOUTHERN DIVISION

TEMUJIN KENSU, INDIVIDUALLY,
AND ON BEHALF OF ALL OTHERS        Case No. 2:18-cv-11086-SFC-PTM
SIMILARLY SITUATED,

         *Plaintiffs,*                           Hon. Sean F. Cox
                                   Mag. Judge Patricia T. Morris

v.

JPAY INC.

         *Defendant.*

---

| | |
|---|---|
| EXCOLO LAW PLLC | MORGAN, LEWIS, & BROCKIUS LLP |
| Keith L. Altman (P81702) | Elizabeth Herrington (IL#6244547) |
| Solomon M. Radner (P73653) | Zachary R. Lazar (IL#6325727) |
| Ari Kresch (P29593) | 77 West Wacker Drive, Fifth Floor |
| 26700 Lahser Road, Suite 401 | Chicago, IL 60601 |
| Southfield, MI 48033 | 312-324-1000 |
| 516-456-5885 | beth.herrington@morganlewis.com |
| kaltman@lawampmmt.com | |
| | HICKEY HAUCK BISHOFF & JEFFERS |
| *Attorneys for Plaintiff and the Class* | PLLC |
| | Benjamin W. Jeffers (P57161) |
| | One Woodward Avenue, Suite 2000 |
| | Detroit, MI 48226 |
| | 313-964-8600 |
| | bjeffers@hhbjlaw.com |
| | |
| | *Attorneys for Defendant* |

---

## BRIEF IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE PATRICIA T. MORRIS'S REPORT AND RECOMMENDATION ENTERED OCTOBER 22, 2018 (R.23)

## <u>MOST APPROPRIATE AUTHORITY</u>

1. *Great Earth Cos. v. Simons*, 288 F.3d 878 (6th Cir. 2002)

2. *Adler v. Dell, Inc.*, No. 08-cv-13170, 2009 U.S. Dist. LEXIS 112204 (E.D. Mich. Dec. 3, 2009)

3. Fed. R. Civ. P. 72

4. 9 U.S.C. § 5

5. M.C.L. § 600.1405

# **TABLE OF CONTENTS**

MOST APPROPRIATE AUTHORITY .................................................................. i

TABLE OF CONTENTS.......................................................................... ii

TABLE OF AUTHORITIES ................................................................. iv

CONCISE STATEMENT OF THE ISSUE PRESENTED..................................... vi

STATEMENT OF RELEVANT FACTS .................................................... 1

LEGAL STANDARD.......................................................................... 2

ARGUMENT ...................................................................................... 4

I.      OBJECTION No. 1: THE MAGISTRATE FAILED TO CONSIDER THAT
THE ARBITRATION AGREEMENT FAILS UNDER SECTION FIVE OF THE
FEDERAL ARBITRATION ACT BECAUSE JAMS WILL NOT ARBITRATE
PLAINTIFF'S CASE AS IT DOES NOT COMPLY WITH JAMS CONSUMER
MINIMUM STANDARDS, AND THUS, THIS COURT SHOULD REJECT
THE MAGISTRATE'S REPORT AND RECOMMENDATION......................... 4

   A.  JAMS Will Find That Clauses of the Arbitration Agreement Violate
   Consumer Minimum Standards, and Thus, Will Not Arbitrate Claims Under
   the JPay Contracts.................................................................... 4

   B.  The Arbitration Agreement Fails Under Section 5 of the Federal
   Arbitration Act ......................................................................... 5

II.     OBJECTION No. 2: THE MAGISTRATE INCORRECTLY INTERPRETS
PLAINTIFF'S ATTACKS ON THE VALIDITY OF THE ARBITRATION
AGREEMENT, AND THUS, THIS COURT SHOULD REJECT THE
MAGISTRATE'S REPORT AND RECOMMENDATION ................................ 8

   A.  The Magistrate Incorrectly Determined that Plaintiff's Claims Attacked the
   Validity of the Agreement as a Whole, Rather Than the Actual Challenge to
   the Arbitration Provisions Specifically .............................................. 9

   B.  The Magistrate Mistakenly Determined that Plaintiff was Required to
   Plead Fraud in the Inducement in Entering the Arbitration Agreement, Rather
   Than the Case Law Supporting Pleading Fraud in the Inducement, Duress, or
   Unconscionability for a Valid Challenge to the Arbitration Provisions of an
   Agreement.............................................................................. 11

III.   OBJECTION No. 3: THE CONTRACT BETWEEN JPAY AND THE MDOC FORMS AN INDEPENDENT BASIS FOR PLAINTIFF AND THE CLASS TO BRING THEIR CLAIMS, AND THUS, THIS COURT SHOULD REJECT THE MAGISTRATE'S REPORT AND RECOMMENDATION. ......14

IV.   OBJECTION No. 4: PLAINTIFF RAISED A GENUINE ISSUE OF MATERIAL FACT AS TO THE VALIDITY OF THE ARBITRATION CLAUSE AND IS ENTITLED TO A JURY TRIAL ON THE ARBITRATION CLAUSE ISSUE ............................................................................................18

CONCLUSION ........................................................................................23

CERTIFICATE OF SERVICE ..............................................................24

# TABLE OF AUTHORITIES

**Cases**

*Adler v. Dell, Inc*., No. 08-cv-13170, 2009 U.S. Dist. LEXIS 112204 (E.D. Mich. Dec. 3, 2009)..................................................................................6

*Allstate Ins. Co. v. Swann*, 27 F.3d 1539 (11th Cir. 1994)....................................22

*Arnold v. Arnold Corp.*, 920 F.2d 1269 (6th Cir. 1990).........................................11

*B.F. Goodrich Co. v. U.S. Filter Corp*., 245 F.3d 587 (6th Cir. 2001) ...................8

*Collins v. Citrus Nat'l Bank*, 641 So. 2d 458 (Fla. 5th DCA 1994) ......................17

*Doctor's Assocs. v. Casarotto*, 517 U.S. 681 (1996) ....................................... 12, 13

*Eugene W. Kelsey & Son, Inc. v. Architectural Openings, Inc*., 484 So. 2d 610 (Fla. 5th DCA 1986).....................................................................................17

*Flannery v. Tri-State Div*., 402 F. Supp. 2d 819 (E.D. Mich. 2005)........................3

*Frick v. Patrick*, 165 Mich. App. 689, 419 N.W.2d 55 (1988) ...............................16

*Great Earth Cos. v. Simons*, 288 F.3d 878 (6th Cir. 2002) .................... 6, 11, 12, 13

*Guardian Depositors Corp v. Brown*, 290 Mich. 433, 287 N.W. 798 (1939).........16

*Hancock v. Am. Tel. & Tel. Co*., 701 F.3d 1248 (10th Cir. 2012)...........................20

*Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975 (10th Cir. 2014)....................20

*KRC Enters., Inc. v. Soderquist*, 553 So. 2d 760 (Fla. 2d DCA 1989) ..................17

*Lee v. All Fla. Constr. Co*., 662 So. 2d 365 (Fla. 3d DCA 1995) ...........................17

*McGrew v. VCG Holding Corp., et al*, 244 F. Supp.3d 580 (W.D. Ky. 2017) .........9

*McGuire, Cornwell & Blakey v. Grider*, 771 F. Supp. 319 (1991) ...........................6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 103 S. Ct. 927 (1983)...................................................................................................19

*Phx. Motor Co. v. Desert Diamond Players Club, Inc*., 144 So. 3d 694 (Fla. Dist. Ct. App. 2014)..........................................................................................17

*Powertel, Inc. v. Bexley*, 743 So. 2d 570 (Fla. Dist. Ct. App. 1999)......................14

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967) ................13

*Rieth-Riley Construction Co., Inc. v. Dept. of Transportation*, 136 Mich. App. 425, 357 N.W.2d 62 (1984) .............................................................................16

*Sellers v. Macy's Retail Holdings, Inc.*, No. 12-cv-02496-SHL-tmp, 2014 U.S. Dist. LEXIS 85879 (W.D. Tenn. June 5, 2014) ....................................................20

*Tolliver v. Fed. Republic of Nig.*, 265 F. Supp. 2d 873 (W.D. Mich. 2003) ...........21

*Vogel v. United States Office Prods. Co.,* 258 F.3d 509 (6th Cir. 2001)...................3

**Statutes**

42 U.S.C. § 1983 .......................................................................................................1

9 U.S.C. § 3 ...................................................................................................19

MCL § 600.1405 ............................................................................................15

**Rules**

Fed. R. Civ. P. 56 ..........................................................................................22

Fed. R. Civ. P. 72 ........................................................................................2, 3

## <u>CONCISE STATEMENT OF THE ISSUE PRESENTED</u>

1. Whether this Court should reject the Magistrate's Report and Recommendation due to the Magistrate failing to consider that the arbitration agreement fails under Section Five of the Federal Arbitration Act because JAMS will not arbitrate Plaintiff's case as it does not comply with JAMS consumer minimum standards.

2. Whether this Court should reject the Magistrate's Report and Recommendation due to the Magistrate incorrectly interpreting Plaintiff's attacks on the validity of the arbitration agreement.

3. Whether this Court should reject the Magistrate's Report and Recommendation because the contract between JPay and the MDOC forms an independent basis for Plaintiff and the Class to bring their claims.

4. Whether this Court should reject the Magistrate's Report and Recommendation as Plaintiff has raised a genuine issue of material fact as to the validity of the arbitration clause, and thus, is entitled to a jury trial on the arbitration clause issue.

## STATEMENT OF RELEVANT FACTS

Defendant JPay, Inc. ("JPay") contracted with the Michigan Department of Corrections ("MDOC") to provide services to prisoners housed in MDOC facilities, including Defendant JPay's JPay Inmate Services program ("JPay Program"). Plaintiff Temujin Kensu ("Kensu"), a prisoner currently incarcerated in the MDOC, purchased thousands of dollars' worth of money transfer services, email or "eCommunication" services, video visitation services, MP3 players, electronic tablets, content, products, and accessories from Defendant JPay through Defendant's JPay Program. Plaintiff Kensu commenced this class action lawsuit against Defendant JPay on behalf of himself and a class of individuals who similarly made purchases through Defendant's JPay Program alleging causes of action under 42 U.S.C. § 1983 and the Michigan Consumer Protection Act, in addition to claims of breach of contract, breach of the duty of good faith and fair dealing, negligent misrepresentation, unjust enrichment, fraud and intentional misrepresenting, and breach of express and implied warranty.

On June 1, 2018, Defendant JPay filed their Motion to Compel Arbitration. ECF No. 12. Plaintiff filed his Response to Defendant's Motion to Compel Arbitration on June 21, 2018, ECF No. 16, followed by an amended complaint on June 26, 2018. ECF No. 18. Defendants filed their Renewed Motion to Compel Arbitration on July 10, 2018, ECF No. 19, to which Plaintiff responded on July 31,

2018. ECF No. 21. On October 22, 2018, Magistrate Judge Patricia T. Morris entered her Report and Recommendation on Defendant's Renewed Motion to Compel Arbitration (R.19). ECF No. 23. Plaintiff files this timely objection pursuant to Fed. R. Civ. P. 72(b)(2).

## LEGAL STANDARD

In filing an objection to Magistrate Judge's order on nondispositive matters, Rule 72 of the Federal Rules of Civil Procedure provides, in pertinent part:

> A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72 (a).

For dispositive matters, Rule 72 of the Federal Rules of Civil Procedure provides, in pertinent part:

> (b)(2) Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.

> (3) *Resolving Objections.* The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72 (b)(2)-(3).

While a motion to compel arbitration is not enumerated in this Court's local rules defining dispositive motions, Plaintiff asserts that an order compelling arbitration has the same practical effect as the enumerated dispositive motions.

"The effect of the magistrate judge's order is to terminate the litigation in this Court and transfer the case to another forum for a determination of the merits. When choosing the appropriate standard of review for a magistrate judge's decisions, the Sixth Circuit 'does not limit dispositive orders to those enumerated in § 636(b)(1)(A).'" *Flannery v. Tri-State Div*., 402 F. Supp. 2d 819, 820-21 (E.D. Mich. 2005) (citing *Vogel v. United States Office Prods. Co.,* 258 F.3d 509, 517 (6th Cir. 2001). "Rather, that court has adopted 'a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion.' *Id.* The court in *Vogel* held that an order of remand should be reviewed as a dispositive order, much the same as a dismissal order: 'The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.' *Id.* Likewise, an order compelling arbitration has the practical effect of allowing the case to proceed in a different forum. Therefore, the Court views the order compelling arbitration as a dispositive order that should be reviewed *de novo.* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)." *Flannery*, 402 F. Supp. at 820-21.

## **ARGUMENT**

I.   OBJECTION No. 1: THE MAGISTRATE FAILED TO CONSIDER THAT THE ARBITRATION AGREEMENT FAILS UNDER SECTION FIVE OF THE FEDERAL ARBITRATION ACT BECAUSE JAMS WILL NOT ARBITRATE PLAINTIFF'S CASE AS IT DOES NOT COMPLY WITH JAMS CONSUMER MINIMUM STANDARDS, AND THUS, THIS COURT SHOULD REJECT THE MAGISTRATE'S REPORT AND RECOMMENDATION.

This Court should reject the Magistrate Judge's report and recommendation as the Magistrate failed to address that the matters before the Court cannot be arbitrated. The arbitration forum selected by Defendant JPay, JAMS, will not arbitrate Plaintiff's claims because the agreement does not comply with the minimum consumer standards required of consumer arbitrations. Thus, under the Federal Arbitration Act, 9 U.S.C. § 5, there is no available forum to arbitrate the dispute. This Court should reject the Magistrate's Report and Recommendation and allow Plaintiffs to bring their claims in this Court.

   A. JAMS Will Find That Clauses of the Arbitration Agreement Violate Consumer Minimum Standards, and Thus, Will Not Arbitrate Claims Under the JPay Contracts

JAMS, the arbitrator required under the terms of the agreement, will find that the terms fail to meet minimum consumer standards and will not be arbitrated by JAMS.  In her Report and Recommendation, the Magistrate failed to address this critical issue affecting Plaintiff's claims, and this Court should reject the Magistrate's Report and Recommendation.

As argued in Plaintiff's Response to Defendant's Motion to Compel Arbitration, JAMS will administer arbitration "*only* if the contract arbitration clause and specified applicable rules comply with the following minimum standards of fairness." *Id.* at 11. For several reasons, JAMS will conclude that the arbitration clause will fail to adhere to JAMS's consumer minimum standards of fairness, including 1(b) ("The Contracts state that the exclusive remedy of the prisoners is arbitration and makes no provision for the use of small claims courts"), 5 (conflict of in-person hearing location), 7 (cost of arbitration issues), and the issue of whether the TOS's were presented fairly to the Plaintiffs. *Id.* at 11-14.

Taken together, these clauses violate JAMS consumer minimum standards. On its face, these standards were developed by JAMS to ensure that an arbitration clause was not substantively unconscionable.  JAMS will not arbitrate claims under the JPAY contracts because of these violations.

   B. The Arbitration Agreement Fails Under Section 5 of the Federal Arbitration Act

   Section 5 of the Federal Arbitration Act provides:

> "If in the agreement provision be made for a method of naming or appointing an arbitrator . . . such method shall be followed . . . or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein." 9 U.S.C. § 5.

"As a general rule, when the arbitrator named in the arbitration agreement cannot or will not arbitrate the dispute, the court does not void the arbitration agreement. Instead, it appoints a different arbitrator, as provided in the Federal Arbitration Act." *Adler v. Dell, Inc*., No. 08-cv-13170, 2009 U.S. Dist. LEXIS 112204, at *5-6 (E.D. Mich. Dec. 3, 2009) (citing *Brown v. ITT Consumer Fin. Corp*., 211 F.3d 1217, 1222 (11th Cir. 2000)).

The exception to this rule occurs when "it is *clear* that the failed term is not an ancillary logistical concern but rather is as important a consideration as the agreement to arbitrate itself." *Adler* at *5-6 (quoting *McGuire, Cornwell & Blakey v. Grider*, 771 F. Supp. 319, 320 (1991) (emphasis added)). "In such situations, the Court will not sever the failed term from the rest of the agreement and the entire arbitration provision fails." *Id*. "Whether the agreement to arbitrate is entire or severable turns on the parties' intent at the time of the agreement was executed, as determined from the language of the contract and the surrounding circumstances." *Great Earth Cos. v. Simons*, 288 F.3d 878, 890 (6th Cir. 2002).

Here, as argued before the Magistrate in Plaintiff's Response to Defendant's Motion to Compel Arbitration, the failed terms in the JPay contract are anything but ancillary logistical concerns, and it renders the contract unable to meet the JAMS minimum standards of fairness to even allow it to be subject to arbitration. *Id*. at 14-17.

Each version of the JPay contract contains a section titled "Dispute Resolution," which provides:

> "Any dispute, claim or controversy among the parties arising out of or relating to this Agreement ("Dispute") shall be finally resolved by and through binding arbitration administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures and in accordance with the Expedited Procedures in those rules (the "JAMS Rules")."

Not only does JPay's TOS's specifically designate JAMS as the sole arbitrator, it designates the JAMS rules as the only rules that could be followed. JPay could have written the clause as to not limit the arbitrator to JAMS, yet it failed to do so. Not only did JPay insist on JAMS as the arbitrator, it insisted on very specific rules of JAMS – the Expedited procedures. Thus, choosing JAMS as the forum for arbitration is not just some logistical issue, but is integral to the agreement. Therefore, if JAMS refuses to arbitrate the agreement as discussed above, then the claim may not be arbitrated at all. "Only if the choice of forum is an integral part of the agreement to arbitrate, rather than an 'ancillary logistical concern' will the failure of the chosen forum preclude arbitration." *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000).

The court should not allow Defendants to have their cake and eat it too. Defendants cannot force Plaintiffs into an oppressive adhesion contract and then not even meet the minimum standards to resolve disputes in a manner that complies with its own terms. Not only does JPAY's rules specifically designate JAMS as the sole arbitrator, it designates that the JAMS rules as the only rules that could be followed.

JPay was very precise in its wording and should not be allowed to backtrack on the contract it drafted. *B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 597 (6 Cir. 2001)("ambiguities in contracts should be construed against the drafter.").

Furthermore, there is no severability clause in the arbitration agreement. At page 17 of Defendant's Motion to Compel, JPay argues that the arbitration agreement is to be considered a separate agreement. Following through on JPay's logic, the 2016 TOS does not contain a severability clause at all. The 2017 TOS and 2018 TOS do contain a severability clause at ¶ 11, but since the arbitration agreement is separate from the overall agreement, those severability clauses do not apply to the individual components of the arbitration agreement– only the arbitration agreement as a whole. Thus, this Court should require that if Plaintiff must arbitrate his claims, they must be arbitrated under the exact terms set forth by JPay.

Defendant, the sole drafter of their TOS's, very specifically chose JAMS and its specialized rules. Given that JPay's own contractual provisions fail to meet JAMS Minimum Standards of Procedural Fairness, and JAMS as the required forum for arbitration will not arbitrate the claim, the entire arbitration agreement is rendered unenforceable and Plaintiff may bring his claim before this Court.

Therefore, this Court should reject the Magistrate's Report and Recommendation as the magistrate failed to consider that should this Court compel arbitration, Plaintiffs will not have a forum to arbitrate their claims, and pursuant to *Adler*, the entire arbitration agreement fails.

## II.   OBJECTION No. 2: THE MAGISTRATE INCORRECTLY INTERPRETS PLAINTIFF'S ATTACKS ON THE VALIDITY OF THE ARBITRATION

AGREEMENT, AND THUS, THIS COURT SHOULD REJECT THE MAGISTRATE'S REPORT AND RECOMMENDATION

The Magistrate made two key mistakes that form the basis of Plaintiff's objections: First, the Magistrate incorrectly determined that Plaintiff's claims attacked the validity of the agreement as a whole, rather than the actual challenge to the arbitration provision specifically; and second, the Magistrate mistakenly determined that Plaintiff was required to plead fraud in the inducement in entering the arbitration agreement, rather than the case law supporting pleading fraud in the inducement, duress, or unconscionability for a valid challenge to the arbitration provisions of an agreement. Due to these incorrect determinations, this Court should reject the Magistrate's Report and Recommendation.

A. The Magistrate Incorrectly Determined that Plaintiff's Claims Attacked the Validity of the Agreement as a Whole, Rather Than the Actual Challenge to the Arbitration Provisions Specifically

In the Report and Recommendation, the Magistrate determines Plaintiff's "unconscionability argument based on the take it or go without e-communication in prison aspect of the TOUs 'unquestionably go[es] to the validity of the [] agreement as a whole, rather than the arbitration provisions specifically.'" Magistrate's Report and Recommendation at 8 (citing *McGrew v. VCG Holding Corp., et al*, 244 F. Supp.3d 580, 592 (W.D. Ky. 2017)). However, this determination is incorrect, as the bulk of Plaintiff's Response to Defendant's Motion to Compel Arbitration focuses on the validity of the arbitration provision itself, rather than the agreement as a

whole.

While Plaintiff did argue in the Response to Defendant's Motion to Compel Arbitration that the Court should set aside the JPay contract as an adhesion contract, couched in the correct context and viewing Plaintiff's brief as a whole, Plaintiff's arguments were premised on challenging JPay's arbitration provisions specifically. As outlined in Section II of Plaintiff's responsive brief (at 7-14), while it could have been stated more clearly, Plaintiff was challenging the arbitration provisions specifically. The section's title is "The JPay Contract's Arbitration Agreement is an Unconscionable Adhesion Contract." *Id*. at 7. At the outset of the section, Plaintiff outlines that he is challenging the arbitration agreement itself as an adhesion contract, not the contract as a whole. Furthermore, the brief goes on to explain how the arbitration provisions specifically are an "oppressive adhesion contract." *Id*. at 8.

Plaintiff challenges the arbitration provisions of the agreement by stating "not only are Plaintiffs unable to negotiate the terms of the agreement, they have no freedom of choice to choose another provider." Plaintiff's Response to Defendant's Motion to Compel at 8. In the next paragraph, Plaintiff outlines the duress Plaintiff and the Class face when deciding whether or not to agree to the arbitration terms of the contract:

> In the event that a prisoner elects not to agree to the terms of service, there is no provision for the prisoner to a) receive a refund of funds in

their JPay account and b) have their player unlocked so that they may enjoy the content **already** purchased.  In other words, Prisoners have no choice but to forfeit their JPay purchases if they do not agree with terms which JPay can alter at any time.  Surely this does not provide prisoners with any choice but to accept whatever terms JPay dictates.

*Id*. at 9.

Clearly, Plaintiff here is only challenging the arbitration provisions of the agreement. Thus, the Magistrate erred in determining Plaintiff was challenging the agreement as a whole. Accordingly, this Court should reject the Magistrate's Report and Recommendation.

>    B. The Magistrate Mistakenly Determined that Plaintiff was Required to Plead Fraud in the Inducement in Entering the Arbitration Agreement, Rather Than the Case Law Supporting Pleading Fraud in the Inducement, Duress, or Unconscionability for a Valid Challenge to the Arbitration Provisions of an Agreement

Citing *Great Earth Cos.,* the Magistrate improperly ruled "the party opposing . . . arbitration must state a 'well-founded claim of fraud in the inducement of the arbitration clause itself, *standing apart from the whole agreement,* that would provide grounds for the revocation of the agreement to arbitrate.'" Magistrate's Report and Recommendation at 7 (citing *Great Earth Cos.*, 288 F.3d at 890, quoting *Arnold v. Arnold Corp.*, 920 F.2d 1269, 1278 (6th Cir. 1990) (emphasis in original)). However, *Great Earth Cos.* clearly stands for the preposition that Plaintiff can attack the validity of the arbitration agreement by pleading fraud in the inducement, duress, or unconscionability. Given that Plaintiff's claims are sound in duress and

unconscionability, and not fraud in the inducement, this Court should reject the Magistrate's Report and Recommendation.

While the Magistrate reports that "Plaintiff does not contend that there was any fraud in the inducement to enter into the TOUs" in recommending arbitration of Plaintiff's claims (Magistrate's Report and Recommendation at 7), the cited case law does not require such a contention. Citing *Arnold,* the Sixth Circuit Court of Appeals in *Great Earth Cos.* held that in order to place the validity of the agreement to arbitrate in issue, the party opposing the petition to compel arbitration must state a "a well-founded claim of fraud in the inducement of the arbitration clause itself, *standing apart from the whole agreement*, that would provide grounds for the revocation of the agreement to arbitrate." *Id*. at 1278. Relying on this sentence alone, the Magistrate determined that Plaintiff **must** allege fraud in the inducement in order to place the validity of the arbitration agreement in issue. This determination is incorrect.

Overlooked by the Magistrate, *Great Earth Cos.* relies on the Supreme Court's decision in *Doctor's Assocs. v. Casarotto*, 517 U.S. 681 (1996), which held that "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements." *Id*. at 687. Further, the court in *Great Earth Cos.* outlined that "the Supreme Court has explained that in deciding whether a valid agreement to arbitrate exists, district

courts may consider only claims concerning the validity of the arbitration clause itself, as opposed to challenges to the validity of the contract as a whole." *Great Earth Cos.*, 288 F.3d at 889. Citing the Supreme Court in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967), the court in *Great Earth Cos.* noted that "**if the claim is fraud in the inducement** of the arbitration clause itself -- an issue which goes to the 'making' of the agreement to arbitrate -- the federal court may proceed to adjudicate it." *Id*. at 403-04 (emphasis added).

Applying *Great Earth Cos.*, as Plaintiff's claims were not fraud in the inducement, Plaintiff was not required to allege fraud in the inducement in order to put the validity of the arbitration clause in issue. As long as Plaintiff alleged "fraud, duress, or unconscionability," Plaintiff properly raised a claim "to invalidate arbitration agreements." *Doctor's Assocs.*, 517 U.S. at 687. Clearly, as outlined by *Great Earth Cos.* and *Doctor's Assosc.*, Plaintiff's claims, sound in duress and unconscionability, can be considered by the District Court to invalidate the arbitration agreement itself. The court in *Great Earth Cos.* only applied the fraud in the inducement standard because the case at hand was premised on fraud in the inducement. Here, Plaintiff's Response to Defendant's Motion to Compel Arbitration thoroughly outlines duress, the procedural unconscionability and the substantive unconscionability of the arbitration clause in the agreement.

Addressing the procedural unconscionability, citing *Powertel, Inc. v. Bexley*,

Plaintiff's Objections to Magistrate's Report and Recommendations, Kensu v. JPay          13

743 So. 2d 570, 574-75 (Fla. Dist. Ct. App. 1999), Plaintiff presented a detailed outline of the lack of meaningful choice Plaintiff and the Class had with regards to accepting the Terms of Service outlined in the agreement. Plaintiff's Response to Defendant's Motion to Compel Arbitration at 7-11. With regards to substantive unconscionability, as explained in the previous section outlining how the clauses violate JAMS's consumer minimum standards, given that the JAMS standards were designed to ensure that an arbitration was not substantively unconscionable, the fact that JAMS will not arbitrate disputes over JPay's TOS which are in violation of the standards is prima facie evidence that the arbitration agreements in the TOS are substantively unconscionable.

Given that Plaintiff challenged the arbitration provision of the agreement based upon duress and unconscionability, in compliance with *Great Earth Cos.* and *Doctor's Assosc.*, this Court should reject the Magistrate's Report and Recommendation.

III.    OBJECTION No. 3: THE CONTRACT BETWEEN JPAY AND THE MDOC FORMS AN INDEPENDENT BASIS FOR PLAINTIFF AND THE CLASS TO BRING THEIR CLAIMS, AND THUS, THIS COURT SHOULD REJECT THE MAGISTRATE'S REPORT AND RECOMMENDATION.

In the Magistrate's Report and Recommendation, the Magistrate mistakenly misconstrues Plaintiff's third-party beneficiary argument to be that "the contract between MDOC and JPay should govern because Plaintiff is a third-party

beneficiary to that contract and that contract does not have an arbitration clause." Magistrate's Report and Recommendation at 9. However, as argued in Plaintiff's Response to Defendant's Motion to Compel, this is a misclassification of Plaintiff's argument. Because the Magistrate misconstrued Plaintiff's argument, this Court should reject the Magistrate's Report and Recommendation.

Plaintiff's claims are premised on the basis that there are two separate contracts: one between Plaintiff and JPay, and a second between JPay and the MDOC to which Plaintiff is a third-party beneficiary. Plaintiffs never argued that the second contract should *govern* in the place of the other, but rather, to the extent that each claim is applicable to the second contact, because Plaintiffs are third-party beneficiaries of the JPay/MDOC contract, Plaintiffs have the right to bring their case before this court for breaches of that contract.

In Michigan, certain third-parties have statutory rights as third-party beneficiaries to enforce contractual promises. MCL § 600.1405 (the "statute") governs the rights of third-parties and, in part, provides:

> Sec. 1405. Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.
> (1) Contracts Included. A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to give or to do or to refrain from doing something directly to or for said person.

Courts use an objective standard to determine whether a party is a third-party beneficiary under the statute. *Frick v. Patrick*, 165 Mich. App. 689, 694, 419 N.W.2d 55 (1988). The agreement itself demonstrates the intentions of the parties. *Rieth-Riley Construction Co., Inc. v. Dept. of Transportation*, 136 Mich. App. 425, 430, 357 N.W.2d 62 (1984). Furthermore, in determining whether a party is a third-party beneficiary, the parties' motives and subjective intentions are irrelevant. *Guardian Depositors Corp v. Brown*, 290 Mich. 433, 287 N.W. 798 (1939).

Plaintiff and all members of the Class are intended third-party beneficiaries of the contract between MDOC and Defendant JPay. Specifically, but by no means a limitation, Attachment "D" of the above-mentioned contract sets forth requirements for JPay's service level agreements which specifically reference prisoners and their families:

> "Attachment D: SLA: CUSTOMER SERVICE
> The Contractor must maintain a customer service department that is available 24/7/365 to answer facility questions regarding prisoner orders, address kiosk issues, and provide other customer services in accordance with the Contract as needed or requested by MDOC staff. Equipment and system issues will be repaired within time frames outlined in the Contract. The Contractor must respond to all prisoner correspondence according to the terms of this Contract."

Plaintiff's First Amended Complaint specifically references this contract and the fact that it is a third-party beneficiary of the contract. FAC ¶¶ 32, 187, 197, 205, 229, 237, 244, 251, 262, 274. Given that sections of the contract between the MDOC and JPay clearly name Prisoners as the intended recipient of JPay's services,

Plaintiffs are able to alternatively bring their case before this court under this other contract.

Florida courts[1] have held that "[w]here two or more documents are executed by the same parties, at or near the same time, in the course of the same transaction, and concern the same subject matter, they will be read and construed together. *Collins v. Citrus Nat'l Bank*, 641 So. 2d 458, 459 (Fla. 5th DCA 1994); *see also KRC Enters., Inc. v. Soderquist*, 553 So. 2d 760, 761 (Fla. 2d DCA 1989). But if the parties execute two separate contracts and only one contract contains an arbitration clause, the parties cannot be compelled to arbitrate disputes arising from the contract that does not call for arbitration. *Lee v. All Fla. Constr. Co.*, 662 So. 2d 365, 366 (Fla. 3d DCA 1995) (holding that a homeowner could not arbitrate a dispute over a home repair contract, which did not have an arbitration clause, on the grounds that another contract for a home addition with the same contractor contained an arbitration clause)." *Phx. Motor Co. v. Desert Diamond Players Club, Inc.*, 144 So. 3d 694 (Fla. Dist. Ct. App. 2014) (internal quotations omitted).

Arbitration provisions from one contract cannot be extended to a separate contract between the same parties unless the parties expressly agree to do so. *Eugene W. Kelsey & Son, Inc. v. Architectural Openings, Inc.*, 484 So. 2d 610, 611 (Fla. 5th DCA 1986) (holding that the arbitration agreement in a written contract did not apply to a dispute arising from a subsequent oral agreement, which did not

---

[1] Assuming, arguendo, that the TOS's arbitration agreements are valid, Florida Law would apply as to the effect of the independent JPay/MDOC contract because JPay has selected Florida Law in the TOS's.

incorporate the arbitration clause from the written contract). *Id.* (internal quotations omitted).

Here, there are two parallel contracts governing Defendant's relationship with the prisoners of MDOC. One contract between the MDOC and Defendant to provide services to the prison population, and the contract(s) Plaintiff(s) entered into with Defendant in order to access said services. Reading the contracts together, the scope of each contract is different and dictate that arbitration, in this case, should not be required.

The contract between MDOC and Defendant explicitly discusses customer services standards.  The TOS's do not contain such provisions.  Furthermore, there is nothing in the JPay/MDOC contract which requires or even references to arbitration.  Because Defendant has breached the JPay/MDOC agreement and all of Plaintiffs claims can use the JPay/MDOC agreement as the basis, Plaintiffs do not lose the right to bring suit under the terms of JPay/MDOC contract merely because Plaintiffs have a different contract with Jpay.

Thus, Plaintiff and the Class are entitled to bring this action in this Court without arbitration because they are intended third-party beneficiaries of the JPay/MDOC contract and that contract has no arbitration provisions. Because the Magistrate misconstrued Plaintiff's argument, this Court should reject the Magistrate's Report and Recommendation.

IV.    OBJECTION No. 4: PLAINTIFF RAISED A GENUINE ISSUE OF MATERIAL FACT AS TO THE VALIDITY OF THE ARBITRATION CLAUSE AND IS ENTITLED TO A JURY TRIAL ON THE ARBITRATION CLAUSE ISSUE

In accordance with 9 U.S.C. § 4, Plaintiff demanded in his Response to Defendants' Motion to Compel Arbitration a jury trial as to whether a valid arbitration agreement existed between the parties and whether the agreement can be arbitrated under 9 U.S.C. § 5 even if there is a valid arbitration agreement. Given that the Magistrate failed to address this demand and the subsequent questions of facts presented in Plaintiff's Response, Plaintiff objects to the Magistrate's Report and Recommendation, and this Court should reject the Magistrate's findings.

The US Supreme Court has found that the Federal Arbitration Act "provides two parallel devices for enforcing an arbitration agreement: a stay of litigation in any case raising a dispute referable to arbitration, 9 U.S.C. § 3, and an affirmative order to engage in arbitration, § 4. Both of these sections call for an expeditious and summary hearing, with a restricted inquiry into factual issues*." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 22, 103 S. Ct. 927, 940 (1983). With respect to how the validity of an arbitration agreement should be evaluated, district courts in the Sixth Circuit have held:

> But "[i]n order to show that the validity of the agreement is 'in issue' [under 9 U.S.C. § 4], the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate." Mazera v. Varsity Ford Mgmt. Servs., LLC, 565 F.3d 997, 1001 (6th Cir. 2009) (quoting Great Earth Cos., 288 F.3d at 889). If "a reasonable finder of fact could conclude that no valid agreement to arbitrate exists," the issue is subject to resolution by a jury. Id. (quoting Great Earth Cos., 288 F.3d at 889). "The required showing mirrors that required to

withstand summary judgment in a civil suit." <u>Winn</u>, 2011 U.S. Dist. LEXIS 8085, 2011 WL 294407, at *2 (quoting <u>Great Earth Cos.</u>, 288 F.3d at 889) (citations omitted)); <u>see also L & R Farm P'ship v. Cargill Inc.</u>, 963 F. Supp. 2d 798, 803 (W.D. Tenn. 2013) (same); <u>Kovac v. Superior Dairy, Inc.</u>, 930 F. Supp. 2d 857, 864 (N.D. Ohio 2013) ("In evaluating motions or petitions to compel arbitration, courts treat the facts as they would in ruling on a summary judgment.")

*Sellers v. Macy's Retail Holdings, Inc.*, No. 12-cv-02496-SHL-tmp, 2014 U.S. Dist. LEXIS 85879, at *18 (W.D. Tenn. June 5, 2014)

Other courts have detailed the process to challenge an arbitration agreement. In *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 978 (10th Cir. 2014), the court noted that "[w]hen it's apparent from a quick look at the case that no material disputes of fact exist it may be permissible and efficient for a district court to decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration. *See, e.g., Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012). In these circumstances, the Act's summary trial can look a lot like summary judgment. But when, as in this case, a quick look at the case suggests material disputes of fact *do* exist on the question whether the parties agreed to arbitrate, round after round of discovery and motions practice isn't the answer." (emphasis in original). "[W]hen parties dispute the making of an agreement to arbitrate, the district court should hold a trial on the subject unless there are no genuine issues of material fact regarding the parties' agreement." *Id.* at 980.

In Michigan, when determining a motion for summary judgment, an analogous motion to FAA's summary hearing, courts require the movant to establish the absence of a genuine issue of material fact and must refute the affirmative defenses or establish that they are legally insufficient.

In this case, there is a genuine of material fact to whether Plaintiff agreed to the arbitration clause of Defendant's TOS's. Defendant provides an affidavit of Defendant's paralegal where the affiant states she has "reviewed Plaintiff Temujin Kensu's customer records. The following information is based on my review of those records." (Ex. 1, ECF No. 19-2, PageId.945, para 3.) Sode does not state that she has personal knowledge concerning Kensu.  Defendant has provided no factual records to support the affiant's contentions regarding Plaintiff's supposed agreement. In *Tolliver v. Fed. Republic of Nig.*, 265 F. Supp. 2d 873, 879 (W.D. Mich. 2003) the Court wrote:

> Rule 56 limits the materials the Court may consider in deciding a motion under the rule: "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir. 1995) (quoting Federal Rule of Civil Procedure 56(c)).

> Moreover, affidavits must meet certain requirements:

> Affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. Fed. R. Civ. P. 56(e).

Similar to Fed. R. Civ. P. 56, the same evidence standards are applicable under the FAA.  Sode's affidavit is not sufficient to overcome the material dispute of fact because it does not set forth facts that would be admissible in a trial.  It is not properly authenticated, and a factual foundation is not set force by reference to a copy of the records. Affiant merely states that records exist and that affiant viewed the records before making the affidavit. Thus, there is a genuine issue of material fact regarding Plaintiffs agreement to arbitrate.

The Sode affidavit also fails because it violates the best evidence rule.  *See* Fed. R. Evid. 1002: "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." *See also Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1543 (11th Cir. 1994). "Rule 1002 requires production of an original document only when the proponent of the evidence seeks to prove the content of the writing."  Here, Sode, without personal knowledge as to Kensu's specific circumstances, is testifying based upon her review of the records and seeks to prove the contents of the records.  This is a clear violation of Fed. R. Evid. 1002 and this Court cannot admit Sode's affidavit to prove that Kensu agreed to the terms of JPay's TOS.

Thus, for purposes of determining whether there is a valid arbitration agreement under the FAA, JPay failed to produce admissible evidence that Kensu agreed to any of the arbitration agreements.  As such, this Court must dismiss

Defendant's motion to compel arbitration on its face.  In the event that the Court does not deny JPay's motion on its face, Plaintiff has certainly raised a question of fact concerning whether Kensu agreed to these terms and is thus entitled to a jury trial. Given that the Magistrate failed to address this issue in the Magistrate's Report and Recommendation, Plaintiff objects, and this Court should reject the Magistrate's findings.

## CONCLUSION

For the above reasons, Plaintiff respectfully requests that the Court enter an Order sustaining Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, R. 23, and allow this matter to proceed to trial.

Dated: November 5, 2018                           Respectfully Submitted,


                                                  EXCOLO LAW, PLLC

                                                  */s/ Keith Altman*

                                                  Keith Altman (P81702)
                                                  Solomon Radner (P73653)
                                                  Ari Kresch (P29593)
                                                  Excolo Law PLLC
                                                  26700 Lahser Road, Suite 401
                                                  Southfield, MI 48033
                                                  (516)456-5885
                                                  kaltman@excololaw.com

                                                  *Attorneys for Plaintiff and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2018, I served the foregoing document

on Defendants *via* electronic filing:

Dated: November 5, 2018                         Respectfully Submitted,


                                                EXCOLO LAW, PLLC

                                                */s/ Keith Altman*

                                                Keith Altman (P81702)
                                                Solomon Radner (P73653)
                                                Ari Kresch (P29593)
                                                Excolo Law PLLC
                                                26700 Lahser Road, Suite 401
                                                Southfield, MI 48033
                                                (516)456-5885
                                                kaltman@excololaw.com

                                                *Attorneys for Plaintiff and the Class*