UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Temujin Kensu,

    Plaintiff,

v.                                    Case No. 18-11086

JPay, Inc.,                   Sean F. Cox
                                           United States District Court Judge

    Defendant.

_____/

**ORDER ADOPTING JUDGE MORRIS'S OCTOBER 22, 2018 REPORT AND RECOMMENDATION (ECF No. 23) AND STAYING THIS CASE PENDING ARBITRATION**

On June 26, 2018, Plaintiff Temujin Kensu filed his amended complaint in this putative class action against JPay, Inc., the exclusive provider of e-communications and e-entertainment for the Michigan Department of Corrections ("MDOC"). Kensu, a prisoner, seeks to represent all similarly situated prisoners who have "purchased products, contents, and services from [JPay], represented by [JPay] to be of a different kind, quality, and fundamental model than the product content or service actually was." (ECF No. 18, PageID 697).

Kensu's amended complaint includes ten counts: (1) declaratory relief under 28 U.S.C. § 2201; (2) breach of contract; (3) violation of the Michigan Consumer Protection Act, MCL § 445.901 *et seq*.; (4) violation of the Fourth and Fourteenth Amendment right to be free from unreasonable seizure under 42 U.S.C. § 1983; (5) breach of the duty of good faith and fair dealing; (6) negligent misrepresentation; (7) unjust enrichment; (8) fraud/intentional misrepresentation; (9) breach of express warranty; (10) breach of implied warranty. Kensu seeks restitution, injunctive

relief, costs and attorney fees, and any other relief the court deems appropriate.

The Court referred all pre-trial matters to Magistrate Judge Patricia T. Morris. (ECF No. 7). On July 10, 2018, JPay filed a motion to compel arbitration. (ECF No. 19). On October 22, 2018, Judge Morris issued a Report and Recommendation ("R&R"), wherein she recommended that the Court grant JPay's motion to compel arbitration. (ECF No. 23).

Kensu filed timely objections to Judge Morris's R&R. (ECF No. 24). JPay responded. (ECF No. 25). The Court will review Kensu's objections *de novo*. Fed. R. Civ. P. 72(b)(3).

First, Kensu objects to Judge Morris's R&R because she failed to consider that this case cannot be arbitrated by JAMS, the arbitrator specified in the agreement. Kensu argues that, because "JAMS...will find that the [agreement's] terms fail to meet [its] minimum consumer standards," JAMS will refuse to arbitrate this case. Kensu further contends that, because JAMS's participation is "an integral part" of the agreement, its absence precludes enforcement. (ECF No. 24, PageID 1124-1128).

Kensu is correct that Judge Morris did not address this argument. But this omission was likely for good reason: the Court should not—and will not—speculate on how a private entity *might* interpret and apply its own internal standards. Further, if JAMS does decline to arbitrate this case, the Federal Arbitration Act already provides for the appropriate path forward. *See* 9 U.S.C. § 5.[1] At that time, Kensu's argument that JAMS's participation is necessary might be appropriate. Until then, it is not. The Court overrules this objection.

---

[1] "If in the agreement provision be made for a method of naming or appointing an arbitrator" and "if for any...reason there shall be a lapse in the naming of an arbitrator...then upon application of either party...the court shall designate and appoint an arbitrator...who shall act under said agreement with the same force and effect as if he or they had been specifically named therein."

2

In Kensu's second objection, he argues that Judge Morris incorrectly concluded that (1) his claims attacked the validity of JPay's Terms of Use ("TOU") as a whole rather than only the arbitration agreement, and (2) he was required to plead fraud in the inducement.

"[I]n deciding whether a valid agreement to arbitrate exists, district courts may consider only claims concerning the validity of the arbitration clause itself, as opposed to challenges to the validity of the contract as a whole," *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) ("*Great Earth*"), because "attacks on an entire contract's validity, as distinct from attacks on the arbitration clause alone, are within the arbitrator's ken." *Preston v. Ferrer*, 552 U.S. 346, 353 (2008). Arbitration agreements need not be enforced when "grounds ... exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Thus, "agreements to arbitrate [may] be invalidated by 'generally applicable contract defenses, such as ... unconscionability.' " *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996))

Here, Kensu argues that "[t]he JPay Contract is the definition of an oppressive adhesion contract" because it is procedurally and substantively unconscionable. Judge Morris concluded that Kensu's "unconscionability argument based on the take it or go without e-communication in prison aspect of the TOUs 'unquestionably go[es] to the validity of the [] agreement as a whole, rather than the arbitration provisions specifically.'" (ECF No. 23, PageID 1107) (citing *McGrew v. VCG Holding Corp.*, *et. al.*, 244 F.Supp.3d 580, 592 (W.D. Ky. 2017)).

Although Kensu attempts to limit his unconscionability argument to the arbitration agreement, the Court agrees with Judge Morris that this argument goes to the validity of the contract as a whole. If Kensu's acceptance of the arbitration agreement is unconscionable, then so is his

3

acceptance of the TOUs, and vice versa. Kensu's unconscionability argument should be considered by the arbitrator, not the Court.

Further, Kensu mischaracterizes the R&R by arguing that Judge Morris concluded that the Sixth Circuit's decision in *Great Earth* required him to plead fraud in the inducement. Although Judge Morris cited language in *Great Earth* that references fraud in the inducement, and noted that Kensu "does not contend that there was any fraud in the inducement to enter into the TOU," she then addressed his unconscionability argument.[2] (ECF No. 23, PageID 1106-1107). This suggests that Judge Morris did not conclude that Kensu *must* plead fraud in the inducement. Rather, by addressing Kensu's argument, Judge Morris apparently concluded that—under the right circumstances—unconscionability could invalidate an arbitration agreement. The Court agrees. *See Casarotto*, 517 U.S. at 687. For these reasons, the Court overrules Kensu's second objection.

In his third objection, Kensu attempts to sidestep the arbitration agreement by arguing that his suit can proceed because he is a third-party beneficiary of the contract between the MDOC and JPay, which does not have an arbitration agreement. Kensu argues that "there are two parrallel contracts governing Defendant's relationship with the MDOC. One contract between the MDOC and Defendant to provide services to the prison population, and contract(s) Plaintiff(s) entered into with Defendant in order to access said services." (ECF No. 24, PageID 1138).

This argument misstates the relationships between Kensu, JPay, and the MDOC. The contracts are not parallel; one is parasitic of the other. The first creates a relationship between JPay and MDOC, and the second creates a relationship between JPAY and the prisoners who use its

---

[2]In his objections, Kensu appears to claim that Judge Morris's application of *Great Earth* also ignored his defense of duress. However, Kensu did not articulate an independent duress argument in his response to JPay's motion.

4

services.³ The second cannot exist without the first and Kensu's access to either flows through the TOUs. Further, all of Kensu's claims arise out of or relate to his use of JPay and, therefore, fall within the TOUs's arbitration agreements. The Court overrules this objection.

In this fourth objection, Kensu argues that, under 9 U.S.C. § 4, he is entitled to a jury trial on the issue of whether he entered into a valid arbitration agreement. "[I]n order to show that the validity of the agreement is 'in issue' [under 9 U.S.C. § 4], the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement." *Mazera v. Varsity Ford Mgmt. Servs., LLC*, 565 F.3d 997, 1001 (6th Cir. 2009).

JPay provided an affidavit from its paralegal, Atinuke Sode, who reviewed Kensu's records.⁴ Sode swears that Kensu made purchases through JPay after the implementation of each new TOU, and that he was required to accept the TOUs before making such purchases. Kensu does not deny that he accepted the TOUs or provide any competent evidence in response to Sode's affidavit. Thus, the Court concludes that Kensu has failed to show that there is a genuine issue of material fact as to

---

³This structure distinguishes this case from those cited by Kensu. *See Collins v. Citrus Nat'l Bank*, 641 So.2d 458, 459 (Fla. Dist.Ct. App. 1994) ("where two or more documents are executed by the *same parties*...and concern the *same subject matter*...they will be read and construed together.") (emphasis added); *Lee v. All Florida Const. Co.*, 662 So.2d 365 (Fla. Dist. Ct. App. 1995) (concerning two contracts, made by the same parties, for two separate construction projects)

⁴Kensu seeks to invalidate Sode's affidavit because she does not state that she has personal knowledge concerning Kensu. Instead, Sode states, "I have reviewed Plaintiff Temujin Kensu's customer records. The following information is based on my review of these records." Sode also states that this information is correct to the "best of [her] knowledge." Despite the lack of a specific statement saying so, the Court is satisfied that the information in the affidavit is based on Sode's personal knowledge. Kensu also challenges the affidavit under Fed. R. Evid. 1002 because JPay did not attach the reviewed records. However, Rule 1002 does not "require production of a document simply because the document contains facts that are also testified to by a witness." *Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1543 (11th Cir. 1994).

whether he entered a valid arbitration agreement.

For these reasons, the Court **OVERRULES** Plaintiff Temujin Kensu's objections and **ADOPTS** Judge Morris's October 22, 2018 Report and Recommendation. (ECF No. 23).

**IT IS ORDERED** that Defendant JPay, Inc.'s motion to compel arbitration (ECF No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** until the conclusion of any arbitration.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction for the purposes of the Federal Arbitration Act, 9 U.S.C. §§ 1-16.

**IT IS SO ORDERED**.

                                            s/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated: March 11, 2019