# UNITED STATES DISTRICT COURT
# EASTERN DISTICT OF MICHIGAN
# SOUTHERN DIVISION

TEMUJIN KENSU, INDIVIDUALLY,
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

    *Plaintiffs,*

v.

JPAY INC.

    *Defendant.*

Case No. 2:18-cv-11086-SFC-PTM

Hon. Sean F. Cox
Mag. Judge Patricia T. Morris

---

EXCOLO LAW PLLC
Keith L. Altman (P81702)
Solomon M. Radner (P73653)
Ari Kresch (P29593)
26700 Lahser Road, Suite 401
Southfield, MI 48033
516-456-5885
kaltman@lawampmmt.com

*Attorneys for Plaintiff and the Class*

MORGAN, LEWIS, & BROCKIUS LLP
Elizabeth Herrington (IL#6244547)
Zachary R. Lazar (IL#6325727)
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
312-324-1000
beth.herrington@morganlewis.com

HICKEY HAUCK BISHOFF & JEFFERS
PLLC
Benjamin W. Jeffers (P57161)
One Woodward Avenue, Suite 2000
Detroit, MI 48226
313-964-8600
bjeffers@hhbjlaw.com

*Attorneys for Defendant*

---

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO LIFT STAY OF PROCEEDINGS AND RULE ON VALIDITY OF ARBITRATION AGREEMENT

Plaintiff Temujin Kensu and the Class, by and through their counsel, EXCOLO LAW, PLLC, file this motion to lift the stay that was entered by this Court on March 11, 2019 pending the conclusion of any arbitration.

For the reasons stated in the attached brief, Plaintiff respectfully requests that the Court lift the stay and allow this matter to proceed by ruling on the validity of the arbitration agreement.

Dated: June 4, 2019                                  Respectfully Submitted,

                                                     EXCOLO LAW, PLLC

                                              By:    */s/ Keith Altman*

                                                     Keith Altman (P81702)
                                                     Solomon Radner (P73653)
                                                     Ari Kresch (P29593)
                                                     26700 Lahser Road, Suite 401
                                                     Southfield, MI 48033
                                                     (516)456-5885
                                                     kaltman@excololaw.com

                                                     *Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# EASTERN DISTICT OF MICHIGAN
# SOUTHERN DIVISION

TEMUJIN KENSU, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

    *Plaintiffs,*

v.

JPAY INC.

    *Defendant.*

Case No. 2:18-cv-11086-SFC-PTM

Hon. Sean F. Cox
Mag. Judge Patricia T. Morris

---

EXCOLO LAW PLLC
Keith L. Altman (P81702)
Solomon M. Radner (P73653)
Ari Kresch (P29593)
26700 Lahser Road, Suite 401
Southfield, MI 48033
516-456-5885
kaltman@lawampmmt.com

*Attorneys for Plaintiff and the Class*

MORGAN, LEWIS, & BROCKIUS LLP
Elizabeth Herrington (IL#6244547)
Zachary R. Lazar (IL#6325727)
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
312-324-1000
beth.herrington@morganlewis.com

HICKEY HAUCK BISHOFF & JEFFERS PLLC
Benjamin W. Jeffers (P57161)
One Woodward Avenue, Suite 2000
Detroit, MI 48226
313-964-8600
bjeffers@hhbjlaw.com

*Attorneys for Defendant*

---

**BRIEF IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO LIFT STAY OF PROCEEDINGS AND RULE ON THE VALIDITY OF THE ARBITRATION AGREEMENT**

## **MOST APPROPRIATE AUTHORITY**

1. *Inetianbor v. CashCall, Inc.*, 768 F.3d 1346 (11th Cir. 2014)

2. *Parm v. Nat'l Bank of Cal., N.A.*, 835 F.3d 1331 (11th Cir. 2016)

# **TABLE OF CONTENTS**

MOST APPROPRIATE AUTHORITY ................................................................... i

TABLE OF CONTENTS ......................................................................................... ii

TABLE OF AUTHORITIES .................................................................................. iii

CONCISE STATEMENT OF THE ISSUE PRESENTED ..................................... iv

LOCAL RULE CERTIFICATION .......................................................................... v

STATEMENT OF RELEVANT FACTS ................................................................. 1

ARGUMENT ............................................................................................................ 2

    I.    PLAINTIFF'S MOTION TO LIFT THE STAY IS PROCEDURALLY PROPER ............................................................................................................ 2

    II.    THE ARBITRATION AGREEMENT DOES NOT ALLOW FOR THE SUBSTITUTION OF AAA, AS THE CHOSEN ARBITER AND ACCOMPANYING RULES ARE INTEGRAL TO THE AGREEMENT ........... 3

CONCLUSION ......................................................................................................... 7

CERTIFICATE OF SERVICE ................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Adler v. Dell Inc.*, 2009 WL 4580739 (E.D. Mich. Dec. 3, 2009) .................... 4, 5, 6
*Inetianbor v. CashCall, Inc.*, 768 F.3d 1346 (11th Cir. 2014) ...............................6, 7
*Parm v. Nat'l Bank of California, N.A.*, 835 F.3d 1331 (11th Cir. 2016)..............6, 7

**Statutes**

42 U.S.C. § 1983 ........................................................................................................1
9 U.S.C. § 5 ................................................................................................................4

## CONCISE STATEMENT OF THE ISSUE PRESENTED

1. Whether this Court should lift the stay of proceedings entered in this case on March 11, 2019 pending the conclusion of arbitration due to the chosen arbiter declining to administer arbitration.

2. Whether this Court should determine that the arbitration agreement is invalid as an unconscionable adhesion contract.

## **LOCAL RULE CERTIFICATION**

The undersigned counsel certifies that this document complies with E.D. Mich. LR 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). The undersigned further certifies that the brief is the appropriate length since it does not exceed 25 pages. E.D. Mich. LR 7.1(d)(3).

Dated: June 4, 2019                                                   Respectfully Submitted,

                                                               EXCOLO LAW, PLLC

                              By: */s/ Keith Altman*
                                      Keith Altman (P81702)
                                      Solomon Radner (P73653)
                                      Ari Kresch (P29593)
                                      26700 Lahser Road, Suite 401
                                      Southfield, MI 48033
                                      (516) 456-5885
                                      kaltman@excololaw.com

                                      *Attorneys for Plaintiff and the Class*

## STATEMENT OF RELEVANT FACTS

Defendant JPay, Inc. ("JPay") contracted with the Michigan Department of Corrections ("MDOC") to provide services to prisoners housed in MDOC facilities, including Defendant JPay's JPay Inmate Services program ("JPay Program"). Plaintiff Temujin Kensu ("Kensu"), a prisoner currently incarcerated in the MDOC, purchased thousands of dollars' worth of money transfer services, email or "eCommunication" services, video visitation services, MP3 players, electronic tablets, content, products, and accessories from Defendant JPay through Defendant's JPay Program. Plaintiff Kensu commenced this class action lawsuit against Defendant JPay on behalf of himself and a class of individuals who similarly made purchases through Defendant's JPay Program, alleging causes of action under 42 U.S.C. § 1983 and the Michigan Consumer Protection Act, in addition to claims of breach of contract, breach of the duty of good faith and fair dealing, negligent misrepresentation, unjust enrichment, fraud and intentional misrepresenting, and breach of express and implied warranty.

On March 11, 2019, this Court entered its Order Adopting Judge Morris's October 22, 2018 Report and Recommendation (ECF No. 23) and Staying This Case Pending Arbitration. ECF No. 27. On April 23, 2019, JAMS, the exclusive arbiter designated by Defendant JPay to administer arbitration, informed Plaintiff's counsel that JAMS is "no longer administering arbitrations between JPay and its customers." Exhibit A. Accordingly, on May 13, 2019, Plaintiff moved this Court to lift the stay and allow the matter to proceed by determining the validity of the of the arbitration

agreement. On May 28, 2019, Defendant filed their opposition to Plaintiff's motion to lift the stay. Plaintiff now files this reply.

## ARGUMENT

I. PLAINTIFF'S MOTION TO LIFT THE STAY IS PROCEDURALLY PROPER

Defendant incorrectly, and with little basis, interprets Plaintiff's motion as a motion for reconsideration. However, Plaintiff's motion to lift the stay at this time is procedurally proper. This Court entered the stay pending "the conclusion of any arbitration." (Order, ECF # 27, Page ID 1228). Defendant's chosen arbiter, JAMS, has refused to arbitrate the matter. Accordingly, as this "Court shall retain jurisdiction" over the matter following arbitration, (*Id*.), lifting the stay and allowing the matter to proceed at this time is now appropriate.

Defendant's opposition is premised upon an incorrect determination that this Court has previously reached a conclusion and "already ruled upon" the unconscionability of the agreement. (Def.'s Opposition, ECF # 29, Page ID 1266). However, this interpretation and framing of the Court's March 11, 2019 order is entirely incorrect, as this Court left all such determinations to the arbiter. In imposing the stay, the Court noted, "Kensu's unconscionability argument should be considered by the arbitrator, not the Court." (Order, ECF # 27, Page ID 1226). Defendant fundamentally misconstrues Plaintiff's argument pertaining to unconscionability. Plaintiff is not asking the court to reconsider Plaintiff's arguments. This Court has held a determination on unconscionability must be decided by the arbiter. However, as the arbiter will not administer the claims, and

this Court holds jurisdiction over the matter, this Court should now allow the matter to proceed. Contrary to Defendant's contentions, Plaintiff's motion seeks to lift the stay imposed by the Court, as the purpose of imposition of the stay cannot be fulfilled.

Here, JAMS will not and is unable arbitrate Plaintiff's claims according to the terms of Defendant's agreement. Inherent to Defendant's agreement to arbitrate are JAMS's Consumer Standards, as well as administering the arbitration pursuant to JAMS's Comprehensive Arbitration Rules and Procedures the Expedited Procedures. (Def.'s Exhibit 1, D.E. 19-2; Def.'s Exhibit 1, D.E. 19-2, Page ID ## 951, 961, 971). While Defendant attempts to claim that none of these rules matter, however, the agreement clearly stipulates that any and all arbitration should be held pursuant to the JAMS standards and comprehensive rules. Even if not for the logistical problems that JAMS cites in their letter, it is Plaintiff's position that JAMS will not arbitrate on the merits because of the failure of these terms, and Defendant cannot force plaintiff to take substitute, differing rules from AAA, which were never agreed to. Accordingly, this Court maintains jurisdiction to lift the stay and resolve the dispute.

Defendant's attempts to couch Plaintiff's motion to lift the stay as a motion for reconsideration, and subsequently apply a stricter standard to Plaintiff's arguments, are unwarranted and meritless. Plaintiff's motion is properly brought and satisfies the requirements of lifting the stay. Accordingly, this Court should grant Plaintiff's motion.

II. THE ARBITRATION AGREEMENT DOES NOT ALLOW FOR THE

### SUBSTITUTION OF AAA, AS THE CHOSEN ARBITER AND ACCOMPANYING RULES ARE INTEGRAL TO THE AGREEMENT

First, Defendant's reliance on 9 U.S.C. § 5 for substitution of the arbiter is misplaced, as JAMS is an integral to the agreement and therefore another arbiter cannot be substituted. Second, Defendant's reliance on *Adler v. Dell Inc.*, 2009 WL 4580739, at *2 (E.D. Mich. Dec. 3, 2009) is not dispositive. Third, Defendant's arguments differentiate dispositive cases are flawed and fail to account for the relevant factors applicable to this case. Accordingly, this Court should grant Plaintiff's motion.

While Defendant relies on 9 U.S.C. § 5 for appointment of a different arbiter, it also correctly notes that "[a]n exception to 9 U.S.C. § 5 applies where 'it is clear that the failed term is not an ancillary logistical concern but rather is as important a consideration as the agreement to arbitrate itself.'" (Def.'s Opposition, ECF # 29, Page ID 1273) (citing *Adler*, at *2). Here, as argued and explained previously, JAMS, the exclusive arbitration forum selected by the Defendant, was integral to the agreement.

Defendant, in contending that "the agreement to arbitrate is of the highest importance to JPay," (Def.'s Opposition, ECF # 29, Page ID 1273), outlines and cites several portions of the agreement discussing arbitration, making sure to include all bold-faced and capitalized phrases indicating Defendant JPay prefers to arbitrate its disputes. While Defendant claims these portions of the agreement are instructive, it ignores the fundamental terms in the agreement governing any and all arbitration: Defendant's agreement stipulates that arbitration must be administered according to

JAMS's Consumer Standards and JAMS's Comprehensive Arbitration Rules and Procedures the Expedited Procedures.  Contentions that arbitration is valued above all are inapplicable, as even if that were the case, selecting this arbitration forum and these rules specifically as the exclusive forum and rules of procedure are clearly integral and "of the highest importance."

Moreover, Defendant's reliance on *Adler* in support of their claim that substitution of an arbiter is appropriate is not dispositive.  Defendant contends *Adler* represents a "functionally identical agreement" where the court "could not conclude the selection of an arbitrator was 'as important a consideration as the agreement to arbitrate itself.'" (Def.'s Opposition, ECF # 29, Page ID 1273) (citing *Adler*, at *2).  These contentions are misguided.

First, the *Adler* held "the language of the contract is ambiguous on the intent of the parties in designating NAF, to administer the arbitration." *Adler*, at *2.  Here, there is no ambiguity concerning the intent of Defendant to designate JAMS as the exclusive arbiter, and administer arbitration pursuant to JAMS's Consumer Standards and JAMS's Comprehensive Arbitration Rules and Procedures the Expedited Procedures.  As the agreement denotes, JAMS is pervasive throughout the entire agreement, as the agreement and its terms rely on the JAMS standards and rules.

Second, while the *Adler* court held that the designation of NAF was secondary because the plaintiff "offered no reason to conclude that NAF rules cannot be applied by a substitute arbitrator," (*Adler*, at *2), here, AAA will not apply JAMS's Consumer Standards and JAMS's Comprehensive Arbitration Rules and Procedures

the Expedited Procedures. There is no reason to expect that AAA will apply these same arbitration provisions governing the agreement, and accordingly, it cannot be said that these terms, which are pervasive and integral throughout the entire agreement, are secondary.

Similarly, Defendant's attempts to distance this case from *Parm v. Nat'l Bank of California, N.A.*, 835 F.3d 1331 (11th Cir. 2016) and *Inetianbor v. CashCall, Inc.*, 768 F.3d 1346 (11th Cir. 2014) is somewhat confusing. While Defendant argues that the *Parm* and *Inetianbor* decisions are substantively different due to affiliations between the arbiter and the defendants, this does not change the Court's analysis. Both courts were tasked with determining whether the forum selection clause was integral to the agreement. Both courts found that it was "clear that the parties here intended the forum selection clause to be a central part of the agreement to arbitrate, rather than an ancillary logistical provision." *Inetianbor*, 768 F.3d at 1350; *Parm*, 835 F.3d at 1338. There is no substantive difference here, as in *Parm* and *Inetianbor,* where JAMS is pervasive throughout the entire agreement, and as such, is integral to the agreement.

Defendant wants their cake and eat it too; they wish to pick the terms and rules to govern their agreements, hoping that a prisoner will not challenge the unconscionably of the agreement. However, once Defendant JPay gets caught, they advocate that these terms aren't essential and they should be able to change them. Here, the arbitration agreement does not allow for the substitution of AAA, as the chosen arbiter and accompanying rules are integral to the agreement. This Court

should not provide a substitute arbiter under § 5 of the FAA, and should instead allow this matter to proceed.

## CONCLUSION

For the above reasons, Plaintiff respectfully requests that the Court lift the stay and allow this matter to proceed by ruling on the validity of the arbitration agreement.

Dated: June 4, 2019                             Respectfully Submitted,

                                                EXCOLO LAW, PLLC

                                        By:     /s/ Keith Altman
                                                Keith Altman (P81702)
                                                Solomon Radner (P73653)
                                                Ari Kresch (P29593)
                                                26700 Lahser Road, Suite 401
                                                Southfield, MI 48033
                                                (516) 456-5885
                                                kaltman@excololaw.com

                                                *Attorneys for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2019, I served the foregoing document on Defendants *via* electronic filing:

Dated: June 4, 2019

Respectfully Submitted,

EXCOLO LAW, PLLC

By: */s/ Keith Altman*
Keith Altman (P81702)
Solomon Radner (P73653)
Ari Kresch (P29593)
26700 Lahser Road, Suite 401
Southfield, MI 48033
(516) 456-5885
kaltman@excololaw.com

*Attorneys for Plaintiff and the Class*