# EXHIBIT E

# Morgan Lewis

**Beth Herrington**
Partner
+1.312.324.1445
beth.herrington@morganlewis.com

November 27, 2019

Keith L. Altman
Excolo Law, PLLC
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
kaltman@excololaw.com

Re: <u>Future Arbitration Filings from JPay Customers in the MDOC System</u>

Dear Keith:

As you know, on July 17, 2019, JPay, Inc. ("JPay") and Temujin Kensu stipulated and agreed to submit their dispute to a three-arbitrator panel before the American Arbitration Association ("AAA"). On August 26, 2019, you presented claims against JPay on behalf of an additional eight claimants and asked that their claims be handled the same as Kensu's. In the interest of good faith, efficiency, consistency, and courtesy, and with the understanding that only these claims would proceed as a finite set of matters, we agreed that these eight claimants could also proceed with arbitration before AAA "under the Kensu terms."

You then, however, identified dozens of additional prospective claimants and asked that these claimants also proceed before a three-arbitrator AAA panel, indicating that you plan to add "hundreds" of additional claimants in the future. As you know very well, the costs of proceeding before a three-arbitrator panel greatly exceeds the value of any individual claim you have presented. It is apparent that your firm is simply pursuing a strategy or tactic designed purely to harass JPay with the prospect of exorbitant arbitration-related costs in connection with frivolous or *de minimis* claims.[1]

Due to this change in circumstances, the AAA's dismissal of your claims, and your clear bad faith gamesmanship tactics, the agreement you reached with JPay is no longer applicable, and JPay will no longer extend the courtesy of arbitrating with the eight claimants "under the Kensu

---

[1] Despite this, JPay sought to resolve these issues with you and your clients and offered to engage in settlement discussions. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Morgan, Lewis & Bockius LLP

77 West Wacker Drive
Chicago, IL 60601-5094       +1.312.324.1000
United States                +1.312.324.1001

Keith L. Altman
November 27, 2019
Page 2

terms." Instead, each and every claimant must seek resolution with JPay in accordance with the Terms of Service and Warranty Policy ("Terms") to which each prospective claimant agreed and is bound. Pursuant to section 9(b) of those Terms, prospective claimants are required to seek informal dispute resolution prior to initiating an arbitration. Only if that informal process fails to resolve the matter may a claimant file a claim in arbitration.

Likewise, going forward, if any other prospective claimant wishes to bring claims against JPay, they must do so in accordance with the most recent Terms. Each such claimant must either send an email to Resolutions@JPay.com or send a written letter to JPay's address. This pre-dispute resolution process is purposely engineered to avoid unnecessary escalation of disputes and allow JPay an opportunity to address claims before they are formalized. We ask that you not advise your clients to purposely ignore and breach this pre-dispute resolution process and force us to incur unnecessary fees and costs. Should you ignore this warning, JPay reserves the right to seek its fees and costs from you and/or your clients.

Sincerely,

*[signature]*

Beth Herrington

EBH

cc: Benjamin W. Jeffers
    Velvel Freedman