# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TEMUJIN KENSU, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

      *Plaintiff*,

  v.

JPAY INC.,

      *Defendant*.

Case No. 2:18-cv-11086-SFC-PTM

Hon. Sean F. Cox
Mag. Judge Patricia T. Morris

## DECLARATION OF GINA ALEGRE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CORRECTIVE ACTION AND TO COMPEL ARBITRATION

I, Gina Alegre, hereby certify pursuant to 28 U.S.C. § 1746 that the factual statements set forth below are true and correct to the best of my knowledge, information, and belief:

1.    I am currently employed as a paralegal at JPay, Inc ("JPay"). I have personal knowledge of the facts set forth herein and if called and sworn as a witness, I could and would competently testify thereto.

2.    In my role at JPay, I am familiar with JPay's Terms of Use, alternatively titled Terms of Service and Warranty Policy (the "TOU"), revisions to the TOU, the

process for distributing the TOU to JPay customers, the process for accepting the TOU, the facts of this litigation, and have access to JPay's customer records.

3. On April 9, 2019, JPay provided a revised TOU to JPay customers within the Michigan Department of Corrections (the "MDOC"). The revision was necessary because the prior TOU included an arbitrator selection provision naming JAMS, but JAMS would no longer hear prisoner arbitrations. The revised TOU named the American Arbitration Association in place of JAMS.

4. JPay then further revised its TOU to include the address of the AAA, as well as inform JPay's customers within the MDOC, that AAA's Consumer Arbitration Rules were located in the Frequently Asked Questions (FAQs) section of the kiosks located at the MDOC's facilities. This revised TOU was provided to JPay's customers within the MDOC on May 3, 2019.

5. The May 3, 2019 TOU also provides email and mailing addresses for customers to submit complaints prior to initiating arbitration.

6. I have reviewed letters from Keith Altman dated August 26, 2019, September 20, 2019, November 4, 2019, and December 2, 2019, collectively naming fifty-seven (57) prospective claimants. I have consulted JPay's records and confirmed that none of the fifty-seven (57) claimants named in Mr. Altman's letters have submitted complaints to JPay through the channels identified in the May 3, 2019 TOU.

7. I have reviewed JPay's records concerning the fifty-seven (57) claimants identified in Mr. Altman's letters, and learned that many of the claimants have spent less than $1,000.00 total on JPay's products.

8. For example, Mr. Altman's November 4, 2019 letter identifies Nicole Etherton, #581584, and alleges that Ms. Etherton "lost approximately $1,000.00 from the JPay system…." Upon reviewing JPay's records after receiving Mr. Altman's letter, I learned that Ms. Etherton had spent a total of $34.55 on JPay products as of November 7, 2019.

9. I declare to the best of my knowledge under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 24, 2019

*Gina Alegre*
Gina Alegre, Paralegal
JPay Inc.