# Exhibit B



Excolo Law, PLLC
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

Keith L. Altman
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

August 26, 2019

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

**Re: Various JPay customers in the MDOC system**

Dear Beth and Benjamin,

I write to you on behalf of the below-listed clients who have disputes with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Plaintiffs are inmates within the Michigan Department of Corrections.

Plaintiffs have lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, the following is a list of the Plaintiffs and their complaints. Although we write this letter collectively, each Plaintiff will seek their own arbitration.

- Michael Jay Eding #225501, Macomb Correctional Facility
    Mr. Eding lost approximately $1,000.00 from the JPay system for the following reasons: loss of stored music, unable to access stored music, unable to send eMessages, unable to access eMessages, attachments have been omitted and purchase issues.

- Tina Boehlke #198070, Women's Huron Valley Correctional Facility

    Ms. Boehlke lost approximately $1,000.00 from the JPay system for the following reasons: loss of stored music, unable to access stored music, unable to send eMessages, unable to access eMessages and attachments have been omitted.

- Rewa Forest #366554, Women's Huron Valley Correctional Facility

  Ms. Forest lost approximately $1,000.00 from the JPay system for the following reason: attachments have been omitted.

- Auroniece Jackson #863752, Women's Huron Valley Correctional Facility

  Ms. Jackson lost approximately $1,000.00 from the JPay system for the following reasons: attachments have been omitted and purchase issues.

- Jennifer Kosal #977086, Women's Huron Valley Correctional Facility

  Ms. Kosal lost approximately $1,000.00 from the JPay system for the following reasons: unable to access stored music, unable to send eMessages, unable to access eMessages and purchase issues.

- Devon Page #763289, Women's Huron Valley Correctional Facility

  Ms. Page lost approximately $1,000.00 from the JPay system for the following reason: purchase issues.

- Charlessia Pelt #567933, Women's Huron Valley Correctional Facility

  Ms. Pelt lost approximately $1,000.00 from the JPay system for the following reasons: loss of stored music, unable to access stored music, unable to access eMessages, attachments have been omitted and purchase issues.

- Alec Stines #946233, Macomb Correctional Facility

  Mr. Stines lost approximately $1,000.00 from the JPay system for the following reasons: loss of stored music, unable to

access stored music, unable to send eMessages, unable to access eMessages and purchase issues.

I write to you today to seek concurrence on resolving these claims through arbitration as set forth in the JPay contract in effect on April 4, 2018 when the Kensu complaint was filed. As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved by the arbitration panel.

Therefore, the above client requests that his individual claim be arbitrated in the same manner as Kensu's claim. As JPay is aware, the contract in force names JAMS as the arbitrator and that JAMS will no longer arbitrate JPAY claims. Therefore, it is necessary for the parties to agree to a different arbitration organization or Plaintiff will be required to file a case in court seeking the court to name a new arbitrator. Given that JPay has now selected AAA as the arbitrator and that arbitration shall take place under the consumer rules, it would seem logical that JPay would want to arbitrate the instant claims under the same rules.

As with Kensu, because there is no inconsistency with a three-arbitrator panel under the AAA consumer rules, Plaintiffs accept JPay's call for three arbitrators. With that in mind, we propose the same conditions as Kensu:

1. Plaintiff will submit this dispute to arbitration before the American Arbitration Association ("AAA"). Plaintiff reserves the right to challenge the validity of the Parties' arbitration agreement in the course of arbitration before AAA.
2. Arbitration will be conducted pursuant to AAA's Consumer Arbitration Rules before a panel of three arbitrators.
3. Any in-person arbitration hearings will take place within 50 miles of where Plaintiff is housed. The Parties reserve the right to request telephonic arbitration.

As mentioned above, this letter should not be construed as a waiver of Plaintiff challenging the validity of the arbitration agreement or the underlying agreement itself. It is simply a concession by Plaintiff that we will agree that the three-arbitrator panel may hear the question on arbitrability of the underlying claim. If JPay consents to the above terms, please sign the attached consent so that we may proceed with the arbitration.

If we do not hear from JPay within 14 days, we will assume that JPay is abandoning the arbitration portion of the agreement and that Plaintiffs may proceed in Court for all purposes related to their claims.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Plaintiffs

## AGREEMENT TO ARBITRATE UNDER AAA CONSUMER RULES

RE:  The following prisoners in the MDOC system

    Michael Jay Eding #225501, Macomb Correctional Facility

    Tina Boehlke #198070, Women's Huron Valley Correctional Facility

    Rewa Forest #366554, Women's Huron Valley Correctional Facility

    Auroniece Jackson #863752, Women's Huron Valley Correctional Facility

    Jennifer Kosal #977086, Women's Huron Valley Correctional Facility

    Devon Page #763289, Women's Huron Valley Correctional Facility

    Charlessia Pelt #567933, Women's Huron Valley Correctional Facility

    Alec Stines #946233, Macomb Correctional Facility

### CONSENT FOR ARBITRATION

Although the contract between the parties does not specific AAA as the arbitration organization for disputes, the parties request that AAA arbitrate the dispute under the following terms:

1. Plaintiffs will submit this dispute to arbitration before the American Arbitration Association ("AAA") on an individual basis. Plaintiffs reserve the right to challenge the validity of the Parties' arbitration agreement in the course of arbitration before AAA.
2. Arbitration will be conducted pursuant to AAA's Consumer Arbitration Rules before a panel of three arbitrators.
3. Any in-person arbitration hearings will take place within 50 miles of where Plaintiffs are housed. The Parties reserve the right to request telephonic arbitration.

Date: _____   Date: _____


By: _____   By: _____
  Keith Altman, Esq.
            Name: _____
  Excolo Law, PLLC  Title: _____
  Attorney for Plaintiff
              On behalf of JPay