# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TEMUJIN KENSU, INDIVIDUALLY,
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

    *Plaintiffs,*

v.

JPAY INC.

    *Defendant.*

Case No. 2:18-cv-11086-SFC-PTM

Hon. Sean F. Cox
Mag. Judge Patricia T. Morris

---

| | |
|---|---|
| EXCOLO LAW PLLC<br>Keith L. Altman (P81702)<br>Solomon M. Radner (P73653)<br>Ari Kresch (P29593)<br>26700 Lahser Road, Suite 401<br>Southfield, MI 48033<br>516-456-5885<br>kaltman@lawampmmt.com<br><br>*Attorneys for Plaintiff and the Class* | MORGAN, LEWIS, & BROCKIUS LLP<br>Elizabeth Herrington (IL#6244547)<br>Zachary R. Lazar (IL#6325727)<br>77 West Wacker Drive, Fifth Floor<br>Chicago, IL 60601<br>312-324-1000<br>beth.herrington@morganlewis.com<br><br>HICKEY HAUCK BISHOFF & JEFFERS PLLC<br>Benjamin W. Jeffers (P57161)<br>One Woodward Avenue, Suite 2000<br>Detroit, MI 48226<br>313-964-8600<br>bjeffers@hhbjlaw.com<br><br>*Attorneys for Defendant* |

---

## REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR CORRECTIVE ACTION AND TO COMPEL ARBITRATION

## **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................1

II.  THE STATUS OF THE PUTATIVE CLASS HAS NOT BEEN RESOLVED 2

III.   THE STAY IS IMMATERIAL TO PLAINTIFFS' MOTION........................3

IV.   JPAY'S ALTERATION TO THE AGREEMENT WAS IMPROPER...........4

V.  JPAY AGREED TO THE KENSU TERMS FOR THE "EIGHT" ....................6

VI.   CONCLUSION ............................................................................................7

## LOCAL RULE CERTIFICATION

The undersigned counsel further certifies that this document complies with E.D. Mich. LR 5.1(a), including double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). The undersigned further certifies that the brief is the appropriate length since it does not exceed seven pages. E.D. Mich. LR 7.1(d)(3).

Dated: December 31, 2019

Respectfully Submitted,
*/s/ Keith Altman*
Keith Altman (P81702)
Attorney for Plaintiffs
26700 Lahser Rd., Suite 401
Southfield, MI  48033
(516) 456-5885
kaltman@excololaw.com

## I. INTRODUCTION

The only gamesmanship in this litigation is that perpetrated by Defendants. In response to claimants bringing arbitrations under the oppressive terms dictated by JPay such as requiring three arbitrators and loser pays provisions, JPay improperly changed the terms after the pending putative class action was filed. Although Defendant cannot explain why it insisted upon three arbitrators in these consumer contracts in the first place, it is clear that this was to intimidate any who would challenge JPay's abominable products and services.

JPay made its bed. Now it must sleep in it. After years of providing defective products and inadequate services, not providing reasonable customer service for its products and services, and for seeking to force an unconscionable agreement on Kensu and the Class, JPay is being forced to answer for its misdeeds. JPay stacked the deck so heavily in its own favor that it never expected anyone to stand up. It is JPay that drafted the arbitration agreement calling for three arbitrators for as JPay calls "de minimus" claims. JPay failed to provide reasonable customer service. JPay routinely ignored complaints made by Plaintiff and the Class and it set in motion today's situation. When Jpay *chose* three arbitrators to adjudicate these claims, JPay knew this would be an expensive proposition.

JPay changed the terms of the agreement in May 2019 and while the change to AAA under consumer terms may have been necessary, the removal of the three-arbitrator panel was not. While true a three-arbitrator panel may be very expensive- JPay's choice-, this formed part of the basis of the bargain. JPay should not be allowed to delete terms to an agreement which it drafted and forced upon Plaintiffs.

To add to the insult, JPay takes the absurd position that after agreeing to arbitrate the claims of the Eight terms which were negotiated by counsel, this is not a binding agreement. Shame on JPay who likes to enforce agreements against unwitting prisoners but runs from agreements negotiated by its Counsel.

This Court should note that JPay controls the information in this case. Plaintiffs are unable to print complaints from the kiosk. Monies that were spent by Plaintiffs are only in the possession of JPay. Thus any monetary claims made by Plaintiffs are purely an estimate which will be resolved once discovery begins. JPay seems to suggest that Plaintiffs have acted improperly. Plaintiffs are using the best information that they have.

To clarify one thing, this Court already determined that questions of unconscionability must be addressed by an arbitration panel. See ECF #23, PageID 1107. Plaintiffs' arguments in this motion assume, without waiving the issue, that an arbitration panel has determined that the agreement is not unconscionable.

## II. THE STATUS OF THE PUTATIVE CLASS HAS NOT BEEN RESOLVED

This matter still exists as a putative class because it was brought as a putative class and Defendants have failed to take any contrary action such as a motion to dismiss. Clearly, Defendants were aware of such a duty when it filed its mooted motion to dismiss the class action allegations of Plaintiffs' initial complaint. See ECF # 13. Until such time as a competent body determines that the matter may not proceed as a class, this matter continues to be a putative class action.

Any comments on the class action waiver are advisory and in any event, null

and void. There was no briefing specifically about the class action waiver in the motion to compel arbitration. Plaintiffs challenged whether the agreement was unconscionable. In footnote four of page nine of the Court's R&R, ECF # 23, the Court does not make a specific finding that the class action waiver is enforceable *in this case*. The Court is simply stating that such waivers have been found to be enforceable. In any event, the Court deferred to the arbitrators to determine whether the agreement as a whole is unconscionable. See ECF # 23, p. 8. Finally, this Court may not rule upon the effectiveness and enforceability of the class action waiver. If the agreements stand as not unconscionable, then the agreements specifically state that only the federal court sitting in the Southern District of Florida or Florida state court in Miami-Dade County may rule upon the class action waiver. See ECF #19-2, PageID 973, "g)".

While this is still a pending class, this Court has jurisdiction over the unnamed members who are entitled to putative class member treatment. Most importantly, this includes the TOU which was in effect when the matter was filed.

### III. THE STAY IS IMMATERIAL TO PLAINTIFFS' MOTION

Given that there is still a putative class, the terms that were in effect when the Kensu matter was filed control all putative class members. Certain individuals choose not to proceed as part of the class. Since the arbitration terms in effect fail as was the subject of Plaintiffs' previous motion, ECF # 28, either the parties must agree to arbitration terms or the Court must impose them. This is exactly what is contemplated under FAA § 5. Despite any stay, this Court must establish the arbitration terms.

Aside from the substitution of arbitrator and subject to unconscionability of the entire document, Claimants are entitled to the terms in effect when this lawsuit was filed. JPay is refusing to comply with its own agreement. Therefore, this Court must determine under what terms JPay must arbitrate for the putative class members.

Plaintiffs insist that a three-arbitrator panel hear the arbitration as was ***imposed*** by JPay. Defendant has provided no justification as to why they should not be held to the terms they drafted and which are consistent with the arbitrator (AAA) and rules (AAA Consumer Rules) for which there is no disagreement.

As a point of common sense, without the Court's involvement in light of the obvious disagreement over the arbitration terms, how could the unnamed Plaintiffs proceed? By JPay's reasoning on the stay, the unnamed Plaintiffs do not have any avenue to relief unless they agree to terms implemented subsequent to the filing of this case and for which there is disagreement. This is an absurd result. Thus, this Court can and must make determinations concerning the failed arbitration terms of the original agreement.

## IV.   JPAY'S ALTERATION TO THE AGREEMENT WAS IMPROPER

JPay defends its actions altering the agreement by claiming there was no class action. Nonsense. To this day, the question of whether there can be class claims or if so, whether a class should be certified are unanswered. Defendants' opposition fails if the question of the putative class is unanswered. JPay's position is that they win the issue because they say they win, not because a Court agrees with them.

Defendant was required to move to dismiss the class action allegations and chose not to do so. Clearly, Defendant was aware of this obligation when it filed its

motion to dismiss, ECF #13. See page viii, Statement of Issues Presented #1. When Defendant renewed their motion to compel arbitration, they should have also renewed their motion to dismiss the class action allegations. Defendant failed to do so and should be required to explain their inaction to the Court. Until such time as it moves to dismiss the class allegations, they are still viable.

As discussed in Plaintiffs' brief, changes to the agreement in effect at the time of the filing of the putative class action affect the rights of the putative class members. JPay's attempt to distinguish *McKee v. Audible*, 2018 WL 2422582 (C.D. Cal. Apr. 6, 2018) fails because JPay just assumes that the class action waiver is enforceable, despite there being questions. Until that issue is resolved, JPay cannot just act as if there is no class.

While JPay claims that the putative class members are not harmed by the change in terms, this is false. For years, JPay insisted upon three arbitrators as part of the agreement. Moving forward with one arbitrator denies claimants of what JPay forced upon claimants- a three-arbitrator panel. JPay incorporated this term to deter arbitrations[1]. Furthermore, Jpay seeks to impose an additional hoop that Claimants must jump through in order to arbitrate via an amorphous notice requirement. JPay seeks to take advantage of both of these new terms to prevent Claimants from seeking a fair and equitable resolution to their complaints. These are materials changes that are improper without informing the putative class members of the existence of the class and that their rights as putative class members may be impacted

---

[1] A review of the JAMS website at https://www.jamsadr.com/consumercases/ shows all arbitrations completed by JAMS in the last five years. JPay's deterrence was so strong that although JPay received thousands of unanswered complaints from putative class members, only three matters were arbitrated.

by the new terms. It is also a question of fact as to how these changes were presented to the putative class, i.e. were they given sufficient time to read them, were they presented in a legible format, were the changes prominently identified.

Therefore, as argued in the principle brief, this Court has the ability to protect the rights of putative class members and should find that the alteration of the terms by JPay to be improper and unenforceable.

### V.   JPAY AGREED TO THE KENSU TERMS FOR THE "EIGHT"

In their letter to Defendants seeking agreement to arbitrate the eight individuals ("the Eight") subject of the August 26, 2019 letter (ECF # 35-2), Plaintiffs raised the issue that because of the failure of the arbitration terms as pointed out in Plaintiffs' motion to lift stay, ECF #28, Plaintiffs were requesting that Defendant agree to the same terms as Kensu (ECF # 34). If there was no agreement, then Plaintiffs were required to bring the cases in Court since arbitration could not take place as specified in the agreement in effect on the date of the class action complaint in this case. Since Plaintiffs had the right to bring their case in court to determine what if any terms of the arbitration would be, agreeing to waive that right certainly constitutes consideration.

As such, there was consideration with respect to the Eight and the agreement to arbitrate under the Kensu terms is an enforceable contract. JPay appears to protest claiming they were misled concerning additional arbitrations. Yet there is nothing supporting such allegations. The only communications concerning the Eight were in writing. It is curious that JPay ignores ECF # 35-3, PageID 1384 where the email

clearly states that additional claimants will be forthcoming. Plaintiffs' letter to Defendant's counsel was attached as ECF #35-2. There was an unequivocal agreement to arbitrate under the Kensu terms. Defendant's arguments that this agreement is unenforceable because there was no consideration is absurd.

To clarify an issue raised by Jpay who argues that even under the old TOU, Plaintiffs were required to contact JPay in advance of arbitration and that none of the Eight have done so. First, with respect to the TOU in effect at the time the putative class was filed, this was not a mandatory requirement. See ECF # 19-2, PageID 971. Furthermore, JPay suggests that under the new TOU it claims is in force that claimants must complain to JPay by mail or e-mail. This ignores the third option which is to complain on the JPay Kiosk. See ECF # 36-3, Page ID 1451 "(b)". Plaintiff and the class have filed thousands of complaints with JPay through the kiosk system to no avail. See Amend Compl., ECF #18, ¶¶ 91-98. Clearly, this complies with JPay's notice requirements. Certainly, with respect to the individuals identified to JPay by Plaintiffs' counsel, they did complain to JPay via the kiosk method. Any notice requirement has been met.

As far as Jpay is concerned, JPay is permitted to enforce agreements it likes and run from others. This Court should hold Jpay to its agreement. The Eight must be arbitrated as agreed under the Kensu terms.

## VI. CONCLUSION

For the above reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion.

Dated: December 31, 2019 	Respectfully Submitted,

EXCOLO LAW, PLLC

<u>/s/ Keith Altman</u>

Keith Altman (P81702)
Solomon Radner (P73653)
Ari Kresch (P29593)
Excolo Law PLLC
26700 Lahser Road, Suite 401
Southfield, MI 48033
(516)456-5885
kaltman@excololaw.com

*Attorneys for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2019, I served the foregoing document on Defendants *via* electronic filing.

Dated: December 31, 2019                    Respectfully Submitted,

EXCOLO LAW, PLLC

*/s/ Keith Altman*

Keith Altman (P81702)
Solomon Radner (P73653)
Ari Kresch (P29593)
Excolo Law PLLC
26700 Lahser Road, Suite 401
Southfield, MI 48033
(516)456-5885
kaltman@excololaw.com