## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TEMUJIN KENSU, INDIVIDUALLY,
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

        *Plaintiffs,*

v.

JPAY INC.

        *Defendant.*

Case No. 2:18-cv-11086-SFC-PTM

Hon. Sean F. Cox
Mag. Judge Patricia T. Morris

---

EXCOLO LAW PLLC
Keith L. Altman (P81702)
Solomon M. Radner (P73653)
Ari Kresch (P29593)
26700 Lahser Road, Suite 401
Southfield, MI 48033
516-456-5885
kaltman@excololaw.com

*Attorneys for Plaintiff and the Class*

MORGAN, LEWIS, & BROCKIUS LLP
Elizabeth Herrington (IL#6244547)
Zachary R. Lazar (IL#6325727)
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
312-324-1000
beth.herrington@morganlewis.com

HICKEY HAUCK BISHOFF & JEFFERS
PLLC
Benjamin W. Jeffers (P57161)
One Woodward Avenue, Suite 2000
Detroit, MI 48226
313-964-8600
bjeffers@hhbjlaw.com

*Attorneys for Defendant*

---

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE PATRICIA T. MORRIS'S ORDER ENTERED FEBRUARY 7, 2020

Plaintiff Temujin Kensu and the Class, by and through their counsel, EXCOLO LAW, PLLC, file this objection pursuant to Fed. R. Civ. P. 72 in response to Magistrate Judge Patricia T. Morris's Report and Recommendation on Plaintiff's Motion for Corrective Action and to Compel Arbitration.

For the reasons stated in the attached brief, Plaintiff respectfully requests that the Court enter an order sustaining Plaintiffs' Objections to the Magistrate Judge's Order.

Dated: February 21, 2020                              Respectfully Submitted,

EXCOLO LAW, PLLC

*/s/ Keith Altman*

Keith Altman (P81702)
Solomon Radner (P73653)
Ari Kresch (P29593)
Excolo Law PLLC
26700 Lahser Road, Suite 401
Southfield, MI 48033
(516)456-5885
kaltman@excololaw.com

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TEMUJIN KENSU, INDIVIDUALLY,
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

*Plaintiffs,*

v.

JPAY INC.

*Defendant.*

Case No. 2:18-cv-11086-SFC-PTM

Hon. Sean F. Cox
Mag. Judge Patricia T. Morris

---

EXCOLO LAW PLLC
Keith L. Altman (P81702)
Solomon M. Radner (P73653)
Ari Kresch (P29593)
26700 Lahser Road, Suite 401
Southfield, MI 48033
516-456-5885
kaltman@lawampmmt.com

*Attorneys for Plaintiff and the Class*

MORGAN, LEWIS, & BROCKIUS LLP
Elizabeth Herrington (IL#6244547)
Zachary R. Lazar (IL#6325727)
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
312-324-1000
beth.herrington@morganlewis.com

HICKEY HAUCK BISHOFF & JEFFERS
PLLC
Benjamin W. Jeffers (P57161)
One Woodward Avenue, Suite 2000
Detroit, MI 48226
313-964-8600
bjeffers@hhbjlaw.com

*Attorneys for Defendant*

---

## BRIEF IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE PATRICIA T. MORRIS'S ORDER ENTERED FEBRUARY 7, 2020

## <u>MOST APPROPRIATE AUTHORITY</u>

*Friedman v. Intervet Inc.,* 730 F.Supp.2d 758 (N.D. Ohio 2010)

*Jones v. Jeld-Wen, Inc.,* 250 F.R.D. 554 (S.D. Fla. 2008)

*Tolmasoff v. GM, LLC,* No. 16-117474, 2016 U.S. Dist. LEXIS 85101 (E.D. Mich. June 30, 2016)

# **TABLE OF CONTENTS**

MOST APPROPRIATE AUTHORITY ................................................................. iv

TABLE OF CONTENTS........................................................................................v

TABLE OF AUTHORITIES ................................................................................ vi

CONCISE STATEMENT OF THE ISSUE PRESENTED................................... vii

LOCAL RULE CERTIFICATION ..................................................................... viii

STATEMENT OF RELEVANT FACTS .................................................................1

LEGAL STANDARD.............................................................................................1

ARGUMENT ..........................................................................................................2

    I.   OBJECTION No. 1: THE MAGISTRATE ERRED BECAUSE SHE
    BASED HER REASONING FOR DENYING PLAINTIFF'S MOTION AFTER
    MISCONSTRUING THE PERTINENT FACTS AND THUS, THIS COURT
    SHOULD REJECT THE MAGISTRATE'S REPORT AND
    RECOMMENDATION. .........................................................................................2

CONCLUSION .....................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Friedman v. Intervet Inc.,* 730 F.Supp.2d 758 (N.D. Ohio 2010) ............................5

*Jones v. Jeld-Wen, Inc.,* 250 F.R.D. 554 (S.D. Fla. 2008)........................................4

*Tolmasoff v. GM, LLC,* No. 16-117474, 2016 U.S. Dist. LEXIS 85101 (E.D. Mich. June 30, 2016)........................................................................................................5

**Statutes**

42 U.S.C. § 1983 ..........................................................................................................1

**Rules**

Fed. R. Civ. P. 23 ............................................................................................... 2, 3, 5

Fed. R. Civ. P. 72 .......................................................................................................2

## <u>CONCISE STATEMENT OF THE ISSUE PRESENTED</u>

1. Whether this Court should reject the Magistrate's Order denying Plaintiff's Motion to Compel Arbitration and for Corrective Action due to the Magistrate's misunderstanding of the facts in denying the Plaintiff's motion.

## <u>LOCAL RULE CERTIFICATION</u>

The undersigned counsel certifies that this document complies with E.D. Mich. LR 5.1(a), including double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). The undersigned further certifies that the brief is the appropriate length since it does not exceed 25 pages. E.D. Mich. LR 7.1(d)(3).

Dated: February 21, 2020                    Respectfully Submitted,

                                            */s/ Keith Altman*
                                            Keith Altman (P81702)
                                            Attorney for Plaintiffs
                                            26700 Lahser Rd., Suite 401
                                            Southfield, MI  48033
                                            (516) 456-5885
                                            kaltman@excololaw.co

## STATEMENT OF RELEVANT FACTS

For brevity, Plaintiffs refer to the Statement of Relevant Facts contained in its Motion for Corrective Action, ECF # 35.  Furthermore, these facts are adopted by reference.

In addition, Plaintiffs add that according to Defendants, the terms of the arbitration agreement were changed on May 3, 2019.  ECF # 36, PageID 1428.  The first time that Plaintiffs' counsel was aware of these changes was on October 31, 2019.  ECF # 35-5.  Until that time, Defendant had not made Plaintiffs' counsel aware of the terms of the change.  Curiously, Defendant did not mention the change in terms when it agreed to arbitrate Eight additional individuals under the terms agreed to in ECF #34.  See ECF # 35-3.

Contrary to the assertions by the Magistrate, Plaintiffs' counsel had not been retained by any other clients besides Temujin Kensu until ***after*** the change was made.  Defendants have not alleged that they informed any of the putative class members of the pendency of the class action when making the change of terms.  Thus after the filing of the class action complaint which was still pending, Defendant materially changed the terms of the agreement without informing putative class members of their rights.  Furthermore, Plaintiffs' counsel had not been in contact with these putative class members at this time.

## LEGAL STANDARD

In filing an objection to Magistrate Judge's order on non-dispositive matters,

Rule 72 of the Federal Rules of Civil Procedure provides, in pertinent part:

> A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72 (a).

In general, Fed. R. Civ. P. 23 provides that the Court may issue orders that:

A. determine the course of proceedings or prescribe measures to prevent undue repetition or complication in presenting evidence or argument;
B. require—to protect class members and fairly conduct the action— giving appropriate notice to some or all class members of:
  i.   any step in the action;
  ii.  the proposed extent of the judgment; or
  iii. the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action;
C. impose conditions on the representative parties or on intervenors;
D. require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly; or
E. deal with similar procedural matters.

Fed. R. Civ. P. 23.

## <u>ARGUMENT</u>

I.   OBJECTION No. 1: THE MAGISTRATE ERRED BECAUSE SHE BASED HER REASONING FOR DENYING PLAINTIFF'S MOTION AFTER MISCONSTRUING THE PERTINENT FACTS AND THUS, THIS COURT SHOULD REJECT THE MAGISTRATE'S REPORT AND RECOMMENDATION.

Magistrate Judge Patricia T. Morris entered an order denying Plaintiffs' Motion to Compel and for Corrective Action.  (ECF No. 38).  In the order, Magistrate Morris highlighted that the communications between the Defendant and putative class members occurred after Plaintiff's counsel identified them and attempted to negotiate with defense counsel regarding the terms of arbitration for those people.  (ECF No. 38, PageID. 1539).  The Magistrate erred because the change to the terms occurred **after** the pendency of this action, but **before** Plaintiffs' counsel had spoken to certain putative class members.

The instant action was filed as a putative class action and to this day, continues to be a putative class action.  Defendants have failed to move to dismiss the class action allegations in this Court or any other Court.  Thus, at this time, there has been no determination by any competent body that this matter may not proceed as a class.  Because this matter still continues as a putative class, this Court has not only the ability but the responsibility to protect the interests of the unnamed class members.

The Magistrate misstates pertinent facts in her order.  Subsequent to the agreement to arbitrate in resolution of the motion to lift the stay on behalf of the putative class, ECF # 34, Plaintiff's counsel contacted Defendant to see whether they would agree to arbitrate the claims of eight individuals who were choosing to opt out of the putative class and seek their own individual recoveries.  ECF # 35-2.  On September 13, 2019, Defendants agreed to arbitrate under the "Kensu" terms, ECF

# 34.  ECF # 35-3.  Although Defendants maintained that their "class action waiver is effective", no action to enforce such a waiver had been taken.  *Id.*

On September 20, 2019, Plaintiffs' counsel sought an agreement to arbitrate under the same terms for 19 additional claimants.  ECF # 35-4.  On October 31, 2019, Defendant's counsel notified Plaintiff that JPay would not arbitrate the claims of the additional claimants pursuant to the original terms.  ECF # 35-5.  In that communication, JPay informed the Plaintiffs' counsel that the Terms of Service and Warranty Policy had been changed.  This was the first time that Plaintiffs' counsel was aware that there was a change to the alleged arbitration agreement that was anything other than a substitution of AAA and the consumer rules in place of JAMS.  Key changes to the agreement were (1) the imposition of a new process to be followed before a prisoner could even get to arbitration and (2) the change of the three-arbitrator panel to a single arbitrator.  ECF # 35-5 PageID 1403-1404.

Since Plaintiffs' counsel was first aware of the change in terms after learning of it in the October 31, 2019 letter, any direct communication between Defendant and the putative class members occurred ***before*** Plaintiffs' counsel attempted to negotiate with defense counsel regarding terms for additional members of the putative class who were choosing to opt out of the class and seek individual remedies.  Because the alterations occurred before Plaintiffs' counsel began negotiating terms, Plaintiffs' counsel and putative class members were unaware of

the change of terms and the change in their rights. The Magistrate Judge's reasoning for denying the motion collapses with this vital change in facts. Furthermore, the Magistrate's ruling is inapplicable to those putative class members who did not have conversations with Plaintiffs' counsel. In those instances, it is irrefutable that Defendant changed the terms of the agreement at the heart of a pending class action litigation without informing the putative class members of their rights.

The moving party must demonstrate that the actual or anticipated communications are or will be "abusive in that '[they] threaten[] the proper functioning of the litigation.'" *Jones v. Jeld-Wen, Inc.,* 250 F.R.D. 554, 561 (S.D. Fla. 2008) (quoting *Cox Nuclear Med. v. Gold Cup Coffee Servs., Inc.,* 214 F.R.D. 696, 698 (S.D. Ala. 2003)). Abusive communications are those that are false or misleading, contain material omissions, or are coercive or intimidating. *See Jeld-Wen,* 250 F.R.D. at 561.

Therefore, Defendant's conduct amounts to unapproved communication to the class that misrepresents the status of and the effects of pending litigation. Defendant's communications were misleading. A "defendant's failure to mention even an uncertified class action in securing settlements or releases from putative class members may be 'misleading.'" *Friedman v. Intervet Inc.,* 730 F.Supp.2d 758, 762-63 (N.D. Ohio 2010). Additionally, Defendant's conduct is coercive. Communications are "coercive (or at least have the potential for coercion) where

there is an ongoing business relationship between the potential class members." *Tolmasoff v. GM, LLC,* No. 16-117474, 2016 U.S. Dist. LEXIS 85101, at *34 (E.D. Mich. June 30, 2016) (citing *Sorrentino v. ASN Roosevelt Ctr. LLC,* 584 F.Supp.2d 529, 533 (E.D.N.Y. 2008)).  Defendant JPay and putative class members maintain a business relationship.  This business relationship is at the heart of the allegations in the complaint.  Defendant's coercive communications seek to alter the terms of the agreement that is at issue in this litigation.

It is clear that Defendant's arbitration terms in effect at the time that this action was filed was a deliberate attempt to discourage arbitration.  A review of the JAMS website at https://www.jamsadr.com/consumercases/ shows all arbitrations completed by JAMS in the last five years.  JPay's deterrence was so strong that although JPay received thousands of unanswered complaints from putative class members, only three matters were arbitrated.  Particularly effective was the requirement that three arbitrators be appointed and that loser pays the costs of the arbitration.  That Defendant insisted upon a three-arbitrator panel for basic consumer disputes is clear evidence of bad faith in resolving disputes.  With the filing of this case and realizing that MDOC prisoners were going to step up and potentially push for arbitrations, Defendant changed the arbitration terms to be more favorable to Defendant.

These communications limit the rights of the putative class members. Prospective claimants are required to seek informal dispute resolution in accordance with the new terms prior to initiating arbitration. Defendant's new terms limit a claimant's ability to challenge JPay's conduct and altered claimant's rights to have a three-arbitrator panel. Defendant selected a three-arbitrator panel as a deterrent. Now they should have to live with the terms they forced upon MDOC prisoners. To the extent that terms in the original agreement are inconsistent with the Arbitrator's rules, the arbitrator has the ability to adjust those terms.

It is important to note that Plaintiffs' motion to lift the stay and adjudicate the claims was brought on behalf of the putative class. ECF # 28, PageID 1230. Interestingly, in their opposition to the motion, ECF #29, while Defendant's talk about that there is language in the agreement disallowing a class action, they do not ever mention that this alleged waiver was effective as adjudicated by the Court. Furthermore, Defendant was well aware that it needed to bring a motion to dismiss the class action allegations as it had brought such a motion previously. ECF # 13 (Denied as moot when the complaint was amended. See order of June 6, 2018. "TEXT-ONLY ORDER Vacating Responsive Deadlines re [13] MOTION to Dismiss *Pursuant to Rule 12(b)(6)* filed by JPay, Inc. The responsive deadlines are terminated per the parties request pending resolution of the Motion to Compel Arbitration. Signed by Magistrate Judge Patricia T. Morris. (KCas)"). Defendant

never renewed their motion to dismiss the class action allegations. Thus, they are still pending. Because they are still pending, this Court has jurisdiction over the unnamed class members.

Until such time as the class allegations are dismissed, if at all, this Court should disallow the improper changes to the terms of the agreement. Furthermore, this Court must address the nature of the arbitration terms for putative class members who chose to opt out of the class and pursue their own recovery. As of right now, this Court must be involved in the process. If the terms applicable to the unnamed class members are those which were in effect at the time this suit was filed, then JAMS is still the arbitration organization. Because JAMS will not arbitrate the claims and the parties cannot agree on the terms of the arbitration, this Court must determine not only who must arbitrate, but which terms are in effect.

In the Magistrates opinion, she stated that §5 of the FAA "only addresses the topic of appointment of an arbitrator, not providing the terms of arbitration…" ECF # 38, PageID 1534. The Magistrate erred because §5 does discuss the concept of terms. First, it says that the arbitrators "shall act under said agreement with the same force and effect as if he or they had been specifically named therein." Second FAA §5 says "unless otherwise provided in the agreement the arbitration shall be by a single arbitrator." Both of these require the Court to determine the terms of the arbitration agreement. As discussed above, it is Plaintiffs' position (without waiving

unconscionability issues to be determined by the arbitrators) that the Defendant's terms in effect at the time of this suit require a three-arbitrator panel.  This should be enforced despite Defendant's improper change to the terms requiring a single arbitrator after the putative class was filed as discussed above.

If the Magistrate's ruling with respect to the terms of arbitration stands (that the Court must only select the replacement arbitrator and not address terms), putative class members choosing to proceed with individual arbitrations will be unable to do so because there is no agreement as to the number of arbitrators.  As far as Plaintiffs' counsel is aware, there is no procedure within AAA (the expected arbitration organization) for the number of arbitrators to be determined subsequent to filing the matter.  Such a determination must be made upfront before a panel is appointed. Thus it is critical for the Court to resolve the issue of the number of arbitrators before arbitrations can be filed.

Accordingly, the Court should exercise its discretion under Federal Rule of Civil Procedure 23(b), which "authorizes a court to enjoin a named party from communicating with unnamed potential class members." *Tolmasoff,* 2016 U.S. Dist. at *28.  Furthermore, the Court should determine that (1) that the terms that were in effect control claims of putative class members until such time as the class action allegations are dismissed, if at all and (2) that a three-arbitrator panel is required as

specified by the Defendant in the agreement which was in existence at the time the

instant suit was filed.

## **<u>CONCLUSION</u>**

For the above reasons, Plaintiff respectfully requests that the Court enter an

order sustaining Plaintiff's Objections to the Magistrate Judge's Order, ECF No. 38.

Dated: February 21, 2020                    Respectfully Submitted,


EXCOLO LAW, PLLC

*/s/ Keith Altman*

Keith Altman (P81702)
Solomon Radner (P73653)
Ari Kresch (P29593)
Excolo Law PLLC
26700 Lahser Road, Suite 401
Southfield, MI 48033
(516)456-5885
kaltman@excololaw.com

*Attorneys for Plaintiff and the Class*