# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TEMUJIN KENSU, INDIVIDUALLY,
AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

        Plaintiff,

v.

JPAY INC.

        *Defendant.*

Case No. 2:18-cv-11086-SFC-PTM

Hon. Sean F. Cox
Mag. Judge Patricia T. Morris

---

EXCOLO LAW PLLC
Keith L. Altman (P81702)
Solomon M. Radner (P73653)
Ari Kresch (P29593)
26700 Lahser Road, Suite 401
Southfield, MI 48033
516-456-5885
kaltman@lawampmmt.com

*Attorneys for Plaintiff*

MORGAN, LEWIS & BOCKIUS LLP
Elizabeth Herrington (IL#6244547)
Zachary R. Lazar (IL#6325727)
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
312-324-1000
beth.herrington@morganlewis.com

HICKEY HAUCK BISHOFF & JEFFERS PLLC
Benjamin W. Jeffers (P57161)
One Woodward Avenue, Suite 2000
Detroit, MI 48226
313.964.8600
bjeffers@hhbjlaw.com

*Attorneys for Defendant*

## DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE PATRICIA T. MORRIS'S ORDER ENTERED FEBRUARY 7, 2020

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED............................................................III

STATEMENT OF CONTROLLING AUTHORITY............................................ IV

PRELIMINARY STATEMENT ...........................................................................1

STATEMENT OF RELEVANT FACTS ..............................................................3

ARGUMENT ........................................................................................................6

I. RESPONSE TO OBJECTION NO. 1: THE MAGISTRATE JUDGE CORRECTLY HELD THAT THE ACTION IS STAYED AND ALTERNATIVELY FOUND THAT NO IMPROPER COMMUNICATION OCCURRED .............................................................6

    A.    This Action is Subject to a Mandatory Stay Under the FAA ..............6

    B.    No Improper Communication Has Occurred .......................................7

II. RESPONSE TO LACK OF FURTHER OBJECTION: PLAINTIFF MAKES NO OBJECTION TO THE MAGISTRATE JUDGE'S FINDING THAT PLAINTIFF SEEKS RELIEF ON CLAIMS NOT PROPERLY BEFORE THE COURT .......................................................11

CONCLUSION...................................................................................................12

CERTIFICATE OF SERVICE ...........................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Fazio v. Lehman Bros.*,
   340 F.3d 386 (6th Cir. 2003) ............................................................................7

*Friedman v. Intervet Inc.*,
   730 F. Supp. 2d 758 (N.D. Ohio 2010) .............................................................8

*Gulf Oil Co. v. Bernard*,
   452 U.S. 89, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981) ....................................9

*Kleiner v. First Nat'l Bank of Atlanta*,
   751 F.2d 1193 (11th Cir. 1985) .........................................................................8

*McKee v. Audible, Inc.*,
   No. CV 17-1941-GW(EX), 2018 WL 2422582 (C.D. Cal. Apr. 6,
   2018) .................................................................................................................8

*Simon v. Pfizer Inc.*,
   398 F.3d 765 (6th Cir. 2005) ............................................................................7

**Statutes**

Federal Arbitration Act, 9 U.S.C. § 1 *et seq*.....................................................*passim*

## **STATEMENT OF ISSUES PRESENTED**

1. Whether, as a threshold issue, Magistrate Judge Morris correctly denied Plaintiff's motion because there is no basis to lift the mandatory stay pending arbitration?

**Defendant answers: Yes**

2. Whether Magistrate Judge Morris's *dicta* concerning the merits of Plaintiff's motion correctly concluded that no improper communication occurred?

**Defendant answers: Yes**

3. Whether Magistrate Judge Morris correctly found that Plaintiff's request as to non-parties and putative class members raises new claims that are not properly pled, and is beyond the purview of the court?

**Defendant answers: Yes**

## **STATEMENT OF CONTROLLING AUTHORITY**

Pursuant to Local Rule 7.1(d)(2), Defendant states that the following authorities are the controlling or most appropriate authorities for the relief requested by Plaintiff's motion and this opposition:

9 U.S.C. § 3

*Fazio v. Lehman Bros.*, 340 F.3d 386 (6th Cir. 2003)

*Kensu v. JPay, Inc.*, 2019 WL 1109948, at *2 (E.D. Mich. Mar. 11, 2019)

*Kensu v. JPay, Inc.,* No. 2:18-cv-11086 (E.D. Mich. Oct. 22, 2018), *report and recommendation adopted* 2019 WL 1109948 (E.D. Mich. Mar. 11, 2019)

## **PRELIMINARY STATEMENT**

Magistrate Judge Morris's February 7, 2020 Order correctly denied Plaintiff Temujin Kensu's Motion to Compel and for Corrective Action. (ECF No. 38.) Plaintiff's motion first sought corrective action on the basis of alleged improper communication with a putative class. Second, Plaintiff's motion asked the court to compel arbitration between Defendant JPay, LLC[1] ("JPay") and non-parties under the terms of a stipulation that is applicable only to Kensu, in his individual capacity, and JPay. (ECF No. 34, the "Kensu Terms".)

As to the first issue, Judge Morris correctly observed that this case is stayed pursuant to this Court's order granting JPay's Motion to Compel Arbitration. (ECF No. 27.) As Judge Cox wrote, "this action is **STAYED** until the conclusion of any arbitration." (*Id.*) The Federal Arbitration Act ("FAA") also requires that this action is stayed until the conclusion of Kensu's arbitration. *See* 9 U.S.C. § 3. Judge Morris determined that Kensu's arbitration is ongoing, and there is no basis for the Court to lift the stay. (ECF No. 38 PageID 1536.) This is not a discretionary stay, it is mandatory under 9 U.S.C. § 3.

In *dicta*, Judge Morris further wrote that, even if she were to lift the stay, she could find no improper communication on the merits of Plaintiff's allegations. In

---

[1] JPay, LLC was formerly JPay, Inc. JPay became JPay, LLC effective December 31, 2019.

1

reaching this this secondary conclusion, Judge Morris wrote "any direct communication between Defendant and the putative class members is only alleged to have occurred after Plaintiff's counsel identified the person and attempted to negotiate with defense counsel regarding terms of arbitration for those persons." (ECF No. 38 at PageID 1539.)  Here, Kensu asserts that Judge Morris failed to appreciate that the alleged improper communications included JPay's May 3, 2019 amendment of its Terms of Use ("TOU"), which predates Kensu's counsels' representation of non-party claimants.  Alternatively, given that the May 3, 2019 date is referenced in the preceding paragraph of Judge Morris's Order, it may be that Judge Morris did not consider the May 3, 2019 amendment to be a "direct communication between Defendant and the putative class members."  (*Id*.)

Regardless, Judge Morris was correct to conclude that no improper communication occurred.  As argued in JPay's Responsive brief, first, there can be no improper communication with a class where all so-called putative class members have expressly waived their right to participate in a class action.  (ECF No. 36. PageID 1426.)  Second, the May 3, 2019 amendment of the TOU was necessary, appropriate, and in no way interfered with the rights of any claimants.  (*Id*. at PageID 1428.)  To the extent necessary, these arguments are reasserted and adopted herein.

In sum, as to Plaintiff's allegation of improper communication, Judge Morris's order does not contain an error as the enforcement of the stay is a threshold

issue that cannot be overcome, and notwithstanding the stay, Judge Morris was correct to find no improper communication occurred.

As to Kensu's second argument, seeking to compel arbitration on behalf of non-parties under the Kensu Terms, Judge Morris correctly found that such arguments were made on behalf of non-parties, on allegations not properly pled, and therefore were not before the court. (ECF No. 38, PageID 1540.) Kensu's objection to the Order does not impugn this analysis or conclusion.

For the foregoing reasons, Judge Morris's Order denying Plaintiff's motion to compel and for corrective action should be affirmed.

## **STATEMENT OF RELEVANT FACTS**

JPay refers to its full Statement of Relevant Facts contained in its Response to Plaintiff's Motion for Corrective Action, ECF No. 36, and adopts these facts for reference. Briefly summarized, Plaintiff Kensu brought this action on April 4, 2018 asserting various claims arising from Kensu's core allegation that JPay's products and services are of deficient quality. (ECF No. 1.) JPay moved to compel arbitration pursuant to the TOU. (ECF No. 12.) Kensu filed an Amended Complaint, and JPay filed a Motion to Compel Arbitration directed at the Amended Complaint. (ECF Nos. 18, 19.)

This Court granted JPay's motion to compel on March 11, 2019. (ECF No. 27.) The Federal Arbitration Act, 9 U.S.C. § 3, requires that this action is stayed

"until such arbitration has been had…." Accordingly, Judge Cox ordered this matter "**STAYED** until the conclusion of any arbitration." (ECF No. 27.)

In April of 2019, JPay was informed by JAMS—the arbitrator named in the TOU—that it would no longer hear arbitrations brought by inmate claimants due to administrative and logistical difficulties arbitrating inmate actions. (ECF No. 29, Exhibit A.)

Effective May 3, 2019, JPay revised its TOU to remedy the failed term and select the American Arbitration Association ("AAA") as its designated arbitrator on a go-forward basis. (ECF No. 36-1, Alegre Decl. ¶ 3.) The terms of the revised TOU also changed the terms from a three-arbitrator panel to a single arbitrator, to mitigate the higher costs of AAA arbitration. Because the Court's order compelling arbitration predated the May 3, 2019 TOU, JPay agreed to permit Kensu (and *only* Kensu) to proceed with a three-arbitrator AAA panel by stipulated agreement. (ECF No. 34.)

The change in the number of arbitrators provided under the TOU was required to mitigate costs because some plaintiffs' counsels—including Kensu's counsel—would abuse JPay's arbitration provision by threating to file dozens of *de minimus* actions and demanding payments commiserate with the fees of arbitration, rather than the value of the underlying claim.

Since February 25, 2020, Kensu's counsel has sent JPay "demands" on behalf of 48 different prospective claimants.[2] Remarkably, each claimant alleges $1,000 in damages, but Kensu's counsel seeks $4,000 per claim—$48,000 for their 48 clients plus $144,000 in "attorneys' fees." (*See* Exhibit A) Presumably, the reason Kensu's counsel believes JPay will pay $4,000 for each $1,000 claim is because the cost of single-arbitrator arbitration before the AAA is $4,200.[3] Kensu's counsel is improperly pursuing a tactic of using arbitration fees to leverage JPay. This is obvious from the amounts sought in the demand letters in relation to the arbitration fees.

Even worse than the recent demand letters seeking $4,000 or single-arbitrator arbitration, Plaintiff's counsel's present motion actually wants this Court to force JPay to arbitrate all claims before a *three-arbitrator* panel, which would raise JPay's AAA fees to $9,700 per claim,[4] and correspondingly raise the "attorneys' fees"

---

[2] These 30 potential claimants are a subset of more than 70 potential claimants identified by Plaintiff's counsel.

[3] AAA's Consumer Arbitration Rules require the business to pay a $300 filing fee, $2,500 in arbitrator compensation deposits, and a $1,400 case management fee at the initiation of any one-arbitrator arbitration. *See* AAA Consumer Arbitration Rules, p. 33.

[4] AAA's Consumer Arbitration Rules require the business to pay a $425 filing fee, $7,500 in arbitrator compensation deposits, and a $1,775 case management fee at the initiation of any three-arbitrator panel arbitration. *See* AAA Consumer Arbitration Rules, p. 33.

Kensu's counsel could demand. This motion is brought in violation of the stay and seeks relief on behalf of non-parties.

## ARGUMENT

I. **RESPONSE TO OBJECTION NO. 1: THE MAGISTRATE JUDGE CORRECTLY HELD THAT THE ACTION IS STAYED AND ALTERNATIVELY FOUND THAT NO IMPROPER COMMUNICATION OCCURRED**

    A. **This Action is Subject to a Mandatory Stay Under the FAA**

Before considering the merits of Kensu's motion, Magistrate Judge Morris correctly found that this action is stayed, and that Kensu asserts no basis to lift the stay. (ECF No. 38 PageID 1536.) Accordingly, to the extent Judge Morris may have erred in considering the merits of Kensu's motion, it is of no consequence to the outcome of the Order. Consideration of the merits was *dicta*, and not outcome-determinative. (*See Id*. "Even if the Court were to lift the stay and consider the motion on the merits….").

Magistrate Judge Morris was correct to find the action is stayed pursuant to Judge Cox's March 11, 2019 order until the conclusion of Kensu's arbitration. (ECF No. 27, p. 6.) As noted in the Order, "[n]o circumstances have changed with respect to the reason for staying the case since arbitration has not yet concluded." (*Id*. at PageID 1535.)

This stay is ***mandatory*** under the FAA, 9 U.S.C. § 3, which provides "the court in which such suit is pending, upon being satisfied that the issue involved in

such suit or proceeding is referable to arbitration under such an agreement, **shall** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement…." *See also Fazio v. Lehman Bros.*, 340 F.3d 386, 392 (6th Cir. 2003) ("If a court determines that the cause of action is covered by an arbitration clause, it ***must*** stay the proceedings until the arbitration process is complete." (emphasis added)).

Critically, the reason the FAA mandates a stay is because "a compulsory arbitration provision divests the District Court of jurisdiction[.]" *Simon v. Pfizer Inc.*, 398 F.3d 765, 773 (6th Cir. 2005) (citation omitted). All arbitrable issues must be resolved before a Court may exercise jurisdiction over any remaining disputes. Plaintiff has presented no legal basis to lift the stay. Plaintiff's motion must therefore be struck or denied.

### B.  No Improper Communication Has Occurred

Even if, *arguendo*, Magistrate Judge Morris failed to consider the May 3, 2019 revision of the TOU in her analysis of potential "improper communications", Magistrate Judge Morris reached the correct conclusion in finding that no improper communications with a class occurred.

First, JPay cannot be found to have improperly communicated with a class, as all so-called putative class members have expressly waived their right to participate in class action. It is logically untenable that JPay could have communicated with a

7

class when all purported class members have expressly waived their right to pursue a class action. Plaintiff's authorities are uniformly distinguishable on the grounds that they involve actions where there was no waiver in place at the initiation of litigation, such that a putative class could be brought at that time, and defendants later attempted to modify the rights of putative class members.

For example, in *McKee v. Audible, Inc.*, No. CV 17-1941-GW(EX), 2018 WL 2422582 (C.D. Cal. Apr. 6, 2018), defendant Audible moved to compel arbitration of a putative class action, but the court found Audible's then-existing arbitration agreement was unenforceable. *Id*. at *1. While litigation was ongoing, Audible revised its arbitration agreement in a manner that remedied the prior defects, and required putative class members to agree to the now-enforceable arbitration agreement. *Id*. at *3. The court found that this communication was improper because at the inception of litigation alleged class members had the right to join a class, and thus constituted a putative class. Likewise, in *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1196 (11th Cir. 1985), the court found a defendant had acted inappropriately by soliciting class exclusions from potential class members <u>after</u> a putative class action was filed. And in *Friedman v. Intervet Inc.*, 730 F. Supp. 2d 758 (N.D. Ohio 2010), a defendant sought to obtain settlements and releases from individual putative class members while the action was pending.

These facts are in stark contrast to this matter, where at the inception of litigation all potential class members—and the named plaintiff himself—had already expressly waived the right to participate in a class action.[5]  Simply put, in Plaintiff's authorities, defendants sought to exclude members of a putative class from ongoing litigation.  Here, pre-existing waivers have precluded the existence of a class from day one of the litigation.

Second, even if JPay's actions could constitute communications with a "putative class," no relief is warranted because JPay's communications did not constitute harmful interference with any recipient's rights.  Plaintiff broadly alleges that claimant's rights were hindered when JPay amended the TOU in 2019.  But Plaintiff cannot assert any factual basis demonstrating that these amendments substantively interfered with the rights of claimants.  As the Supreme Court has determined, "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation."  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101, 101 S. Ct. 2193, 2200, 68 L. Ed. 2d 693 (1981).  Plaintiff's allegations do not meet this standard.

---

[5] There are additional facts and circumstances unique to each of Plaintiff's authorities which warrant distinction from the matter at issue before this Court.  But for simplicity, the Court need not go beyond the common distinction discussed herein.

9

Under the 2018 TOU, in effect at the time of Judge Cox's March 11, 2019 order compelling arbitration, claimants were permitted, "[i]n the event JPay is unable to resolve a complaint you may have to your satisfaction," to bring an arbitration before JAMS. (2018 TOU § 8.) However, due to no fault of JPay's, JAMS determined in April of 2019 that it would no longer hear prisoner arbitrations. Critically, any new party asserting a claim in April of 2019 would still be required to bring an arbitration, under the FAA, because 9 U.S.C. § 5 expressly provides that arbitration agreements shall be enforced even where the naming of an arbitrator lapses, and grants the court authority to name a substitute arbitrator.

JPay's May 3, 2019 amendment to the TOU substitutes AAA's Consumer Arbitration Rules in place of a three-arbitrator JAMS panel to remedy the failed term naming JAMS. The 2018 TOU and all prior versions expressly permit JPay to amend the TOU at any time. (*See* 2018 TOU Preamble.) Plaintiff does not and cannot explain how the substitution of AAA for JAMS, or three arbitrators for one, interferes with any claimants' rights. The amendment further clarified and formalized the existing pre-arbitration dispute resolution requirement, but again, Plaintiff does not and cannot explain how these amendments interfere with any substantive right.

In fact, the 2019 TOU expands the rights of claimants, as it adds a provision expressly permitting small claims court as an alternative jurisdiction for any dispute.

10

(2019 TOU § 9(a).)  Moreover, while the 2018 TOU required arbitration to occur in Miami, Florida, the 2019 revision permits arbitration in the county of claimant's correctional facility.  (2018 TOU § 8(c); 2019 TOU § 9(C).)

In sum, JPay's communication with prospective claimants was necessary to amend the selection of arbitrator, and expanded the rights of prospective claimants. There is no basis to find that the 2019 TOU improperly interfered with the rights of the non-class claimants.

## II. RESPONSE TO LACK OF FURTHER OBJECTION: PLAINTIFF MAKES NO OBJECTION TO THE MAGISTRATE JUDGE'S FINDING THAT PLAINTIFF SEEKS RELIEF ON CLAIMS NOT PROPERLY BEFORE THE COURT

Plaintiff's Motion for Corrective Action and to Compel also asks this Court, in purpose and effect, to rewrite the Stipulation setting forth the Kensu Terms to include non-party claimants.  In considering this facet of Plaintiff's argument, Magistrate Judge Morris wrote that Kensu's request is "beyond the purview of Rule 23(d) and raises entirely new claims that are not properly pleaded in this case thus far. Accordingly, the court will take no action on this request."  (ECF No. 38, PageID 1540.)  The Order correctly concluded that the Court could not grant relief on behalf of non-parties.

Even if Magistrate Judge Morris misconstrued pertinent facts regarding the timing of communications, as argued by Kensu, these communications have no bearing on the Magistrate Judge's conclusion that Plaintiff's request concerning non-

11

party claimants is not properly before the court. Accordingly, there is no basis to overturn the Order.

At present, Kensu's arbitration is ongoing, and this matter is stayed pursuant to the FAA, which divests this Court of jurisdiction during the pendency of arbitration. All non-party claimants are fully capable of bringing arbitrations under the terms of the 2019 TOU. Plaintiff is improperly asking this Court to expand the individually-negotiated Kensu Terms to non-party claimants so that Plaintiff's counsel may exert improper settlement leverage over JPay vis-à-vis the Kensu Terms, which are more expensive to JPay than arbitration under the terms of the 2019 TOU. There is no legal basis to grant Plaintiff's request.

## CONCLUSION

For the above reasons, Defendant respectfully requests that the Court strike or deny Plaintiff's motion.

Dated: March 6, 2020

Respectfully submitted,

JPAY INC.

By: */s/ Elizabeth Herrington*
MORGAN, LEWIS & BOCKIUS LLP
Elizabeth Herrington (IL#6244547)
Zachary R. Lazar (IL#6325727)
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
312-324-1000
beth.herrington@morganlewis.com

HICKEY HAUCK BISHOFF &

12

JEFFERS PLLC
Benjamin W. Jeffers (P57161)
One Woodward Avenue, Suite 2000
Detroit, MI 48226
313.964.8600
bjeffers@hhbjlaw.com

*Attorneys for Defendant*

13

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies the foregoing Opposition to Plaintiff's Motion for Corrective Action and to Compel Arbitration was filed on March 6, 2020 with the Clerk of Court using the CM/ECF system.

*/s/ Elizabeth Herrington*
Elizabeth Herrington (IL#6244547)
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
312-324-1000
beth.herrington@morganlewis.com

*Attorney for Defendant*