# Exhibit A



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

February 25, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of James Aussicker #199316

Dear Beth and Benjamin,

I write to you on behalf of James Aussicker #199316, currently incarcerated in Macomb Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, James Aussicker #199316 lost approximately $1,000 for the following reasons: loss of stored music, unable to access stored music, unable to send eMessages, and unable to access eMessages. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver.  While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver.  As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974).  Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only.  This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility.  JPay has failed to remedy the complaint for more than 30 days.  Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees.  If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

February 25, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

**Re: Complaints of Amy Black #217778**

Dear Beth and Benjamin,

I write to you on behalf of Amy Black #217778, currently incarcerated in Women's Huron Valley Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Amy Black #217778 lost approximately $1,000 for the following reasons: loss of stored music, unable to access stored music, unable to send eMessages, unable to access eMessages, attachments have been omitted, purchase issues and battery swelling issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that

matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver.  While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver.  As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974).  Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only.  This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility.  JPay has failed to remedy the complaint for more than 30 days.  Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees.  If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

February 28, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Mitchell Blancarte #259675

Dear Beth and Benjamin,

I write to you on behalf of Mitchell Blancarte #259675, currently incarcerated in Macomb Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications.   Claimant is an inmate within the Michigan Department of Corrections.   Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system.   For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI).   More specifically, Mitchell Blancarte #259675 lost approximately $1,000 for the following reasons: loss of stored music, unable to access stored music, unable to send eMessages, unable to access eMessages, attachments have been omitted and purchase issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086).   In that

matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

February 25, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Anton Blevins #772930

Dear Beth and Benjamin,

I write to you on behalf of Anton Blevins #772930, currently incarcerated in Women's Huron Valley Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Anton Blevins #772930 lost approximately $1,000 for the following reasons: battery issues and attachments have been omitted. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver. While the question of arbitration has been

resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 6, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Cornelius Brown #212722

Dear Beth and Benjamin,

I write to you on behalf of Cornelius Brown #212722, currently incarcerated in Lakeland Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Cornelius Brown #212722 lost approximately $1,000 for the following reasons: battery swelling issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver. While the question of arbitration has been

resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

February 25, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Georgette Campbell #969683

Dear Beth and Benjamin,

I write to you on behalf of Georgette Campbell #969683, currently incarcerated in Women's Huron Valley Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Georgette Campbell #969683 lost approximately $1,000 for the following reasons: unable to access stored music, purchase issues, battery swelling issues and charging issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver.  While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver.  As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974).  Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only.  This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility.  JPay has failed to remedy the complaint for more than 30 days.  Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees.  If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 6, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Jheri Campbell #513324

Dear Beth and Benjamin,

I write to you on behalf of Jheri Campbell #513324, currently incarcerated in Lakeland Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Jheri Campbell #513324 lost approximately $1,000 for the following reasons: loss of stored music, unable to access eMessages, battery swelling issues and charging issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 5, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Donjuell Chaney #234097

Dear Beth and Benjamin,

I write to you on behalf of Donjuell Chaney #234097, currently incarcerated in Lakeland Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Donjuell Chaney #234097 lost approximately $1,000 for the following reasons: loss of stored music, unable to access stored music, battery swelling issues and charging issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 5, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Atonio Cummings #246463

Dear Beth and Benjamin,

I write to you on behalf of Atonio Cummings #246463, currently incarcerated in Lakeland Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications.  Claimant is an inmate within the Michigan Department of Corrections.  Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system.  For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI).  More specifically, Atonio Cummings #246463 lost approximately $1,000 for the following reasons: unable to access eMessages, attachments have been omitted and battery swelling issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086).  In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 6, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Richard Curry #152637

Dear Beth and Benjamin,

I write to you on behalf of Richard Curry #152637, currently incarcerated in Lakeland Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Richard Curry #152637 lost approximately $1,000 for the following reasons: unable to access stored music and purchase issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver. While the question of arbitration has been

resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

February 28, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Jessica DeGroot #729477

Dear Beth and Benjamin,

I write to you on behalf of Jessica DeGroot #729477, currently incarcerated in Women's Huron Valley Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications.  Claimant is an inmate within the Michigan Department of Corrections.  Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system.  For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI).  More specifically, Jessica DeGroot #729477 lost approximately $1,000 for the following reasons: attachments have been deleted, battery swelling issues and charging issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086).  In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver.  While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver.  As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974).  Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only.  This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility.  JPay has failed to remedy the complaint for more than 30 days.  Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees.  If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 2, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Nicole Etherton #581584

Dear Beth and Benjamin,

I write to you on behalf of Nicole Etherton #581584, currently incarcerated in Women's Huron Valley Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Nicole Etherton #581584 lost approximately $1,000 for the following reasons: unable to send eMessages,unable to access eMessages and attachments have been omitted. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

February 27, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Paviel Gilmore #936378

Dear Beth and Benjamin,

I write to you on behalf of Paviel Gilmore #936378, currently incarcerated in Macomb Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications.  Claimant is an inmate within the Michigan Department of Corrections.  Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system.  For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI).  More specifically, Paviel Gilmore #936378 lost approximately $1,000 for the following reasons: loss of stored music, unable to access stored music, unable to access eMessages, attachments have been omitted and purchase issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086).  In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver.  While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver.  As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974).  Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only.  This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility.  JPay has failed to remedy the complaint for more than 30 days.  Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees.  If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 5, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Steven Graham #193576

Dear Beth and Benjamin,

I write to you on behalf of Steven Graham #193576, currently incarcerated in Lakeland Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Steven Graham #193576 lost approximately $1,000 for the following reasons: purchase issues, battery swelling issues and charging issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver. While the question of arbitration has been

resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 5, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Denson Green #264976

Dear Beth and Benjamin,

I write to you on behalf of Denson Green #264976, currently incarcerated in Lakeland Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications.   Claimant is an inmate within the Michigan Department of Corrections.   Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system.   For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI).   More specifically, Denson Green #264976 lost approximately $1,000 for the following reasons: attachments have been omitted and battery swelling issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086).   In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver.   While the question of arbitration has been

resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

**COMPLEX LITIGATION ATTORNEYS**

March 5, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

**Re: Complaints of Marcus Greenlee #209609**

Dear Beth and Benjamin,

I write to you on behalf of Marcus Greenlee #209609, currently incarcerated in Lakeland Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Marcus Greenlee #209609 lost approximately $1,000 for the following reasons: battery swelling issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver. While the question of arbitration has been

resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 3, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Nolan Hall #204275

Dear Beth and Benjamin,

I write to you on behalf of Nolan Hall #204275, currently incarcerated in Lakeland Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications.   Claimant is an inmate within the Michigan Department of Corrections.   Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system.  For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI).  More specifically, Nolan Hall #204275 lost approximately $1,000 for the following reasons: unable to access eMessages, battery swelling issues and attachments have been omitted. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086).  In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver.  While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver.  As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974).  Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only.  This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility.  JPay has failed to remedy the complaint for more than 30 days.  Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees.  If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 4, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Lawanda Hampton #242913

Dear Beth and Benjamin,

I write to you on behalf of Lawanda Hampton #242913, currently incarcerated in Women's Huron Valley Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications.  Claimant is an inmate within the Michigan Department of Corrections.  Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system.  For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI).  More specifically, Lawanda Hampton #242913 lost approximately $1,000 for the following reasons: battery swelling and charging issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086).  In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver.  While the question of arbitration has been

resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

February 27, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Stephen Haskins #142105

Dear Beth and Benjamin,

I write to you on behalf of Stephen Haskins #142105, currently incarcerated in Macomb Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Stephen Haskins #142105 lost approximately $1,000 for the following reasons: battery issues and attachments have been omitted. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver. While the question of arbitration has been

resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



Excolo Law, PLLC
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 6, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Ursula Heard #216080

Dear Beth and Benjamin,

I write to you on behalf of Ursula Heard #216080, currently incarcerated in Women's Huron Valley Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications.   Claimant is an inmate within the Michigan Department of Corrections.   Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system.   For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI).   More specifically, Ursula Heard #216080 lost approximately $1,000 for the following reasons: loss of stored music, unable to send eMessages, unable to access eMessages, attachments have been omitted and charging issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086).   In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver.  While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver.  As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974).  Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only.  This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility.  JPay has failed to remedy the complaint for more than 30 days.  Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees.  If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

February 27, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of DeWayne Herman #294521

Dear Beth and Benjamin,

I write to you on behalf of DeWayne Herman #294521, currently incarcerated in Macomb Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, DeWayne Herman #294521 lost approximately $1,000 for the following reasons: loss of stored music, unable to access eMessages, and attachments have been omitted. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 6, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Retta Huggins #244482

Dear Beth and Benjamin,

I write to you on behalf of Retta Huggins #244482, currently incarcerated in Women's Huron Valley Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Retta Huggins #244482 lost approximately $1,000 for the following reasons: charging issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver. While the question of arbitration has been

resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

February 27, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Jalen Hughbanks #759564

Dear Beth and Benjamin,

I write to you on behalf of Jalen Hughbanks #759564, currently incarcerated in Macomb Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Jalen Hughbanks #759564 lost approximately $1,000 for the following reasons: loss of stored music, battery issues and attachments have been omitted. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 6, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of James Vernon Hughes #381424

Dear Beth and Benjamin,

I write to you on behalf of James Vernon Hughes #381424, currently incarcerated in Lakeland Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, James Vernon Hughes #381424 lost approximately $1,000 for the following reasons: loss of stored music, unable to access stored music, unable to send eMessages, unable to access eMessages, attachments have been omitted, purchase issues, battery swelling issues and charging issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that

matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 5, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Joe Jackson #160762

Dear Beth and Benjamin,

I write to you on behalf of Joe Jackson #160762, currently incarcerated in Lakeland Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Joe Jackson #160762 lost approximately $1,000 for the following reasons: battery swelling issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver. While the question of arbitration has been

resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.


Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 4, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Eddie Jones III #308388

Dear Beth and Benjamin,

I write to you on behalf of Eddie Jones III #308388, currently incarcerated in Lakeland Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Eddie Jones III #308388 lost approximately $1,000 for the following reasons: unable to send eMessages, unable to access eMessages, attachments have been omitted and battery swelling issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver.  While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver.  As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974).  Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only.  This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility.  JPay has failed to remedy the complaint for more than 30 days.  Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees.  If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 2, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Moses Kirschke #384285

Dear Beth and Benjamin,

I write to you on behalf of Moses Kirschke #384285, currently incarcerated in Lakeland Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Moses Kirschke #384285 lost approximately $1,000 for the following reasons: purchase issues, unable to send eMessages, unable to access eMessages and attachments have been omitted. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



Excolo Law, PLLC
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 4, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Shawn-Michael Levan #839054

Dear Beth and Benjamin,

I write to you on behalf of Shawn-Michael Levan #839054, currently incarcerated in Lakeland Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications.   Claimant is an inmate within the Michigan Department of Corrections.   Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system.  For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI).  More specifically, Shawn-Michael Levan #839054 lost approximately $1,000 for the following reasons: loss of stored music, unable to access stored music, attachments have been omitted and battery swelling issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086).  In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver.  While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver.  As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974).  Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only.  This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility.  JPay has failed to remedy the complaint for more than 30 days.  Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees.  If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 3, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Lawrence Lowe-Bey #137849

Dear Beth and Benjamin,

I write to you on behalf of Lawrence Lowe-Bey #137849, currently incarcerated in Lakeland Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Lawrence Lowe-Bey #137849 lost approximately $1,000 for the following reasons: purchase issues, unable to access eMessages, battery swellinh issues, loss of stored music and unable to access stored music. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver.  While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver.  As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974).  Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only.  This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility.  JPay has failed to remedy the complaint for more than 30 days.  Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees.  If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 4, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Tracy Martin #172124

Dear Beth and Benjamin,

I write to you on behalf of Tracy Martin #172124, currently incarcerated in Lakeland Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Tracy Martin #172124 lost approximately $1,000 for the following reasons: attachments have been omitted and battery swelling issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver. While the question of arbitration has been

resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 4, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Robert Moore #203977

Dear Beth and Benjamin,

I write to you on behalf of Robert Moore #203977, currently incarcerated in Lakeland Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Robert Moore #203977 lost approximately $1,000 for the following reasons: loss of stored music, unable to access stored music, unable to send eMessages, unable to access eMessages, attachments have been omitted, purchase issues and battery swelling issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that

matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

February 28, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Robert Moore #873720

Dear Beth and Benjamin,

I write to you on behalf of Robert Moore #873720, currently incarcerated in Macomb Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications.   Claimant is an inmate within the Michigan Department of Corrections.   Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system.   For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI).   More specifically, Robert Moore #873720 lost approximately $1,000 for the following reasons: loss of stored music, unable to access stored music, unable to send eMessages, unable to access eMessages, attachments have been omitted and purchase issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086).  In that

matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver.  While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver.  As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974).  Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only.  This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility.  JPay has failed to remedy the complaint for more than 30 days.  Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees.  If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 3, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Amy Nowak #191751

Dear Beth and Benjamin,

I write to you on behalf of Amy Nowak #191751, currently incarcerated in Women's Huron Valley Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Amy Nowak #191751 lost approximately $1,000 for the following reasons: loss of stored music, unable to access eMessages, purchase issues, battery swelling issues, charging issues and attachments have been omitted. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver.  While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver.  As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974).  Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only.  This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility.  JPay has failed to remedy the complaint for more than 30 days.  Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees.  If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

February 25, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Nicole Price #238246

Dear Beth and Benjamin,

I write to you on behalf of Nicole Price #238246, currently incarcerated in Women's Huron Valley Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Nicole Price #238246 lost approximately $1,000 for the following reasons: unable to send eMessages, attachments have been deleted, battery swelling issues, and charging issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver.  While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver.  As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974).  Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only.  This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility.  JPay has failed to remedy the complaint for more than 30 days.  Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees.  If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 3, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Dominiqua Pye #337715

Dear Beth and Benjamin,

I write to you on behalf of Dominiqua Pye #337715, currently incarcerated in Women's Huron Valley Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications.   Claimant is an inmate within the Michigan Department of Corrections.   Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system.  For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI).   More specifically, Dominiqua Pye #337715 lost approximately $1,000 for the following reasons: unable to send eMessages, unable to access eMessages attachments, purchase issues and attachments have been omitted. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086).  In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



Excolo Law, PLLC
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 4, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Phillip Reed #517268

Dear Beth and Benjamin,

I write to you on behalf of Phillip Reed #517268, currently incarcerated in Lakeland Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Phillip Reed #517268 lost approximately $1,000 for the following reasons: unable to access eMessages, attachments have been omitted, battery swelling issues and charging issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

February 25, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Michael Scott #240464

Dear Beth and Benjamin,

I write to you on behalf of Michael Scott #240464, currently incarcerated in Macomb Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Michael Scott #240464 lost approximately $1,000 for the following reasons: loss of stored music, unable to access stored music, unable to send eMessages, unable to access eMessages, attachments have been omitted, and purchase issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that

matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

February 27, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Clifton Shortie #707443

Dear Beth and Benjamin,

I write to you on behalf of Clifton Shortie #707443, currently incarcerated in Macomb Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Clifton Shortie #707443 lost approximately $1,000 for the following reasons: loss of stored music, unable to access stored music, unable to send eMessages, unable to access eMessages, attachments have been omitted, battery issues and purchase issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that

matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 2, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Alexis Smith #311169

Dear Beth and Benjamin,

I write to you on behalf of Alexis Smith #311169, currently incarcerated in Michigan Reformatory, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Alexis Smith #311169 lost approximately $1,000 for the following reasons: unable to access stored music, unable to send eMessages, unable to access eMessages, attachments have been deleted, purchase issues and charging issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 2, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Bernice Starks #206771

Dear Beth and Benjamin,

I write to you on behalf of Bernice Starks #206771, currently incarcerated in Women's Huron Valley Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Bernice Starks #206771 lost approximately $1,000 for the following reasons: unable to send eMessages, unable to access eMessages and attachments have been omitted. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 2, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Kim Staton #188237

Dear Beth and Benjamin,

I write to you on behalf of Kim Staton #188237, currently incarcerated in Women's Huron Valley Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Kim Staton #188237 lost approximately $1,000 for the following reasons: loss of stored music, unable to access stored music, attachments have been omitted and battery swelling issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 3, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Kelly Stock #260350

Dear Beth and Benjamin,

I write to you on behalf of Kelly Stock #260350, currently incarcerated in Women's Huron Valley Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Kelly Stock #260350 lost approximately $1,000 for the following reasons: unable to send eMessages, unable to access eMessages, attachments have been omitted, purchase issues, battery swelling issues and charging issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



Excolo Law, PLLC
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

February 27, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Ernest Taylor #976391

Dear Beth and Benjamin,

I write to you on behalf of Ernest Taylor #976391, currently incarcerated in Macomb Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Ernest Taylor #976391 lost approximately $1,000 for the following reasons: loss of stored music, unable to send eMessages, unable to access eMessages, and attachments have been omitted. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

February 28, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Ed Thomas #807055

Dear Beth and Benjamin,

I write to you on behalf of Ed Thomas #807055, currently incarcerated in Macomb Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Ed Thomas #807055 lost approximately $1,000 for the following reasons: loss of stored music, unable to access stored music, charging issues, battery issues and attachments have been omitted. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

**COMPLEX LITIGATION ATTORNEYS**

February 28, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

**Re: Complaints of Robert Thomas #589330**

Dear Beth and Benjamin,

I write to you on behalf of Robert Thomas #589330, currently incarcerated in Macomb Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Robert Thomas #589330 lost approximately $1,000 for the following reasons: loss of stored music, unable to access stored music, unable to access eMessages, attachments have been omitted and purchase issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

February 28, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Cameron Tietz #827870

Dear Beth and Benjamin,

I write to you on behalf of Cameron Tietz #827870, currently incarcerated in Macomb Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications.   Claimant is an inmate within the Michigan Department of Corrections.   Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system.  For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI).  More specifically, Cameron Tietz #827870 lost approximately $1,000 for the following reasons: loss of stored music, unable to access stored music, unable to send eMessages, unable to access eMessages and purchase issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086).  In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter

and there was a class action waiver. While the question of arbitration has been resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

**COMPLEX LITIGATION ATTORNEYS**

March 3, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Jeffrey Watts #554960

Dear Beth and Benjamin,

I write to you on behalf of Jeffrey Watts #554960, currently incarcerated in Macomb Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications.  Claimant is an inmate within the Michigan Department of Corrections.  Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system.  For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI).  More specifically, Jeffrey Watts #554960 lost approximately $1,000 for the following reasons: unable to access eMessages and attachments have been omitted. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086).  In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver.  While the question of arbitration has been

resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant



**Excolo Law, PLLC**
26700 Lahser Road, Suite 401
Southfield, Michigan 48033
T: 866.9.EXCOLO (866.939.2656)
F: 248.436.6858

**Keith L. Altman**
Direct: 248.291.9705
E-mail: kaltman@excololaw.com

March 2, 2020

Elizabeth Herrington, Esq.
Morgan Lewis & Bockius
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601

Benjamin W. Jeffers, Esq.
Hickey Hauck Bishoff & Jeffers
One Woodward Avenue, Suite 2000
Detroit, MI 48226

### Re: Complaints of Chana Woods #977055

Dear Beth and Benjamin,

I write to you on behalf of Chana Woods #977055, currently incarcerated in Women's Huron Valley Correctional Facility, who has a dispute with JPay over the provision of products and services related to MP3 players, music, games, and e-mail communications. Claimant is an inmate within the Michigan Department of Corrections. Although Claimant is a member of the putative class identified in Kensu v. Jpay (2:18-cv-11086, E.D.MI), Claimant opts to pursue their own individual remedies at this time.

Plaintiff has lost money due to serious deficiencies in the JPay system. For more details of the general nature of the losses, Plaintiff refers JPay to the Allegations in Kensu v. JPay (2:18-cv-11086, E.D.MI). More specifically, Chana Woods #977055 lost approximately $1,000 for the following reasons: loss of stored music and purchase issues. The actual money lost is to be determined based upon records that are exclusively in the possession of JPay.

As you are aware, Temujin Kensu filed a case on behalf of himself and all others similarly situated in the Eastern District of Michigan (2:18-cv-11086). In that matter, JPay took the position that Plaintiff would be required to arbitrate the matter and there was a class action waiver. While the question of arbitration has been

resolved, there is still the question of whether there is an enforceable class action waiver. As such, it is our position that the above client's individual claims have been tolled in accordance with *American Pipe & Construction v. Utah*, 414 U.S. 538, 553 (1974). Tolling will remain in effect until the question of the class action waiver is resolved.

While there are unresolved questions concerning whether there is to be a one arbitrator panel or a three arbitrator panel, we will agree to allow AAA to decide this issue for this Claimant only. This concession is not a waiver of the issue for any other Claimant.

Furthermore, this Claimant informed Jpay of the dispute on more than one occasion through the kiosk system which is in place in their facility. JPay has failed to remedy the complaint for more than 30 days. Thus, arbitration is ripe for Claimant even under the May, 2019 terms which you claim apply to this Claimant- a fact which is disputed.

In the event that Jpay is interested in resolving this matter, we will be willing to resolve the matter for $1,000 to the client, subject to Jpay showing that the client spent less money with Jpay plus $3,000 in attorneys' fees. If Jpay does not resolve the claim within 14 days, Claimant will file an arbitration with AAA.

Sincerely,

/s/ Keith Altman

Excolo Law, PLLC

Attorney for Claimant