UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Temujin Kensu,

    Plaintiff,

v.                                            Case No. 18-11086

JPay, Inc.,                               Sean F. Cox
                                                  United States District Court Judge

    Defendant.
_____/

## ORDER OVERRULING OBJECTIONS (ECF No. 40) TO MAGISTRATE JUDGE MORRIS'S ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR CORRECTIVE ACTION

On March 11, 2019, the Court stayed this case pending the conclusion of arbitration. (ECF No. 27) (adopting Magistrate Judge Patricia T. Morris's October 22, 2018 Report and Recommendation over Plaintiff's objections).

On May 28, 2019, Plaintiff filed a motion to lift the stay, arguing that, because JAMS (the arbitrator contemplated in the arbitration agreement) had refused to arbitrate, the Court should determine the validity of the arbitration agreement. (ECF No. 28). Judge Morris held a hearing on this motion, at which the parties indicated that they could resolve the motion themselves. Judge Morris continued the hearing and, ultimately, entered a Stipulated Order that resolved the motion. (ECF No. 34). The Stipulated Order provided that Plaintiff would submit this dispute to the American Arbitration Association ("AAA"), using AAA's Consumer Arbitration Rules before a panel of three arbitrators. (ECF No. 134, PageID 1338).

1

On December 10, 2019, Plaintiff filed a motion for corrective action and to compel arbitration. (ECF No. 35). Plaintiff states that, on August 26, 2019, he provided Defendant with eight additional claimants seeking to arbitrate their claims pursuant to the Stipulated Order. Defendant allegedly agreed to arbitrate these claims under the so-called "Kensu terms." On September 20, 2019, Plaintiff provided nineteen more claimants who sought to arbitrate their claims under the Kensu terms.

This time, Defendant did not agree to arbitrate the new claims under the Kensu terms. Defendants replied that "[i]f the nineteen prospective claimants . . . they must do so in accordance with the most recent Terms of Service and Warranty Policy to which each prospective claimant has agreed." (ECF No. 35, PageID 1351). This position indicates that Defendants recently changed its Terms of Service and Warranty Policy in a way that Plaintiff believes is adverse to the rights of putative class members. Accordingly, Plaintiff's motion asked the Court to enter an order "forbidding [Defendant] from communicating with the putative class in any way that affects their rights, instructing [Defendant] that changes to the terms in the agreements are null and void, and allowing all putative members of the class to arbitrate their claims under the terms that were in effect [at] the time Defendant substituted AAA (the Kensu Terms)." (ECF No. 35, PageID 1353).

Defendant responded, arguing that the Court should strike Plaintiff's motion because this action is stayed. (ECF No. 36, PageID 1424-1425). In the alternative, Defendant argued that it had not improperly contacted any putative class member. (ECF No. 36, PageID 1425-1430).

On February 7, 2020, Judge Morris denied Plaintiff's motion for corrective action and to compel arbitration. (ECF No. 38). Noting that Defendant's response "first raises the question of whether this Court may even rule on any motions . . . because the case has been stayed until

arbitration is concluded," Judge Morris concluded that the Court should "refrain from acting" and that "the stay will not be lifted." (ECF No. 38, PageID 1534-1536). Judge Morris's conclusion regarding the impropriety of lifting the stay was an independently sufficient basis for her to deny Plaintiff's motion.

Judge Morris also concluded that, "[e]ven if the Court were to lift the stay and consider the motion on the merits," she would deny the motion because "Plaintiff has not made the necessary showing to justify curtailing Defendant's speech," and because Plaintiff's request compel Defendant to arbitrate other disputes under the Kensu terms "rais[ed] entirely new claims that are not properly pleaded in this case thus far." (ECF No. 38, PageID 1536-1540).

On February 21, 2020, Plaintiff filed one objection to Judge Morris's February 7, 2020 Order. (ECF No. 40). Plaintiff argues that Magistrate Judge Morris "erred because she based her reasoning for denying Plaintiff's motion after misconstruing the pertinent facts." (ECF No. 41).

A district court judge may designate a magistrate judge to hear and determine pretrial matters pursuant to 28 U.S.C. §636(b)(1). When a magistrate judge hears and determines a non-dispositive motion (i.e., one that is not enumerated in §636(b)(1)(A)), the district judge to whom the case is assigned may reconsider the order addressing that motion "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also* Fed. R. Civ. P. 72.

As Defendant notes in its response, Plaintiff's objection does not address Judge Morris's conclusion regarding the impropriety of lifting the pending stay. This conclusion was an independently sufficient basis to deny the motion. Regardless of whether Judge Morris was correct on the merits (which Plaintiff disputes), Plaintiff does not contest her conclusions that "lifting the

3

stay is not advisable under these circumstances" or that "lifting the stay would only serve to undermine [its] purpose." (ECF No. 38, PageID 1535, 1536). Accordingly, the Court concludes that this action remains **STAYED; OVERRULES** Plaintiff's objection to Judge Morris's Report and Recommendation; and **DENIES** Plaintiff's motion.

    **IT IS SO ORDERED.**

                                                          s/Sean F. Cox
                                                          Sean F. Cox
                                                          United States District Judge

Dated: April 10, 2020